UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:09-cv-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## VOCALSPACE, LLC'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Plaintiff/Counter-Defendant VocalSpace, LLC, files this Motion to Dismiss and, in support thereof, respectfully shows as follows:

### I.

### INTRODUCTION

Many of Defendant Lorenzo's counterclaims should be dismissed. As specified below, the counterclaims are either improperly pleaded or barred by statutes of limitations. Therefore, pursuant to Rules 9(b) and/or 12(b)(6), dismissal is warranted.

Defendant Lorenso's fraud, fraudulent concealment, negligent misrepresentation and statutory fraud claims (the "fraud-based counterclaims") should each be dismissed. Each of these counterclaims, as pleaded, is fatally defective for lack of an essential element. The counterclaims appear—from Defendant Lorenso's pleading—to rest upon unclear allegations about the timing of an investment deal between VocalSpace and a third-party and the tax consequences of that deal to Defendant Lorenso. The Counterclaims do not specify what, if any, knowledge about the deal was withheld, and they do not elaborate how the deal impacted

Defendant Lorenso's taxes or what role VocalSpace played with respect to taxes. With respect to the fraud and fraudulent concealment counterclaims, Defendant Lorenso has failed to allege that VocalSpace knew any representation was false or made a representation recklessly, without knowledge of its truth and as a positive assertion. Defendant Lorenso's statutory fraud counterclaim similarly fails because it does not identify a false representation of fact or a false promise. Also, Defendant Lorenso's negligent misrepresentation counterclaim fails because he does not allege that VocalSpace did not exercise reasonable care or competence in obtaining or communicating information. Accordingly, Defendant Lorenso's fraud-based counterclaims and negligent misrepresentation counterclaim are fatally defective and should be dismissed.

Also, Defendant Lorenso's breach of contract, promissory estoppel, fraud-based, negligent misrepresentation, conversion and unjust enrichment counterclaims should be dismissed because they are time barred. The applicable statute of limitations for the breach of contract, promissory estoppel, fraud, fraudulent concealment and statutory fraud counterclaims is four years. Further, the statute of limitations for the negligent misrepresentation, conversion and unjust enrichment counterclaims is two years. Based on the allegations in Defendant Lorenso's pleading, the counterclaims accrued, at the latest, in January 2006. However, these claims were not made until February 12, 2010. Therefore, they are time barred and should be dismissed.

## II.

## **FACTUAL AND PROCEDURAL HISTORY**

VocalSpace is a small, closely-held company that paid Defendant Lorenso hundreds of thousands of dollars to assist with developing, creating and maintaining a highly-sensitive codebase ("Code") that is the foundation for VocalSpace's entire product-line. VocalSpace owns all right, title and interest in and to the Code and any subsequently revised versions, as well

as any copyrights relating to the Code and products. VocalSpace trusted Defendant Lorenso with the secrets of the company, granting Defendant Lorenso access to confidential and proprietary information in connection with his employment with VocalSpace, including codebase databases, customer and licensee lists, sales, future product and work-in-progress information, company records, salary and compensation information, price lists and pricing information. He was at all times a fiduciary of the company and trusted by VocalSpace to maintain and safeguard company secrets.

Defendant Lorenso abused his position of trust within the company to gain access to and steal this information, including the Code, to open a competing venture, Larkspark. Defendant Larkspark offers products and services that are identical to the VocalSpace product-line. This is not surprising—Defendant Larkspark's "products" are derived from versions of VocalSpace's Code, a fact that Defendant Lorenso does not deny. Defendant Larkspark now competes directly against VocalSpace and Defendant Lorenso has brazenly begun soliciting VocalSpace's customers and licensees, often under fictitious names, in order to steal VocalSpace's business.

VocalSpace initiated this action against Defendants on July 23, 2009. Doc. No. 1. Defendants filed their own Motion to Dismiss on August 31, 2009. Doc. No. 11. On January 29, 2010, the Motion to Dismiss was denied. Doc. No. 25. On February 12, 2010, Defendants filed their Answer and Defendant Lorenso filed his Counterclaims. Doc. No. 26.

In Defendant Lorenso's Counterclaims, he alleges that "VocalSpace promised Lorenso a salary increase, bonus and 10% ownership interest in VocalSpace." Doc. No. 26, ¶ 7. He also claims that on or about July 29, 2005, VocalSpace sent him a "Commitment Letter" that changed the terms of the agreement. *Id*., ¶ 8. He also claims that VocalSpace delayed delivery of the ownership interest while VocalSpace closed an investment deal with a third party, Transcosmos.

*Id.*, ¶ 9. Subsequently, he alleges, he was provided documents related to his exercising stock options in January 2006. *Id.*, ¶ 10. He claims that this series of events provides the basis for his breach of contract, promissory estoppel, fraud-based, negligent misrepresentation, conversion, and unjust enrichment counterclaims.

### III.

### ARGUMENT AND AUTHORITIES

A.  **Pleading Standards Under Rule 9(b)**

Fraud claims are subject to the pleading requirements of Rule 9(b). *See Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir.2002); *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.1997). A heightened level of pleading is imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[Courts] interpret Rule 9(b) strictly, requiring a [claimant] pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir.2002) (internal quotations omitted). Put simply, Rule 9(b) requires the complaint to set forth "the who, what, when, where, and how" of the events at issue. *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir.2002) (internal quotations omitted).

"Although Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir.1994). "The plaintiffs must set forth specific facts supporting an inference of fraud." *Id*. "If the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief.

However, this luxury must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338-339 (5th Cir. 2008).

**B.     The Standard for Dismissal Under Rule 12(b)(6)**

Dismissal is proper if the Counterclaim lacks an allegation regarding a required element necessary to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Also, a statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like. *Kansa Reinsurance v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994).

**C.     Defendant Lorenso's Fraud-based and Negligent Misrepresentation Counterclaims Should Be Dismissed Because They are Improperly Pleaded**

    **1.     Defendant Lorenso's Fraud-based Counterclaims Should be Dismissed**

Defendant Lorenso's fraud-based counterclaims should be dismissed because he fails to allege an essential element of these counterclaims. To maintain a fraud cause of action, Defendant Lorenso must allege that VocalSpace (1) made a material representation, (2) was false when made, (3) knew the representation was false, or made it recklessly without knowledge of its truth and as a positive assertion, (4) made the representation with the intent that plaintiffs should act upon it, and (5) Lorenso acted in reliance upon it and suffered injury as a result. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 322 (5th Cir. 2002); *Beijing Metals & Minerals Imp./Exp. Corp. v. Am. Bus. Ctr. Inc.*, 993 F.2d 1178, 1185 (5th Cir.

1993). Defendant Lorenso's fraud-based counterclaims should be dismissed because he has failed to plead that VocalSpace acted with the requisite knowledge.

Defendant Lorenso's fraud-based and negligent misrepresentation counterclaims are supported by the following allegations:

> Dryburgh falsely represented in the July 29 Commitment Letter that VocalSpace would have its attorney begin work on agreements for the option for 10% ownership stake. VocalSpace never intended to comply with this promise at the time it was made. Alternatively, Dryburgh failed to disclose that the attorney would take months to complete the agreements or that the agreements would have materially different terms than the Commitment Letter.

Doc. No. 26, ¶ 45. Defendant Lorenso also alleges as follows in support of the claims:

> VocalSpace withheld the timing of the Transcosmos deal and failed to disclose that Lorenso would incur a large tax burden if he was given a 10% ownership interest after the Transcosmos deal closed.

Doc. No. 26, ¶ 46.

These allegations do not fulfill the knowledge requirements of Rule 9(b). Furthermore, none of Defendant Lorenso's other allegations in the Counterclaims suffice to fulfill the knowledge requirement. The allegations do not indicate whether anyone at VocalSpace knew when or if the Transcosmos deal would close. Further, they do not indicate that anyone at VocalSpace knew how long the preparation of the legal documents related to Defendant Lorenso's ownership stake would take. Furthermore, his bizarre claim related to taxes is not a proper basis for a fraud claim. It seems to imply that VocalSpace had a duty to inform Lorenso that he was required to pay taxes, which it does not. For these reasons, Defendant Lorenso's fraud-based counterclaims should be dismissed.

### 2. Defendant Lorenso's Negligent Misrepresentation Counterclaim Should Be Dismissed

Defendant Lorenso's negligent misrepresentation counterclaim should also be dismissed because he fails to allege an essential element. The Fifth Circuit has found negligent

misrepresentations claims subject to Rule 9(b) in the same manner as fraud claims. *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (evaluating negligent misrepresentation in the same manner as fraud in part because both were "based on the same set of alleged facts"); *see also Biliouris v. Sundance Res., Inc.*, 559 F.Supp.2d 733, 737 (N.D. Tex. 2008) (dismissing negligent misrepresentation claim that was based on the same operative facts as an insufficient fraud claim). Further, failure to plead enough facts to state a claim that is plausible on its face for negligent misrepresentation warrants dismissal of the claim. *Vikon Intern., Inc. v. Sensorlogic, Inc.*, Civil Action No. 3:08-CV-1942-L, 2009 WL 2474669, *6 (N.D. Tex. August 12, 2009). To recover for negligent misrepresentation, Defendant Lorenso must allege that (1) VocalSpace made a representation in the course of his business, or in a transaction in which he had a pecuniary interest, (2) VocalSpace supplied false information for the guidance of others in their business, (3) VocalSpace did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 318 (5th Cir. 2002); *First Nat'l Bank of Durant v. Trans Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1998) (citing *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). Accordingly, Defendant Lorenso's negligent misrepresentation counterclaim should be dismissed for the same reasons as his fraud-based counterclaims and because he has not pleaded enough facts to properly state the counterclaim.

The negligent misrepresentation counterclaim is based on the very same allegations that provide the basis for the fraud and fraudulent concealment counterclaims. Rather than repeat those allegations and arguments set forth above verbatim, they are incorporated by reference as if fully set forth herein. Additionally, the Counterclaim wholly fails to allege that VocalSpace did

not exercise reasonable care or competence in obtaining or communicating any information to Lorenso. Thus, the negligent misrepresentation counterclaim should be dismissed.

### D. Defendant Lorenso's Breach of Contract, Promissory Estoppel, Fraud-based, Negligent Misrepresentation, Conversion and Unjust Enrichment Counterclaims Should be Dismissed Because They are Time Barred

#### 1. Defendant Lorenso's Breach of Contract and Promissory Estoppel Claims Should be Dismissed

Defendant Lorenso's breach of contract and promissory estoppel counterclaims should be dismissed because they are time barred. The statute of limitations for Defendant Lorenso's breach of contract and promissory estoppel counterclaims is four years. *Geraghty and Miller, Inc. v. Conoco Inc.*, 234 F.3d 917, 931 (5th Cir. 2000) (breach of contract); *A.I. Credit Corp. v. Thomas*, 201 Fed.Appx. 232, 235 (5th Cir. 2006) (promissory estoppel). The counterclaims are based upon VocalSpace's alleged promise to provide Lorenso 10% ownership in the company. Doc No. 26, ¶¶ 33 and 38. The counterclaims therefore accrued, at the latest, in January 2006, when Defendant Lorenso claims he was provided documents related to the exercise of options for stock in VocalSpace that did not conform to the alleged promise. *Id.*, ¶ 10. Since the Counterclaims were not filed until February 12, 2010, the breach of contract and promissory estoppel counterclaims were, without a doubt, untimely filed. Therefore, the counterclaims should be dismissed.

#### 2. Defendant Lorenso's Fraud-based Counterclaims Should be Dismissed

Defendant Lorenso's fraud-based counterclaims, including his common law fraud, fraudulent concealment, and statutory fraud counterclaims, should also be dismissed because they are time barred. The statute of limitations for these claims is also four years. *Geraghty and Miller, Inc.*, 234 F.3d at 931. Like the breach of contract and promissory estoppel claims, these claims are based upon representations surrounding VocalSpace's alleged provision of a 10%

ownership stake to Lorenso. Doc. No. 26, ¶¶ 45 and 52. Therefore, they also accrued, at the latest, in January 2006, when Defendant Lorenso received the documents related to the stock options. Since the Counterclaims were not filed until February 12, 2010, the fraud-based counterclaims are time barred and should be dismissed.

### 3. Defendant Lorenso's Negligent Misrepresentation Counterclaim Should be Dismissed

Defendant Lorenso's negligent misrepresentation counterclaim should also be dismissed since it is time barred. The statute of limitations for this claim is two years. *Geraghty and Miller, Inc.*, 234 F.3d at 931. This claim, again, is based upon representations surrounding VocalSpace's alleged provision of a 10% ownership stake to Lorenso. Doc. No. 26, ¶ 45. Therefore, it also accrued, at the latest, in January 2006, when Defendant Lorenso received the documents related to the stock options. Since the Counterclaims were not filed until February 12, 2010, the negligent misrepresentation counterclaim is time barred and should be dismissed.

### 4. Defendant Lorenso's Conversion Counterclaim Should be Dismissed

Defendant Lorenso's conversion counterclaim should also be dismissed to the extent it is time barred. The statute of limitations for this claim is two years. Clower v. Wells Fargo Bank, N.A., Civil Action No. 2:07-CV-510 (TJW), 2009 WL 3083814, *2 (E.D. Tex. September 23, 2009). The claim is based upon the broad allegation that:

> VocalSpace wrongfully exercised dominion over the Lorenso Code by entering into contracts with other entities purporting to transfer certain exclusive rights to use the Lorenso Code. VocalSpace has also represented that it is the sole owner of portions of Lorenso Code.

Doc. No. 26, ¶ 54. Therefore, it also accrued when Defendant Lorenso learned of the alleged contracts and representations. Since the Counterclaims were not filed until February 12, 2010, any conversion counterclaim based upon contracts or representations Lorenso learned of prior to February 12, 2008, is time barred and should be dismissed.

## 5. Defendant Lorenso's Unjust Enrichment Counterclaim Should be Dismissed

Defendant Lorenso's unjust enrichment counterclaim should also be dismissed to the extent it is time barred. The statute of limitations for this claim is two years. *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869 (Tex.2007). The counterclaim is based upon VocalSpace's alleged failure to provide a 10% interest in the company. Doc. No. 26, ¶ 61. The counterclaim is also based upon VocalSpace's representations that it is the owner of "Lorenso's intellectual property." *Id.*, ¶ 60. Therefore, it accrued, at the latest, in January 2006—when Defendant Lorenso received the documents related to the stock options—or when Lorenso learned of the alleged representations. Since the Counterclaims were not filed until February 12, 2010, any unjust enrichment counterclaim based upon representations Lorenso learned of prior to February 12, 2008, is time barred and should be dismissed. Further, any unjust enrichment counterclaim based upon the failure to deliver 10% ownership of VocalSpace to Lorenso is also time barred and should be dismissed.

## III.

## CONCLUSION.

For the foregoing reasons, many of Defendant Lorenso's counterclaims should be dismissed. His fraud-based counterclaims and negligent misrepresentation counterclaims fail to properly plead the required knowledge. Additionally, his breach of contract, conversion, promissory estoppel, unjust enrichment, fraud-based and negligent misrepresentation counterclaims are all untimely. Therefore, these claims should be dismissed pursuant to Rules 9(b) and/or 12(b)(6).

Respectfully submitted,

/s/ Neal G. Massand
Brian A. Colao
Texas Bar No. 00793528
bcolao@dykema.com
Neal Massand
Texas Bar. No. 24039038
nmassand@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 2400
Dallas Texas 75201
(214) 462-6400 - Telephone
(214) 462-6401 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 12, 2010. Any other counsel of record will be served by First Class U.S. Mail on this same date.


/s/ Neal G. Massand
Neal G. Massand