IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC | § § § | |
| Plaintiff, | § § § § | |
| | § § | Civil Action No. 4-09-CV-00350 |
| DANIEL D. LORENSO and LARKSPARK CORPORATION | § § § § | |
| Defendants. | § | |

### DEFENDANTS' RESPONSE TO VOCALSPACE, LLC'S MOTION TO DISMISS

Defendants Daniel D. Lorenso and Larkspark Corporation ("Defendants" or "Counter-Plaintiffs"), respond to VocalSpace, LLC's ("VocalSpace," "Plaintiff," or "Counter-Defendant") motion to dismiss and asks that the Court deny Plaintiff's motion for the reasons below.

## I.
### INTRODUCTION

Plaintiff has moved for a dismissal of several of Defendant Lorenso's counterclaims based on Fed. R. Civ. P. 9(b) and 12(b)(6). However, as Defendant Lorenso establishes below, the counterclaims are properly pled and fall within the requisite statute of limitations, and therefore, should be not be dismissed.

Defendant Lorenso's fraud, fraudulent concealment, negligent misrepresentation and statutory fraud claims were properly pled, stating with particularity that a material misrepresentation was made with regards to VocalSpace's intention to grant Lorenso an

ownership interest in the company, that Lorenso did rely on the misrepresentation by cancelling his interview with the Florida company, and that Lorenso suffered harm.

With respect to the fraud and fraudulent concealment counterclaims, Defendants alleged that VocalSpace knew the representation regarding the terms of the option agreement were false or made a representation recklessly, without knowledge of its truth and as a positive assertion by stating that agreements, once completed, "would have materially different terms than the Commitment Letter." Doc. 26, paragraph 45.

Defendant Lorenso's statutory fraud counterclaim identifies a false representation of fact or a false promise when the actual option documents differed from the terms of the Commitment Letter.

Finally, Defendant Lorenso's negligent misrepresentation counterclaim does allege that VocalSpace did not exercise reasonable care or competence in obtaining or communicating information, since Plaintiff delayed providing the option documents for several months and still failed to disclose the material difference between the option documents and the Commitment Letter. Plaintiff's motion should therefore, be denied.

## II.
### FACTUAL AND PROCEDURAL HISTORY

For the majority of the past decade, Defendant Lorenso worked as a website developer for VocalSpace and its predecessor, Direct2Prospect. He brought his own talents and skills to the company, having developed certain code used in developing and maintaining websites. These website development skills were highly coveted, not only by the members of VocalSpace, but noticed by other companies. In June 2005, a vice-president of a Florida gaming company attempted to recruit him for a high-salaried position in Florida.

However, his skills served such a vital and important role at VocalSpace, that Lorenso was promised a salary increase, bonus, and 10% ownership interest in VocalSpace if he agreed to cancel his interview with the Florida company, and to continue working at VocalSpace. VocalSpace wanted Lorenso to develop new features for the web services requested by Transcosmos, the Japanese company that wanted to invest in VocalSpace. Lorenso was specifically instructed by VocalSpace not to tell Transcosmos about the 10% ownership interest that he had been promised.

Despite its representation that Lorenso would be granted ownership in the company, VocalSpace never delivered the 10% interest. VocalSpace intentionally delayed the transaction. Even though VocalSpace sent Lorenso the Commitment Letter on July 29, 2005, it did not provide Lorenso documents relating to the exercise of options until January 2006. VocalSpace's delay made it impossible for Lorenso to exercise these options. In addition, upon review of the option documents, Lorenso discovered that they did not conform to the terms outlined in the Commitment Letter. Because of the enormous tax burden that would be placed upon him by exercising the options, and the fact that the options documents delivered to him in January did not conform to the Commitment Letter, it VocalSpace misrepresented its intention to grant Lorenso ownership of the company.

VocalSpace initiated this action against Defendants on July 23, 2009. Doc. No. 1. On January 29, 2010, Defendants' Motion to Dismiss was denied. Doc. No. 25. On February 12, 2010, Defendants filed their Answer and Defendant Lorenso filed his Counterclaims. Doc. No. 26. Finally, on March 12, 2010, Plaintiff filed its Motion to Dismiss. Doc. No. 37.

## III.
### ARGUMENT AND AUTHORITIES

**A. Defendants have met the Pleading Standards Under Rule 9(b)**

Fraud claims are subject to the pleading requirements of Rule 9(b). *See* Fed. R. Civ. P. 9(b). Defendants argue that Plaintiff has not met the required heightened pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Accordingly, Plaintiff must plead enough facts to illustrate "the who, what, when, where, and how of the alleged fraud." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)). "In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *Id.* (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004)).

In deciding such motions, courts must accept the factual allegations set forth in the complaint as true and must draw all reasonable inferences in favor of Counter-Plaintiffs. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, the complaint should not be dismissed unless, based on the allegations made, it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief. *See Conley*, 355 U.S. at 45-46.

Here, Defendant Lorenso was promised that he was told he would be granted an ownership interest in the company, but "Dryburgh falsely represented in the July 29 Commitment Letter that the options for 5% ownership in VocalSpace would be immediately exercisable." Doc. 26, paragraph 44. Further stating, "Dryburgh failed to inform Lorenso that the attorney would take months to complete the agreements or that the agreements would have materially different terms

than the Commitment Letter." Doc. 26, paragraph 45. Therefore, Defendant Lorenso has fulfilled the heightened pleading requirements of Rule 9(b).

**B. The Standard for Dismissal Under Rule 12(b)(6)**

A motion to dismiss for failure to state a claim is viewed with disfavor and should rarely be granted. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982). Under the rule of *Conley v. Gibson,* 355 U.S. 41 (1957), a claim should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. Also, courts render its decision taking the complaint in the light most favorable to the plaintiff and taking its allegations as true. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996).

Defendant Lorenso has met the pleading requirements under Rule 9(b), therefore the fraud-based claims should not be dismissed.

**C. The Motion to Dismiss should be Denied because Defendant Lorenso has met the Pleading Requirements on his Fraud and Negligent Misrepresentation Counterclaims**

VocalSpace contends that Defendants have failed to allege facts sufficient to support several of the elements of its fraud and negligent misrepresentation claims.

In Texas, the fraud elements are:

(1) a material representation was made;

(2) it was false when made;

(3) the speaker either knew it was false or made it without knowledge of the truth;

(4) the speaker made it with the intent it should be acted upon;

(5) the party acted in reliance; and

(6) the party was injured as a result.

*Coffel v. Stryker Corp.,* 284 F.3d 625, 631 (5th Cir. 2002).

Yet Defendant Lorenso did allege the proper facts to support its fraud and negligent misrepresentation claims. Specifically, Dryburgh, in his capacity as CEO of VocalSpace, made a number of material misrepresentations to Lorenso with respect to the promised 10% ownership in VocalSpace. The misrepresentations were false when Dryburgh made them – specifically that Defendant Lorenso would be able to exercise the options immediately. Doc. 26, paragraph 44. Dryburgh knew it was false because the options were not immediately exercisable; in fact, the option agreement was not even given to Lorenso until several months later. Doc. 26, paragraph 44-45. VocalSpace and Dryburgh intended Defendant Lorenso rely on the representation as demonstrated by the Commitment Letter. Lorenso did in fact rely on the representation, by declining other job offers and continuing his work with VocalSpace, yet was never able to exercise the option, thereby suffering damages.

All of these false statements and fraudulent concealments made by VocalSpace and/or Dryburgh concerned material facts because, had he known the truth, Lorenso would not have continued to work for VocalSpace and would have pursued other opportunities.

Accordingly, Defendant Lorenso has included all essential elements to his claims of fraud, therefore, VocalSpace's motion to dismiss pursuant to Fed. R. Civ. P. 9(b) should be denied.

Plaintiff's motion should also be denied because Defendants negligent misrepresentation counterclaim alleges pleaded all essential elements.

A claim for negligent misrepresentation are: (1) the representation is made by the defendant in the course of its business, or in a transaction in which it has a pecuniary interest; (2) the information supplied is false; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the Plaintiff justifiably relies on the information;

and (5) the plaintiff suffers pecuniary loss caused by the reliance. *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

As established above, Counter-Defendant VocalSpace made representations in the course of its business regarding the granting of an ownership interest to Lorenso. The information supplied to Lorenso was false since the option agreement differed from the commitment letter and was not given to Lorenso for several months. Lorenso was never provided information regarding the delay in receiving the documents, nor was he advised about the differences between the Commitment Letter and the actual option agreement, therefore VocalSpace did not exercise reasonable care or competence in the matter. Finally, Lorenso justifiably relied on VocalSpace's promise to grant ownership options, some of which would be immediately exercisable. Doc. 26, paragraphs 44-45.

**D. Defendant Lorenso's Breach of Contract, Promissory Estoppel, Fraud-based, Negligent Misrepresentation, Conversion and Unjust Enrichment Counterclaims are Not Time Barred**

Under Texas law, causes of action for breach of contract are governed by a four-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.004; *see also Hoover v. Gregory,* 835 S.W.2d 668, 677 (Tex. App. 1992); *Kansa Reinsurance Co. v. Congressional Mortgage Corp.,* 20 F.3d 1362, 1368-69 (5th Cir. 1994). For the purposes of application of a statute of limitations, a cause of action typically accrues when facts come into existence which authorize a claimant to seek a judicial remedy. *See generally Robinson v. Weaver,* 550 S.W.2d 18, 19, 20 (Tex. 1977); *Wiman v. Tomaszewicz,* 877 S.W.2d 1, 5 (Tex. App.—Dallas 1994, writ refused). More specifically, contract claims generally accrue when the contract is breached, i.e. when a party fails to perform a duty required by the contract. *See Gregory,* 835 S.W.2d at 677.

In this case, Defendants have alleged in its Counterclaims: (1) VocalSpace and Defendant Lorenso entered into the Agreement in June 2005; (2) six months later the stock agreement was provided; (3) at some point, thereafter Defendant Lorenso reviewed the agreement; and (4) he discovered that VocalSpace breached the Agreement by changing the basic terms of the option agreement.

VocalSpace did not provide the stock option agreement until January 2006. However, it was not until sometime thereafter that Defendant Lorenso realized that the stock option Agreement did not reflect the representations made by VocalSpace. The Counter-Defendants have not demonstrated that it can be determined from the face of the Complaint that the statute of limitations period has expired, nor have they presented any evidence that conclusively shows that the limitations period has run. VocalSpace's argument that Defendant Lorenso's claims are barred by limitations is based only on its unsubstantiated claim that the alleged breach occurred in January 2006.

While it is *possible* that the statute of limitations has expired and Defendant Lorenso's claims are barred, Defendants have *not* demonstrated that it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46.

Moreover, under Texas law, where the requirements of the statute are met, section 16.069 of the Texas Civil Practices & Remedies Code allows those who are already parties to the action to assert claims against one another that would otherwise be time-barred. Tex. Civ. Prac. & Rem. Code § 16.069 (2010).

Section 16.069 of the Texas Civil Practice & Remedies Code saves these claims from dismissal. It states: "If a counterclaim…arises out of the same transaction or occurrence that is the

basis of an action, a party to the action may file the counterclaim…even though as a separate action it would be barred by limitation on the date the party's answer is required."

Texas courts apply the "logical-relationship" test to determine whether two causes of action arise from the same transaction or occurrence. *See Tindle v. Jackson Nat'l Life Ins. Co.*, 837 S.W.2d 795, 798 (Tex. App. —Dallas 1992, no writ). If some of the same facts are relevant to both claims, there is a logical relationship, and the causes of action arise from the same transaction or occurrence. *See id.*

Applying the "logical-relationship" test to this case, there is little doubt that Defendant Lorenso's counterclaims arise from the same transaction or occurrence as Plaintiff's action. The same facts that are relevant to VocalSpace's action also bear upon Defendant Lorenso's claims. Thus, § 16.069 requires that Defendant Lorenso's counterclaim not be dismissed on limitations grounds, even if the limitations provision would prevent the claim from succeeding as an independent action.

The same statute applies for Defendant Lorenso's remaining claims for promissory estoppels, fraud, and negligent misrepresentation. Even if the breach is determined to have occurred in January 2006, section 16.069 of the Tex. Civ. Prac. & Rem. Code applies, Plaintiff's motion to dismiss should be denied because Defendant Lorenso's breach of contract, promissory estoppel, fraud, and negligent misrepresentations counterclaims are not time barred due to the statute.

### III.
#### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss should be denied. Since Defendant Lorenso has properly pled all essential element of the claims, and these claims are not time barred pursuant to section 16.069 of the Tex. Civ. Prac. & Rem. Code.

Dated:  March 24, 2010

                                                Respectfully submitted,

                                                <u>/s/ Ruben C. DeLeon</u>
                                                Ruben C. DeLeon
                                                Texas State Bar No. 00790577
                                                Catherine A. Hough
                                                Texas State Bar No. 24048958
                                                Ferguson Law Group PC
                                                2500 Plano Parkway
                                                Suite 260
                                                Plano, Texas 75093

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 24, 2010. Any other counsel of record will be served by First Class U.S. Mail on this same date.

                                                <u>/s/ Ruben C. DeLeon</u>
                                                Ruben C. DeLeon