UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:09-cv-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## REPLY TO RESPONSE TO VOCALSPACE, LLC'S, MOTION TO DISMISS

Plaintiff/Counter-Defendant VocalSpace, LLC, files this Reply to Defendant Lorenso's Response to VocalSpace's Motion to Dismiss and, in support thereof, respectfully shows as follows:

### I.    INTRODUCTION

Many of Defendant Lorenso's counterclaims should be dismissed because they are not properly pleaded and/or are time barred. In his Response to VocalSpace's Motion to Dismiss, Defendant Lorenso attempts to unusually broaden scope of some statements included in his pleading beyond what is plainly stated to support his assertion that his fraud, fraudulent concealment, negligent misrepresentation and statutory fraud counterclaims (the "fraud-based counterclaims") are properly pleaded. At the same time, he attempts to extraordinarily narrow the breadth of other statements to avoid their true significance and improperly salvage his time-barred breach of contract, promissory estoppel, conversion, unjust enrichment and fraud-based counterclaims. However, taking into consideration what is distinctly stated in the pleading, it is clear that the above-listed counterclaims are not properly pleaded and/or are time barred. Therefore, the counterclaims should be dismissed.

## II.     STATEMENT OF FACTS

In his Response, Defendant Lorenso puts forth confusing misstatements regarding what has been pleaded.  His Counterclaims, however, unmistakably include the following pertinent allegations:

44.     Dryburgh falsely represented in the July 29 Commitment Letter that options for 5% ownership in VocalSpace would be immediately exercisable.  However, Dryburgh and VocalSpace delayed giving Lorenso the opportunity to exercise any options until four months after the Commitment Letter was first presented, long after the Transcosmos deal had closed.  VocalSpace never intended to grant Lorenso immediately exercisable options.

45.     Dryburgh falsely represented in the July 29 Commitment Letter that VocalSpace would have its attorney begin work on agreements for the option for 10% ownership stake.  VocalSpace never intended to comply with this promise at the time it was made.  Alternatively, Dryburgh failed to disclose that the attorney would take months to complete the agreements or that the agreements would have materially different terms than the Commitment Letter.

46.     VocalSpace withheld the timing of the Transcosmos deal and failed to disclose that Lorenso would incur a large tax burden if he was given a 10% ownership interest after the Transcosmos deal closed.  Dryburgh and VocalSpace had a duty to disclose this information because they knew that Lorenso did not know the timing or the tax burden issue and that Lorenso did not have an equal opportunity to discover the truth.  In January 2006, when VocalSpace first purported to give Lorenso an opportunity to exercise options, Dryburgh hinted at

the large tax burden and actively discouraged Lorenso from exercising the options by describing ways that majority shareholders can manipulate earnings to exclude minority shareholders from receiving distributions.

Doc. No. 26, ¶¶ 44-46.

### III.    ARGUMENT AND AUTHORITIES

**1.    Defendant Lorenso's Fraud-based Counterclaim Are Not Properly Pleaded.**

Defendant Lorenso's fraud-based counterclaims are not properly pleaded and should, therefore, be dismissed.  In his Response, Defendant Lorenso misrepresents what is actually stated in the Counterclaims.  For example, he states "Dryburgh knew it was false because the options were not immediately exercisable," while the Counterclaims actually say nothing of the sort.  The Counterclaims do not indicate that Dryburgh knew any statement was false when it was made.  Similarly, they do not indicate that Dryburgh or anyone else at VocalSpace knew when the Transcosmos deal would close.  They merely state "Dryburgh and VocalSpace delayed giving Lorenso the opportunity to exercise any options until four months after the Commitment Letter was first presented."  Doc. No. 26 at ¶ 44.  This statement, and the remaining statements in the Counterclaims, fall well short of pleading knowledge as required by the Rules.

The allegations in the Counterclaims simply do not state that any representative of VocalSpace made a false representation with knowledge that it was false at the time it was made. The allegations upon which the fraud-based counterclaims are made do not indicate whether anyone at VocalSpace knew when, or if, the Transcosmos deal would close.  Further, they do not indicate whether anyone at VocalSpace knew how long the preparation of the legal documents related to Defendant Lorenso's ownership stake would take.  Also, the bizarre allegations related to taxes are not proper bases for fraud claims.  They seems to imply that VocalSpace had a duty

to inform Lorenso that he was required to pay taxes, which it does not. For these reasons, Defendant Lorenso's fraud-based counterclaims should be dismissed.

2. **Defendant Lorenso's Breach of Contract, Promissory Estoppel, Negligent Misrepresentation, Conversion, Unjust Enrichment and Fraud-Based Counterclaims are Time Barred.**

Defendant Lorenso's breach of contract, promissory estoppel, negligent misrepresentation, conversion, unjust enrichment and fraud-based counterclaims all accrued, at the latest, in January 2006 and are, therefore, time barred. Defendant Lorenso seems to argue in his Response that the counterclaims are not time barred via the discovery rule because he did not realize that the stock option agreement provided by VocalSpace did not reflect what VocalSpace allegedly promised until after February 12, 2006. Doc No. 40. at p. 8. However, the face of the Counterclaims makes it clear that this is not so. Defendant Lorenso's pleading distinctly establishes that the counterclaims accrued, at the latest, in January 2006. Therefore, they are time-barred.

Notwithstanding the fact that the discovery rule has not properly been pleaded by Defendant Lorenso, his very own allegations establish that the counterclaims are time-barred. *Bradley v. Phillips Petroleum Co.*, 527 F.Supp.2d 625, 639 (S.D.Tex. 2007) (The party seeking to benefit from the discovery rule has the burden to plead and prove facts in order to avoid a limitations bar.). The Counterclaims patently state, "In January 2006, when VocalSpace first purported to give Lorenso an opportunity to exercise options, Dryburgh hinted at the large tax burden and actively discouraged Lorenso from exercising the options by describing the ways that majority shareholders can manipulate earnings to exclude minority shareholders from receiving distributions." Doc No. 26 at ¶ 40. This statement makes it obvious that well before January 2006 Defendant Lorenso knew or should have known that the options were not immediately exercisable at the time of the Commitment Letter and that well before February 12, 2006, he was

aware or should have been aware of the supposed tax burden that had not previously been disclosed. As such, the claims are time-barred and should be dismissed.

## IV.   CONCLUSION

Defendant Lorenso's fraud-based counterclaims should be dismissed because they are not properly pleaded, and his breach of contract, promissory estoppel, negligent misrepresentation, conversion, unjust enrichment and fraud-based counterclaims should be dismissed because they are time-barred. Defendant Lorenso has not properly pleaded that any representative of VocalSpace knew that a representation was false when it was made or withheld any information improperly. Therefore, his fraud-based counterclaims are defective and should be dismissed. Furthermore, his breach of contract, promissory estoppel, negligent misrepresentation, conversion, unjust enrichment and fraud-based counterclaims all accrued, at the latest, in January 2006. Therefore, they are time-barred under the respective four or two year statutes of limitations applicable to the claims. Accordingly, the above listed counterclaims should be dismissed because they are improperly pleaded and/or are time-barred.

Respectfully submitted,

/s/ Brian A. Colao
Brian A. Colao
Texas Bar No. 00793528
bcolao@dykema.com
Neal Massand
Texas Bar. No. 24039038
nmassand@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 2400
Dallas Texas 75201
(214) 462-6400 - Telephone
(214) 462-6401 - Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 15, 2010.  Any other counsel of record will be served by First Class U.S. Mail on this same date.

                                    /s/ Brian A. Colao
                                    Brian A. Colao