# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| v. | § | Case No. 4:09-cv-350 |
| | § | (Judge Mazzant) |
| DANIEL D. LORENSO, and | § | |
| LARKSPARK CORPORATION | § | |

### ORDER

Pending before the Court is Plaintiff VocalSpace, LLC's Motion to Dismiss (Dkt. #37). Having considered the relevant pleadings, the Court hereby denies Plaintiff's motion.

### BACKGROUND

Plaintiff VocalSpace, LLC ("VocalSpace") designs web-based internet marketing and streaming media systems. VocalSpace employed Defendant Daniel D. Lorenso ("Lorenso") to help write source code for many of its products. Lorenso alleges that in July 2005, as incentive to keep him from leaving the company, VocalSpace promised him a 10% ownership stake via immediately exercisable stock options. However, Lorenso did not actually receive any stock options until January 2006, which was after VocalSpace completed a major transaction with another company, Transcosmos. Lorenso claims that this delay in receiving his options rendered them essentially worthless due to an increased tax burden.

In July 2009, VocalSpace sued Lorenso, alleging, among other claims, that he stole VocalSpace's trade secrets and infringed VocalSpace's copyrights. (Dkt. #1.) In his answer to the complaint (Dkt. #26), Lorenso filed counterclaims against VocalSpace for breach of contract, promissory estoppel, common law fraud, fraudulent concealment, negligent misrepresentation, statutory fraud, conversion, and unjust enrichment. VocalSpace has moved to dismiss Lorenso's fraud, fraudulent concealment, negligent misrepresentation, and statutory fraud counterclaims

(the "fraud-based counterclaims") for not alleging all of the required elements. VocalSpace has also moved to dismiss all of Lorenso's counterclaims as time barred.

## STANDARD

*Dismissal under Rule 12(b)(6)*

The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court highlighted two principles that help to assess the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. *Id.* at 1949-50. First, the Court identifies conclusory legal allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Id.* at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

## ANALYSIS

*Fraud-based Counterclaims*

Under Texas law, the elements of a fraud-based claim are: "(1) a material representation; (2) it was false when made; (3) the speaker either knew it was false or asserted it without knowledge of its truth; (4) the speaker intended that it be acted upon; (5) the party acted in

2

reliance; and (6) the party was injured as a result." *Malacara v. Garber*, 353 F.3d 393, 403–404 (5th Cir. 2003) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 322 (5th Cir. 2002); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).  VocalSpace argues that Lorenso's fraud-based counterclaims lack element three.

In support of these counterclaims, Lorenso made the following factual allegations:

> 43.  In early July 2005, to prevent Lorenso from leaving VocalSpace, Dryburgh promised Lorenso 10% ownership in VocalSpace.  In alternative to the breach of contract claim, Dryburgh and VocalSpace did not intend to follow through on this promise at the time the promise was made.
> 44.  Dryburgh falsely represented in the July 29 Commitment Letter that options for 5% ownership in VocalSpace would be immediately exercisable. However, Dryburgh and VocalSpace delayed giving Lorenso the opportunity to exercise any options until four months after the Commitment Letter was first presented, long after the Transcosmos deal had closed.  VocalSpace never intended to grant Lorenso immediately exercisable options.
> 45.  Dryburgh falsely represented in the July 29 Commitment Letter that VocalSpace would have its attorney begin work on agreements for the option for 10% ownership stake.  VocalSpace never intended to comply with this promise at the time it was made.  Alternatively, Dryburgh failed to disclose that the attorney would take months to complete the agreements or that the agreements would have materially different terms than the Commitment Letter.  Dryburgh and VocalSpace had a duty to disclose this information because they discovered new information that made the prior representation (that the attorney was drafting the agreements) false or misleading and Lorenso did not know and did not have an equal opportunity to discover that status of the drafting.
> 46.  VocalSpace withheld the timing of the Transcosmos deal and failed to disclose that Lorenso would incur a large tax burden if he was given a 10% ownership interest after the Transcosmos deal closed.  Dryburgh and VocalSpace had a duty to disclose this information because they knew that Lorenso did not know the timing or the tax burden issue and that Lorenso did not have an equal opportunity to discover the truth.  In January 2006, when VocalSpace first purported to give Lorenso an opportunity to exercise options, Dryburgh hinted at the large tax burden and actively discouraged Lorenso from exercising the options by describing ways that majority shareholders can manipulate earnings to exclude minority shareholders from receiving distributions.

(Def. Answer 30.)

Case 4:09-cv-00350-ALM Document 46 Filed 05/17/10 Page 4 of 6

In arguing that the counterclaims fail to satisfy the knowledge requirement, VocalSpace points out that Lorenso does not allege that VocalSpace or Dryburgh knew when the Transcosmos deal would close or how long the option grant would take to draft. However, knowledge of these facts is not essential to Lorenso's fraud-based counterclaims, which are "based on a promise made with no intention of performing." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998). A "promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing the act." *Id.* at 47 (quoting *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986)). Lorenso has alleged that "Dryburgh promised Lorenso 10% ownership" via "immediately exercisable" options while "never intend[ing] to grant Lorenso immediately exercisable options." (Def. Answer 30.) In a fraud-based claim, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). By pleading that VocalSpace did not intend to fulfill the promise, Lorenso has satisfied the knowledge element. *Id.*

*Negligent Misrepresentation*

VocalSpace next challenges Lorenso's counterclaim for negligent misrepresentation, which requires:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest;
> (2) the defendant supplies "false information" for the guidance of others in their business;
> (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and
> (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). VocalSpace argues that Lorenso has failed to allege element three, lack of reasonable care or competence.

4

Lorenso argues that this element is satisfied because VocalSpace did not exercise reasonable care when it failed to inform Lorenso about the delay in drafting the options agreement. The allegation is that VocalSpace provided false information when it told Lorenso that his stock options would be immediately exercisable. VocalSpace, exercising reasonable care, should have known or found out that its attorney would require months to draft the agreement and, due to that delay, the options would not be immediately exercisable. Thus, VocalSpace failed to exercise reasonable care in finding out how long it would take and in failing to communicate this fact to Lorenso.

The counterclaim does not completely spell out this argument, stating only that "Dryburgh failed to disclose that the attorney would take months to complete the agreements" and that "Dryburgh and VocalSpace had a duty to disclose this information." (Def. Answer ¶ 45.) However, the existence of a duty implies a standard of care. By alleging that VocalSpace failed to meet this duty to disclose, Lorenso has also alleged that VocalSpace did not exercise the required level of care. Therefore, the Court finds that Lorenso's factual allegations do support element three of the counterclaim, lack of reasonable care.

*Statute of Limitations*

Finally, VocalSpace argues that the statute of limitations bars Lorenso's counterclaims. Lorenso responds by pointing to section 16.069 of the Texas Civil Practices & Remedies Code, which states:

> (a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.
> (b) The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

Tex. Civ. Prac. & Rem. Code Ann. § 16.069 (Vernon 2008). Lorenso filed his counterclaims within the 30-day window. Therefore, if Lorenso's counterclaims arise out of the "same transaction or occurrence" as VocalSpace's action, then this statute revives them. *Id.*

To determine what constitutes a "transaction," courts in Texas "employ the logical relationship test, which asks whether the essential facts on which the claims are based are significantly and logically relevant to both claims." *Wells v. Dotson*, 261 S.W.3d 275, 281 (Tex. App.—Tyler 2008, no pet.) (citing *Cmty. State Bank v. NSW Inv., L.L.C.*, 38 S.W.3d 256, 258 (Tex. App.—Texarkana 2001, pet. dism'd w.o.j.)). "Under this test, a transaction is flexible, comprehending a series of many occurrences logically related to one another." *Id.* VocalSpace's complaint included many of the same facts presented by Lorenso to support his counterclaims (Pl.'s Compl. ¶ 24–26), and VocalSpace has not argued that Lorenso's counterclaims do not meet this standard. Therefore, for purposes of this motion, the Court finds that Lorenso's counterclaims do qualify under the statute and are thus not barred by limitation.

## ORDER

It is therefore ORDERED that Plaintiff VocalSpace, LLC's Motion to Dismiss (Dkt. #37) is DENIED.

**SIGNED this 17th day of May, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE