UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

VocalSpace, LLC,

          *Plaintiff,*

   v.

Daniel D. Lorenso, and Larkspark Corporation

          *Defendants*.

Case No. 4:09-CV-350

**DARREN DITTRICH AND SELL.COM'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Non-parties, Darren Dittrich and Sell.com (hereinafter collectively referred to as "DDS") by and through its attorneys, hereby submits a motion to quash a subpoena issued to Darren Dittrich and Sell.com to produce documents and permit the inspection and copying of such documents as requested in the Rule 45 Subpoenas and would show the Court the following:

    1.    DDS objects to the Subpoenas as imposing obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

    2.    DDS objects to the Subpoenas as vague and ambiguous. In particular, DDS objects to the phrase "All source code, including, but not limited to, the source code under version control (SVN, CVS, etc.), version control system files, and backup files for any software developed by Daniel D. Lorenso for you including, but not limited to, website PHP and HTML code, framework, libraries, configuration files, biller,

3.      DDS objects to the Subpoenas as overly broad and unduly burdensome. In particular, DDS objects to the phrases "All source code, including, but not limited to, the source code under version control (SVN, CVS, etc.), version control system files, and backup files for any software developed by Daniel D. Lorenso for you including, but not limited to, website PHP and HTML code, framework, libraries, configuration files, biller, transcoders, logger, database code, daily report generator, post by email, mailer daemon, autoresponder, and scripts for management, wpush, and build"   because they seek the discovery of information that is neither relevant to the claim or defense of any party or the subject matter involved in the above-captioned case, nor reasonably calculated to lead to the discovery of admissible evidence.  DDS also objects to the Subpoenas to the extent that a relevant time frame is not specified as not reasonably calculated to lead to the discovery of admissible evidence.

4.      DDS objects to the Subpoenas as seeking information relating to products that are proprietary to DDS and are confidential information of DDS.

5.      DDS objects to the Subpoenas as seeking irrelevant information relating to events which occurred after commencement of the above-captioned case.

6.      DDS objects to the Subpoenas as requesting information that, if proper discovery, would be better obtained from a party to the litigation.

7.      DDS objects to the Subpoenas as seeking confidential, trade secret, and proprietary information.

8. DDS objects to the Subpoenas as seeking information that is not in the possession, custody or control of DDS.

9. DDS objects to the Subpoenas as seeking information immune and/or protected from discovery by the attorney-client privilege, the work product doctrine, and any other applicable constitutional, statutory, or common law privilege.

### IV. Conclusion and Prayer for Relief

The Court should quash the subpoena issued by Plaintiff VocalSpace LLC.

Respectfully submitted,

/s/ Michael F. Pezzulli
Michael F. Pezzulli
Attorney & Counselor
Pezzulli Barnes LLP
17300 Preston Road, Suite 220
Dallas, TX 75252
Tel: (972) 713-1300
Fax: (972) 713-1333

ATTORNEY FOR MOVANT
Darren Dittrich and Sell.com

## CERTIFICATE OF CONFERENCE

Counsel for Movant is filing this motion to preserve their objections. Counsel for Movant conferred with Counsel for Plaintiff and Plaintiff does not oppose an extension of time for Movants to object. Counsel for Movant and Plaintiff have agreed to meet and confer in short order to attempt to resolve any outstanding issues without Court intervention.

/s/ Michael F. Pezzulli

## CERTIFICATE OF SERVICE

I hereby certify that on June 15 and 17, 2010, true and correct copies of Darren Dittrich and Sell.com's Objections to the Subpoena for Production of documents were served via certified mail to Brian A. Colao. I certify that on June 23, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Michael F. Pezzulli
Michael F. Pezzulli