UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

VOCALSPACE, LLC

v.   Case No. 4:09-cv-350

DANIEL D. LORENSO, ET AL.

**VOCALSPACE'S MOTION TO COMPEL SOURCE CODE
FROM DEFENDANTS AND MOTION FOR SANCTIONS**

___

COMES NOW, Plaintiff VocalSpace, LLC, and files this its Motion to Compel Source Code from Defendants and Motion for Sanctions, and, in support thereof, respectfully shows the Court as follows:

## I.
## INTRODUCTION

This Court should enter an order compelling Defendants Daniel D. Lorenso and Larkspark Corporation to produce the requested source code that is essential to this case. Further, the Court should enter an order of sanctions against defendant pursuant to FED. R. CIV. P. 37 for their repeated efforts to obstruct discovery in this case and award Plaintiff its attorneys' fees in the amount of $7,500 for efforts expended in trying to obtain the source code and in bringing this Motion, including repeated and numerous discussions and negotiations with opposing counsel prior to and leading up to this point in the case.

This is a copyright infringement case concerning Defendants' flagrant misuse and misappropriation of VocalSpace's source code. Discovery in this case has repeatedly been delayed as a result of Defendants changing counsel and other delaying tactics. Defendants have changed counsel in this matter no less than three times, and each change of counsel has resulted in further delays in the production of documents critical to prosecuting Plaintiff's claims. Most

significantly, Defendants have withheld from production the source code that is essential to the case.

Plaintiff attempted to work with Defendants' prior counsel regarding the production of documents. Specifically, the parties agreed to the terms of a protective order, and agreed to find a date to produce the source code *this week*. Yet, conveniently for Defendants, right at the time the source code was to be produced, Defendants' counsel moved to withdraw, and Defendants seek yet another change in counsel. Moreover, Defendants have reneged on this agreement and refuse to produce the source code. Defendants should not be rewarded for their attempts to obstruct discovery in this matter. They should be ordered to produce the source code that is the crux of this case and be sanctioned for their repeated refusals to do so.

## II.
## STATEMENT OF FACTS

On May 4, 2010, Plaintiff served discovery requests on Defendants. Plaintiff's Request for Production No. 57 seeks the production of source code. It states:

> 57. All source code, version control system files (e.g., SVN, CVS, git, etc.), and backup files for the PubClip website including but not limited to the website PHP and HTML code, framework, libraries, configuration files, biller, transcoders, logger, database code, daily report generator, post by email, mailer daemon, autoresponder, and scripts for management, wpush, and build.

After numerous extensions of the deadline to respond to discovery, Defendant partially responded to discovery on or about June 22, 2010 but did not produce any source code. In their objection to Plaintiff's Request for Production No. 57, Defendants state:

> Defendants object to this request as it seeks proprietary business information about Defendant Lark Spark. In addition, this request is objectionable in that it is an impermissible fishing expedition. Defendants are withholding responsive documents under the trade secrets privilege.

Plaintiffs resumed efforts to work with present counsel. Specifically, present counsel agreed to provide a date to produce Defendants' source code this week. Prior to this agreement, Plaintiff proposed a Protective Order to protect the confidentiality of the source code, and Defendants accepted. On July 2, 2010, the parties submitted an Agreed Protective Order. On that day, the Agreed Protective Order was entered by the Court. After the entry of the Agreed Protective Order, the parties agreed to arrange a date for the production of source code this week. Thereafter, counsel for Defendants submitted their Motion to Withdraw as Counsel, and no source code has yet been produced. In conversations between counsel, Defendants' counsel acknowledged that production of Defendants' source code is necessary but stated that their "client would not take their advice." As of the date of this Motion, no source code has yet been produced.

### III.
### ARGUMENT AND AUTHORITIES

**A.  The Standard For Discovery.**

Discovery may be had of "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." FED. R. CIV. P. 26(b); *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 515 (5th Cir. 1993).

Specifically, to establish the "copying" element of copyright infringement, a plaintiff must make a factual showing that the defendant "actually used the copyrighted material to create his own work," and then must establish that there is "substantial similarity between the two works." *Engineering Dynamics, Inc. v. Structural Software*, 26 F.3d 1335, 1340-41 (5th Cir. 1994). These two elements of copying are known as probative similarity and substantial

similarity, and are generally issues that are left for the finder of fact. *General Universal Systems, Inc. v. Lee*, Inc., 379 F.3d 131, 141-142 (5th Cir. 2004). Probative similarity "requires a showing that the works, 'when compared as a whole, are adequately similar to establish appropriation.'" *Id.* (quoting *Peel & Co., Inc. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001)). Substantial similarity is determined from a "side-by-side comparison" of the original work and the copy. *Id.* "To determine whether an instance of copying is legally actionable, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997) (emphasis in original) (cited and quoted in *Positive Black Talk, Inc. v. Cash Money Records*, 394 F .3d 357, 374 (5th Cir. 2004)); *see also Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) ("the law of this circuit prohibits finding copyright infringement without a side-by-side comparison of the two works").

In copyright infringement cases, Courts have made clear that "a side-by-side comparison ***must*** be made between the original and the copy." *Id.* at 146 (emphasis added); *see also Floyd & Assoc. Inc. v. Henry & Assoc. Inc.*, No. H-05-1105, 2006 WL 1007264 (S.D. Tex.) (denying party's motion to dismiss where party did not provide the court with an unredacted copy of its user manual to be used in a "side by side" comparison). Also, in an analogous case where the defendants made the decision to withhold source code from production, the Eastern District of Texas held that such conduct was a proper basis for sanctions against the Defendant. *See Juniper Networks, Inc. v. Toshiba America, Inc.*, No. 2:05-CV-479, 2007 WL 2021776, *4 (E.D. Tex.) (explaining that sanctions were warranted where "Toshiba knew of its duty to produce its BIOS code of as at least January 4, 2007, the date the court issued the Protective Order, yet made the conscious decision to withhold such information."). As set forth below, Defendants are

required to produce the source code in accordance with the Protective Order and have no basis for refusing to do so.

**B.     Defendants' Should Be Compelled to Produce the Source Code.**

Defendants should be compelled to produce the requested source code in this case. Defendants' objections to VocalSpace's request for Documents and refusal to produce documents are improper for two reasons. *First*, because Defendants' source code is highly relevant to the claims and defenses in this case, Defendants' refusal to produce the source code is improper. *Second*, because there is no basis nor support for Defendants' objections, Defendants' refusal to produce the source code is improper.

**(1)     Defendants' Source Code is Highly Relevant.**

Defendants' source code is highly relevant to the issues of access and substantial similarity in this case. Defendants' refusal to produce its source code is a highly improper effort to stonewall discovery on the essential elements of VocalSpace's claims. Not only have Defendants deprived VocalSpace of materials documenting Defendants' continuous infringement, but they have withheld materials relating to the period during which Defendants gained access and during which initial copying occurred. In fact, the time period in which the majority of the most significant copying occurred is likely from April to September 2008. As the Fifth Circuit has made clear, a side-by-side comparison between the two source codes for VocalSpace to successfully assert its copyright infringement claim. *See, e.g.*, *Lee*, 379 F.3d at 142, 146. By consciously refusing to disclose its source code, Defendants are maliciously and improperly preventing VocalSpace from proving the essential elements of its claims. Since the inception of discovery in this case, Defendants have known of and should have complied with their duty to produce the source code at the time this Court issued the protective order in this

VOCALSPACE'S MOTION TO COMPEL SOURCE CODE FROM DEFENDANTS AND
MOTION FOR SANCTIONS
DALLAS\78485.1
ID\MRSAI - 106446/0003

Page 5

case. Similar to the party in *Juniper Networks*, Defendants knew of their duty to produce the source code of as *at least* the date the Court issued the Protective Order, yet made the conscious decision to withhold such information. *See Juniper Networks,* 2007 WL 2021776 at *4. Therefore, this Court should compel production of the source code and find, as it found previously in *Juniper Networks*, that Defendants' conduct is the proper basis for sanctions.

### (2) Defendants' General Objections of Privilege and Trade Secrets are Unsupported and Unfounded.

Defendants' responses to VocalSpace's First Requests for Production and Interrogatories each present a string of unsupportable objections claiming the documents sought are being withheld under the "trade secrets privilege." Defendants, however, do not identify the "trade secrets privilege" asserted, nor can they, as the law recognizes no such thing as the "trade secrets privilege." As explained above, VocalSpace must be allowed, and is indeed required to, present to this Court a side-by-side comparison of its source code and that of the Defendants. In addition, VocalSpace must be allowed to discover whether and when Defendants had access to the code.

In sum, this Court should not allow Defendants to use the discovery process as a means to impose a burden on VocalSpace while they attempt to sidestep their own discovery obligations and deprive VocalSpace of the information it needs to properly establish its claims against Defendants.

### C. Defendants' Conduct Warrants Sanctions.

FED. R. CIV. P. 37 authorizes sanctions for failure to comply with discovery. This Court may bar a disobedient party from introducing evidence, or it may direct that certain facts shall be "taken to be established for purposes of the action." *See* FED. R. CIV. P. 37. Rule 37 also permits this Court to strike claims from the pleadings and even to "dismiss the action ... or render

a judgment by default against the disobedient party." *Juniper*, 2007 WL 2021776, *4 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980). Rule 37 sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express*, at 763-64.

This Court also has inherent powers to enter sanctions. The inherent powers of this Court are those which "are necessary to the exercise of all others." *Roadway Express*, 447 U.S. at 764.

As set forth in the affidavit of Brian A. Colao (attached hereto as <u>Exhibit A</u>), Plaintiff has incurred attorneys' fees and costs in excess of $7,500 for negotiating the parties' Protective Order, communicating with Defendants and their multiple counsel, expending time and efforts related to document production, responding to counsel for Defendants' numerous motions to withdraw, and in preparing this Motion.

Accordingly, Plaintiff requests that this Court, like it did in *Juniper*, award to Plaintiff attorneys' fees and costs that are attributable to Defendants' discovery abuses in this case.

## IV.
## CONCLUSION

For the reasons stated above, VocalSpace respectfully requests this Court grant its Motion to Compel and order Defendants to produce their source code, order sanctions against Defendants for their conduct in refusing to produce the source code including an award of attorneys' fees and costs from Defendants for the discovery abuse, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Brian A. Colao
Brian A. Colao
Texas Bar No. 00793528
bcolao@dykema.com
Neal Massand
Texas Bar. No. 24039038
nmassand@dykema.com
Mina R. Saifi
Texas Bar No. 24066801
msaifi@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 2400
Dallas Texas 75201
(214) 462-6400 - Telephone
(214) 462-6401 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Plaintiff, Neal Massand, and counsel for Defendants, Jay Boyer, conferred regarding this Motion on July 15, 2010. The parties explained their respective positions and were unable to agree on the content or timing of the production of source code. The discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve. Therefore, this Motion is opposed.

/s/ Brian A. Colao_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 15, 2010. Any other counsel of record will be served by First Class U.S. Mail on this same date.

/s/ Brian A. Colao_____

VOCALSPACE'S MOTION TO COMPEL SOURCE CODE FROM DEFENDANTS AND MOTION FOR SANCTIONS
DALLAS\78485.1
ID\MRSAI - 106446/0003

Page 9