UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:09-cv-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL SOURCE CODE FROM DEFENDANTS AND MOTION FOR SANCTIONS**

COMES NOW Plaintiff, VocalSpace, LLC, and files its Reply to Defendants' Response to Plaintiff's Motion to Compel Source Code From Defendants and Motion for Sanctions and in support thereof respectfully shows the Court the following:

1. On May 4, 2010, Plaintiff served discovery requests on Defendants requesting, among other things, Defendants' source code. Two sets of counsel refused to produce the source code on grounds that their client would not allow for such production. Defendants' current counsel agreed, yet then after several weeks of delay made a partial production of the source code and other requested items. Defendant made this incomplete production on August 6, 2010. This has prejudiced Plaintiff and is causing additional delays in Plaintiff's ability to retain and expert, conduct discovery, and prepare the case for trial..

2. Specifically, Defendants have, several weeks after the production date promised, partially produced source code. However, Defendants have still failed to provide the version control system files (Subversion or SVN), backup and timestamp history, which were requested

by Plaintiff in its discovery requests to Defendants. Plaintiff's Request for Production No. 57 seeks the production of source code *and* version control system files *and* backup files. It states:

> 57. All source code, version control system files (e.g., version control system files (Subversion or SVN), CVS, git, etc.), and backup files for the PubClip website including but not limited to the website PHP and HTML code, framework, libraries, configuration files, biller, transcoders, logger, database code, daily report generator, post by email, mailer daemon, autoresponder, and scripts for management, wpush, and build.

3. Defendants, despite the existence of a document retention letter sent to them (*See* Exhibit A, letter dated March 18, 2009), attribute their failure to produce such items to "not having" them. This is especially surprising in light of the fact that Defendant Lorenso himself regularly used such accompanying files during his employment at VocalSpace and lists Subversion as a skill on his resume.

4. If it is in fact Defendants' final position that they do not have the items which they have failed to produce, Plaintiff reserves the right to seek spoliation instructions from the Court and would specifically request the right to image Defendants' storage devices including Laptops, Desktop Computers, Backup Drives and Development Servers.

5. In any event, Plaintiff has, and continues to be, prejudiced by Defendants' unjustifiable delays in producing incomplete source code. Specifically, in the absence of the version control system files (Subversion or SVN), backup history, and time-stamp history, Plaintiff's company designee and expert's comparison and analysis of Defendants' source code to that of Plaintiff's will take considerably more time then previously anticipated and cannot be completed by September 3, 2010 – the deadline for expert disclosures.. Additionally, Plaintiff's depositions cannot commence until Plaintiff has reviewed and analyzed the source code which is at the heart of Plaintiff's claims.

6.     In light of the repeated discovery delays in this case and severe prejudice caused to Plaintiff, Plaintiff requests that the Court amend the scheduling order in order to provide more time for the expert analysis of source code and for discovery. Specifically, Plaintiff requests a 30-day extension on expert deadlines and a 60-day extension on discovery in this case. Defendants should not be rewarded for their attempts to obstruct discovery in this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court:

(1) grant Plaintiff's Motion to Compel Source Code and Motion for Sanctions and award Plaintiff its reasonable attorneys' fees for the prejudice and delay caused by the failure to produce the source code and related files;

(2) allow imaging of Defendants' storage devices including Laptops, Desktop Computers, Backup Drives and Development Servers; and

(3) amend the scheduling order with a 30-day extension as to expert deadline and a 60-day extension as to discovery deadlines;

(4) grant Plaintiff such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Brian A. Colao
Brian A. Colao
Texas Bar No. 00793528
bcolao@dykema.com
Neal Massand
Texas Bar. No. 24039038
nmassand@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 2400
Dallas Texas 75201
(214) 462-6400 - Telephone
(214) 462-6401 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 20, 2010.  Any other counsel of record will be served by First Class U.S. Mail on this same date.


/s/ Brian A. Colao_____