# Greenberg Traurig

Brian A. Colao
Tel. 214.665.3674
Fax 214.665.5974
colaob@gtlaw.com

March 18, 2009

<u>VIA HAND DELIVERY</u>

Michael Collins
Collins, Basinger & Pullman
5400 LBJ Freeway
Suite 525
Dallas, Texas 75240

    Re:   *VocalSpace, LLC v. Daniel D. Lorenso and Larkspark Corporation*;
           Subpoena and Document Retention

Dear Mr. Collins:

As you now know, this firm represents and I write on behalf of VocalSpace, LLC ("VS") in connection with the above captioned dispute with Daniel D. Lorenso and Larkspark Corporation ("Larkspark"). In anticipation of our upcoming hearing on your clients' motion for sanctions, I have taken the liberty of preparing and serving the enclosed subpoena requiring Mr. Lorenso's attendance and participation at the March 30, 2009 hearing. Please inform Mr. Lorenso that I plan to call him to testify at this hearing as part of my client's defense. Under the Texas Rules of Civil Procedure, service of a hearing or trial subpoena on a party's attorney of record constitutes effective service of process.

Additionally, please be advised that we expect Mr. Lorenso and Larkspark to continue to honor their ongoing obligations to preserve any and all materials that relate to this dispute. We intend to refile the present lawsuit and want to insure that evidence is maintained for discovery. Please note that this obligation to preserve includes any and all materials, of whatever form including, but not limited to, files, emails, communications, notes, drafts, documents and recordings, and other electronically stored materials (including materials stored in hard-drives and/or shared and network servers), concerning or relating to this lawsuit and the events described in VS's current Petition including, without limitation, any and all materials relating to the creation of Larkspark or PubClip, any of the products offered or in development by Larkspark, or source code created by Mr. Lorenso, as well as to any other matter relevant to this dispute.

Please advise Mr. Lorenso not to delete, discard, destroy or alter any records of any nature whatsoever, including email and other electronically stored material, that may be relevant to the events described in the Petition. This preservation instruction encompasses any and all materials that Mr. Lorenso may have transferred to archives or to an assistant. If

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | 2200 Ross Avenue | Suite 5200 | Dallas, Texas 75201 | Tel 214.665.3600 | Fax 214.665.3601
DAL77,411,392 3 118431.010100

www.gtlaw.com

Michael Collins
Collins, Basinger & Pullman
March 18, 2009
Page 2

---

Mr. Lorenso has any materials related to the subject matter of this lawsuit outside of his work area – at home, in another office, on a laptop, palm pilot or other storage medium, on a Blackberry or other communication device or anywhere else – Mr. Lorenso must preserve those materials, in addition to the materials outlined above. Mr. Lorenso should also take steps to freeze any policy maintained by Larkspark or Mr. Lorenso that provides for the automatic destruction of materials upon the occurrence of a triggering event or the passage of time.

Thank you for your assistance and cooperation.

Sincerely,

Brian A. Colao

BAC:RCW:ss
Enclosure