**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| VocalSpace, LLC,<br><br>　　　　　*Plaintiff,*<br><br>　v.<br><br>Daniel D. Lorenso, and Larkspark Corporation<br><br>　　　　　*Defendants*. | Case No. 4:09-CV-350 |

**SELL.COM'S REPLY TO VOLCALSPACE'S RESPONSE TO
SELL.COM'S MOTION TO RECONSIDER ORDER DENYING
<u>MOTION TO QUASH SUBPOENA</u>**

**I. Introduction**

After waiting apparently six or seven years after it employed Defendant Daniel "Dante" Lorenso, Plaintiff VocalSpace, LLC now alleges that Lorenso took some unspecified portions of computer code and argues that VocalSpace should be allowed to run roughshod over the rights of Sell.com, a non-party, to prove a claim that it apparently never thought was important before. VocalSpace believes that the Court should order Sell.com to produce a copy of *all* of its computer code—its most valuable operating asset—rather than require VocalSpace itself to produce a copy of whatever segments of code it believes Lorenso "flagrantly" stole and to let Sell.com search its code to compare the segments to Sell.com's code. VocalSpace, thus, argues that its own alleged trade secrets are more important than Sell.com's. The Court should reject VocalSpace's arguments and either quash its subpoena entirely or, alternatively, order Vocalspace to

produce the segments of its allegedly pirated code and have Sell.com compare the segments to its own code and report to the Court.

## II. The Court should reject VocalSpace's arguments.

### A.   The Court should not strike Sell.com's motion under Local Rule CV-7.

The Court should grant Sell.com leave for its motion to reconsider to exceed 15 pages. VocalSpace's subpoena and the Court's related order require Sell.com to turn over one of its most valuable assets to VocalSpace with no evidence to support such a drastic and risky production. Also, its motion to reconsider is dispositive as to Sell.com.

### B.   Rule 54(b) governs, not Rule 72(a).

Rule 54(b) allows a court to reconsider any order before final judgment, and it doesn't confine the grounds for reconsideration. It favors correct decisions over trying to create law of the case before final judgment. This is especially important when considering non-parties' rights. Contrary to VocalSpace's argument, Rule 72(a) applies to objections to a U.S. Magistrate Judge's order on a nondispositive motion. Sell.com asks for reconsideration; it isn't objecting.

### C.   VocalSpace still refuses to identify any allegedly pirated code.

At pages 5–6 of the brief in support of its motion to reconsider, Sell.com pointed out that VocalSpace has failed to produce any piece of code, which it can prove that Lorenso misappropriated. As Sell.com also pointed out at pages 16–17 of its brief, VocalSpace also failed to clarify whether its subpoena seeks all of Sell.com's code or just parts that Daniel Lorenso developed. VocalSpace ignores these issues in its response. This means that VocalSpace has shown no predicate for forcing Sell.com to turn over its

entire code and that it has failed to meet its duty under Rule 45(c)(1) to minimize the burdens on a non-party.

**D.    VocalSpace fails to offer any evidence of relevance.**

Sell.com presented evidence to the Court that Sell.com's online business, its sole business, is unlike VocalSpace's. Nothing suggests that any part of its code, which Sell.com's programmers have worked on for four years since Lorenso worked there in 2006 for three months, is related or similar to VocalSpace's code. Nonetheless, VocalSpace just asserts that Sell.com's code is "highly relevant" to its claims. But the fact that a party has asserted a claim doesn't show that another's trade secrets are relevant. VocalSpace offers no evidence of—or even a reason to suspect—relevance.

**E.    Assuming for argument's sake that Sell.com's code might be relevant, then the best solution is to require VocalSpace to produce segments of its code to Sell.com for comparison.**

The Court's chief options are: (1) to require Sell.com, a non-party, to produce a copy of its entire code to VocalSpace (who admits that it already failed to protect properly its own code) or (2) to require VocalSpace to produce copies of the allegedly pirated segments of its own 6–7 year-old code to Sell.com and allow Sell.com to compare the segments to its own code. Then Sell.com will report to the Court, and the Court can assess whether there is any need for a further examination by VocalSpace.

**1.    There's little chance of finding evidence in Sell.com's code, and VocalSpace's trade secrets are no more important than Sell.com's.**

If the Court doesn't quash VocalSpace's subpoena outright, then it should select the second option. The undisputed evidence is that Lorenso worked at VocalSpace for only three months, four years ago, and other programmers have most likely modified or replaced the code on which Lorenso originally worked. Also, VocalSpace's trade secrets

are no more important than Sell.com's, and Sell.com is not a party here.  Far fewer of VocalSpace's trade secrets would be at risk under the second option because it would only have to produce the allegedly pirated segments of its code.

### 2. VocalSpace's objection is groundless.

VocalSpace's sole objection is that the second option "would require VocalSpace to more or less take the subpoenaed parties' word with no way of verifying the veracity of the search."  First, there is no reason to suspect that Sell.com wouldn't provide an accurate report.  Second, what VocalSpace concedes is that there's little chance that anyone will find anything significant because Lorenso worked at Sell.com for only three months in 2006, and other programmers have modified or overwritten his code.  But this is no reason not to select this option.  Third, VocalSpace's assertion is inaccurate.  Sell.com can describe its method of comparing VocalSpace's segments to its own code and describe what it finds.  VocalSpace can evaluate Sell.com's methodology and submit any objections to the Court.  Fourth, under VocalSpace's subpoena, Sell.com would more or less have to take VocalSpace's word that it would properly protect its most valuable operating asset.

### F. VocalSpace fails to show that the Protective Order is adequate.

If protective orders and confidentiality agreements were sufficient, then VocalSpace wouldn't have filed this misappropriation case in the first place.  If it trusts the protective order, then VocalSpace can produce the allegedly pirated segments of its code as a "producing party," who is actually a party here, and Sell.com can compare the segments to its own code.  VocalSpace provides no evidence or reason as to why

Sell.com should risk its most important operating asset on the chance that VocalSpace will properly protect Sell.com's trade-secret computer code.

### G. Production of Sell.com's entire code is unduly burdensome and risky.

Sell.com presented evidence that its sole line of business is operating an online market place in the format of classified advertisements, that its code is of a considerable size, and that its code took approximately 10 years and hundreds of thousands of programmer hours to create. Sell.com presented evidence that production of its entire code would be burdensome and would risk its business and customer confidence. VocalSpace produced no evidence on these questions. Instead, it asserts that "producing source code is a simple task." But this is false, and it misses the point that production of Sell.com's code would put its entire business at risk.

### H. Sell.com is entitled to protect is computer code and its customer information.

At pages 6–7 of its response, VocalSpace asserts that "What the subpoenaed parties' [sic] fail to grasp is that this sort of confidential customer information can be easily redacted." But no one is talking about Sell.com producing customer information itself. The subpoena doesn't address customer information, and neither does the Court's order. Sell.com's objection is that its code contains program segments, which would allow a programmer, who had access to it, to develop a program that would allow him or her to later obtain access to Sell.com's customer's financial and personal information, such as credit-card information. VocalSpace doesn't dispute this. This is another reason either to quash VocalSpace's subpoena or to require it to produce the segments of its allegedly pirated code and allow Sell.com to compare it to its own code.

Dated: October 5, 2010

                Respectfully submitted,

                /s/ Michael F. Pezzulli
                Michael F. Pezzulli
                Attorney & Counselor
                Pezzulli Barnes LLP
                17300 Preston Road, Suite 220
                Dallas, TX 75252
                Tel: (972) 713-1300
                Fax: (972) 713-1333

                ATTORNEY FOR MOVANT
                Darren Dittrich and Sell.com

## CERTIFICATE OF SERVICE

I certify that on October 5, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                /s/ Michael F. Pezzulli
                Michael F. Pezzulli