UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION
TO AMEND SCHEDULING ORDER**

Defendants ask the court to deny Plaintiff's Emergency Motion to Amend Scheduling

Order (Docket No. 93).

**NOTE:  THE DEFENDANTS REQUEST AN ORAL HEARING ON THIS MATTER**

A. Introduction

1.   Plaintiff is Vocalspace, LLC; defendants are Daniel D. Lorenso and Larkspark

Corporation.

2.   Plaintiff sued defendant for copyright infringement and other claims.  This case was

filed on July 23, 2009.   Previous to the filing of the instant action, the plaintiff had sued the

defendants in Collin County District Court in summer 2008 for the same facts at issue in this

case.

3.   On August 23, 2010 all parties participated in a telephone conference with the Court involving a discovery dispute, and on that same day the Court issued an Amended Scheduling Order (Docket No. 84) which called for a discovery deadline of October 25, 2010, ADR deadline of October 22, 2010 and deadline for dispositive motions of November 5, 2010.

4.   Following the August 23, 2010 plaintiffs attempted no discovery on the defendants until September 24, 2010 when they sent plaintiffs second request for admissions (containing 321 separate requests to admit ! ); plaintiffs second set of interrogatories; and plaintiffs second request for production.

5.   The parties have had at least one telephone conference to discuss open discovery issues in the past several weeks.

6.   Plaintiff has noticed of deposition for defendants to take place the week of October 18, 2010.

7.   Plaintiff has filed an emergency motion to amend scheduling order (Docket 93), seeking to extend the discovery deadline, ADR deadline, dispositive motion deadline, pretrial order deadline.

## B. Argument

8.   The court should deny the plaintiffs request to amend the current scheduling order. This is the second lawsuit involving the same facts that plaintiff has filed against defendants since the summer of 2008.   Plaintiff has had ample opportunity to develop its case.

9.   The plaintiff participated in a hearing with this Court on August 23, 2010 in which the court set certain deadlines.

This was not the first time the dates have moved in this case.  Previously the schedules in this case were amended on:

January 21, 2010

May 13, 2010

June 4, 2010

July 1, 2010

August 23, 2010

10.    The defendant has been unwillingly dragged through two lawsuits filed by the plaintiff, and looks forward to the trial and conclusion of this matter at the earliest possible date.  Defendant Dante Lorenso has a wife, three children (one of which is less than a year old).   The litigation practices of the plaintiff have been disruptive on the defendants life, having being forced to spend tens of thousands of dollar in defense of these lawsuits.

11.    The plaintiffs are seeking an "emergency" motion when so such "emergency" exists.  As detailed above, this case has gone through five separate amendments to the scheduling order.   After the latest conference call with this court on August 23, 2010, plaintiff waited over a month to send discovery to the defendant.   There can be NO excuse for the inaction by the plaintiff  as they waited until the 30th day before the discovery deadline (which is the last possible day to send written discovery in order for it to be answered before the discovery deadline).   For over a month the plaintiff sat on its hands and did not engage the defendant in any further discovery requests, only to now file an "emergency" motion.

12.    The plaintiffs have gone on a crusade for third party discovery, by going to all of

defendant Dante Lorenso's former employers and seeing to look at their computer code of the former employers websites.  Plaintiffs could have engaged in this third party discovery at the onset of this lawsuit and had all issues resolved by now, but they choose to wait until late in the suit to really pursue this third party discovery.  Defendant does not control any of the third parties, so any issue with the third parties should not be attributable to the defendants.  Moreover, it appears that the plaintiffs have resolved the discovery issues with the third parties and should be completed with discovery involving the third parties prior to the current October 25, 2010 deadline.

13.    The plaintiffs seek not only an extension of the discovery deadlines, but also the ADR deadline and all other deadlines except for the trial date.   In the proposed scheduling order suggested by the plaintiff, they suggest the deadline to file pretrial order, motions in limine, jury instructions, etc., to be only one day before the January 14, 2010 final pretrial conference.   This is just not enough time to process that amount of information.

14.    Plaintiff has not shown good cause in seeking the amending the scheduling order.  There have already been five amendments to the schedules in this case.   Plaintiff is a company with means to hire a large law firm and pursue this case for many more months.  Defendant is a lone person, trying to raise a family and pay for the defense of this case at the same time.  Defendant should not have to endure even more discovery and the likely delay of the conclusion of this case even further.


E.  Conclusion on Sanctions Issue

15.    For the reasons stated above, the defendants request the court deny the plaintiffs emergency motion to amend the scheduling order.    If the Court were to entertain any

extension, it should only be to extend the discovery deadline for one week to ensure the parties complete the depositions in this case.   All other deadlines should remain as they are currently set.


**NOTE:  THE DEFENDANTS REQUEST AN ORAL HEARING ON THIS MATTER**


Respectfully submitted,


 /s/ Ernest P. Nycz
 ERNEST P. NYCZ
State Bar No. 24005547
2300 McDermott, Suite 200-369
Plano, Texas 75025
Email:  ernie@nycz.com
Phone (972) 377 8191
Fax (214) 853 5905
ATTORNEY FOR DEFENDANTS


CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2010 a true and correct copy of the foregoing response to emergency motion to amend scheduling order has been electronically filed on the CM/ECF system, and sent via fax to:

Neal G. Massand  (Attorney for Plaintiff)
Fax : 214 462 6401


/s/ Ernest P. Nycz
ERNEST P. NYCZ