UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:09-cv-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO EMERGENCY MOTION TO AMEND SCHEDULING ORDER**

Plaintiff, VocalSpace LLC files this Reply to Defendants' Response to Plaintiff's Emergency Motion to Amend Scheduling Order and, in support thereof, respectfully show this Court as follows:

## I.   INTRODUCTION

Plaintiff's Motion should be granted because it has established good cause to amend the scheduling order. Defendants' response is replete with mischaracterizations and completely overlooks the good cause for amending the scheduling order shown by Plaintiff's. For example, Defendants' state that "After the latest conference call plaintiff waited over a month to send discovery to the defendant." Doc. No. 96 at 3. This complaint is off the mark. Plaintiff's request to amend the scheduling order is so that third-party discovery, which it has diligently pursued, and deposition, the dates of which the parties have mutually agreed upon, can be completed. It has nothing to do with the responses to its most recent discovery requests to Defendants. Further, Defendants appear to imply that Plaintiff's motion is made for the purpose

delay and cite to the numerous schedule changes that have already occurred in this case as support. In doing so, they overlook the fact that these schedule changes were all due to their tactic of changing counsel to avoid making discovery responses. Defendants' Response simply does nothing to overcome the showing of good cause to amend the scheduling order made by Plaintiff.

## II.  ARGUMENT AND AUTHORITIES

In the present case, there is good cause to amend the scheduling order. Pursuant to the Court's Order denying in part and granting in part Sell.com and Darren Dittrich's Motion to Reconsider (Doc. No. 94), Dittrich and Sell.com have offered October 26, 27, and 28 or November 3 and 4 as potential dates for an onsite inspection of code. *See* October 12, 2010 Letter, attached hereto as Exhibit A. Additionally, the current deadline for Defendants' to submit their expert report is October 18, 2010. Pursuant to the parties' mutually agreed upon (though tentative) schedule, depositions will occur ever day between October 19, 2010 and October 25, 2010. This means the earliest date Defendants' expert can possibly be deposed is October 26, 2010. And even if the expert is deposed on October 26th, the deposition may have to be reconvened to account for discovery from Dittrich and Sell.com. All of this discovery, therefore, cannot be completed before the current discovery deadline of October 25, 2010. Importantly, Plaintiff is not seeking to move the trial date, but merely to move pre-trial deadlines. Accordingly, good cause exists to amend the scheduling order as requested by Plaintiff.

### III.  CONCLUSION

For these reasons, Plaintiff asks the Court to grant this Emergency Motion To Amend Scheduling Order and amend the scheduling order according to the deadlines included in the proposed order attached to its Motion.

Respectfully submitted,

/s/ Neal G. Massand
Brian A. Colao
Texas Bar No. 00793528
bcolao@dykema.com
Neal Massand
Texas Bar. No. 24039038
nmassand@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 2400
Dallas Texas 75201
(214) 462-6400 - Telephone
(214) 462-6401 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 15, 2010.

/s/ Neal G. Massand
Neal G. Massand