UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN THE ALTERNATIVE MOTION TO CONTINUE TO ADD DISCOVERY EVIDENCE**

1.   Defendants ask the court to render partial summary judgment against plaintiff, as authorized by FRCP 56.

A. Introduction

2.   Plaintiff is Vocalspace, LLC; defendants are Daniel D. Lorenso and Larkspark Corporation. Defendants ask the court to render partial summary judgment against plaintiff, as authorized by FRCP 56.

3.   Plaintiff sued defendant for copyright infringement and other claims.

4.   Defendants files this motion for partial summary judgment on the plaintiff's claims for copyright infringement (count 1 of Complaint); violation of the Computer fraud and abuse act (count 2 of the Complaint); misappropriation of Trade Secrets (count 3 of the complaint); breach of fiduciary duty (count 4 of the Complaint); constructive fraud (count 5 of the Complaint); unfair competition (count 6 of the Complaint); Fraud (count 7 of the complaint);

Unjust Enrichment (count 8 of the complaint); Texas Theft Liability Act (count 9 of the Complaint); Accounting (Count 10).   Partial summary judgment should be granted on the above counts as there is no genuine issue of material facts in the elements of plaintiff's claims.

### B. Motion to Continue

5.   The Court recently, on October 18, 2010, extended the discovery deadline to November 24, 2010 but left the deadline for dispositive motion that was previously set for November 5, 2010.   Defendants have not yet taken the deposition of any representative of the plaintiff, and as a result are at a severe disadvantage in filing a motion for summary judgment at this time.   Defendants, as a practical matter, must have the depositions of the plaintiff's officers and directors to be in any position to file a proper motion for summary judgment.   Defendants request additional time to complete their motion for summary judgment, at least 5 days following the close of discovery in this matter.   Motions for continuance are broadly favored and should be liberally granted.   *Culwell v. City of Forth Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

### C. Statement of Facts

6.   Defendants are unable to construct a complete statement of facts at this time, as discovery is still ongoing.   As of the date of this pleading, defendants have yet to take the deposition of any of representative of the plaintiff.   The defendants request the right, through a motion, to continue to supplement this pleading with discovery evidence once obtained. Discovery is set to close on November 24, 2010.

D. Arguments

**Count 1 – Copyright**
**Count 8 – Unjust Enrichment**

7.   In this lawsuit, the plaintiff contends that it owns and has certain rights to computer code and that defendant has committed copyright infringement and a myriad of other wrongs. At the crux of this suit is **who is the owner of the computer code**.  One significant issue in this case is the status of an "Independent Contractor Agreement" which was dated January 8, 2007.   The plaintiff claims largely fail if the Independent Contractor Agreement is deemed to be a valid and enforceable agreement.   A copy of the Independent Contractor Agreement is attached as Exhibit "A".

8.   The defendants are requesting partial summary judgment on the issue of the validity of the Independent Contractor Agreement.    According to the Declaration of Defendant Daniel Lorenso, attached as Exhibit "B", he states that plaintiff drafted the Independent Contractor Agreement and that he and Randy Dryburgh, Plaintiff's CEO, both signed the document on January 8, 2007.

9.   The Independent Contractor Agreement contains all the elements for a valid contract and should be recognized by this court as an agreement between the parties.   The Plaintiff does not like the existence of the agreement and have made every attempt to distance itself from this agreement, even to suggest that it does not exist.    This court should rule as a matter of law that the agreement does in fact exist and that the plaintiff is bound by the terms of the agreement.

10.   This issue is important as in paragraph XV of the Independent Contractor Agreement, it states:

Independent Contractor hereby grants VocalSpace a non-exclusive, worldwide,

transferable, royalty-free and fully paid up right and license to any software, code and/or technology developed by Independent contractor in the performance of services hereunder.

11.   If the agreement is deemed to be valid, than this would mean that Defendants are the owner of the software code from the date of the agreement forward, which would greatly consolidate the issues to be tried before the jury in this lawsuit.   In addition, if the court were to find the agreement valid, plaintiffs claim for Unjust Enrichment would fail, as plaintiff has plead in paragraph 120 of the complaint that all of Vocalspace code is the exclusive code of plaintiff.   If the agreement is valid, then not all of Vocalspace code is exclusive to the plaintiff.

12.   It is for the above reasons that the defendants ask the court to review the summary judgment evidence and grant partial summary judgment by ruling that the Independent Contractor Agreement is a valid and enforceable.

### Remaining Counts – No Evidence

13.   Summary judgment is proper in a case in which there is no genuine issue of material fact. Fed. R. Civ. P. 56(c)(2); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   A defendant who seeks summary judgment on a plaintiff's claim must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary-judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23.

14.   The defendant may show there is no evidence to support an essential element of the plaintiff's claim.  See *Celotex*, 477 U.S. at 325.   At present, there is no evidence for many of

the plaintiff's claims.

## Computer Fraud and Abuse Act (Count 2)

15.   To show a violation of the Computer Fraud and Abuse Act (Count 2 of the plaintiff's complaint), the plaintiff must show that (1) the defendant accessed a 'protected' computer; (2) has done so without authorization or by exceeding such authorization as was granted; (3) has done so 'knowingly' and with 'intent to defraud' and (4) as a result has furthered the intended fraud and obtained anything of value.   *P.C. Yonkers, Inc., v. Celebrations the Party and Seasonal Superstore, LLC*, 428 F.3d 504,508 (3rd Cir. 2005).

16.   According to the attached Declaration of defendant Dante Lorenso (Exhibit B), at no time did he access any of the plaintiff's computers without authorization or exceed said authorization.   Further, defendant states that he never intended to defraud the plaintiff.

17.   The actual facts show that defendant Dante Lorenso was at first an employee of plaintiff, then later an independent contractor of plaintiff through defendant Larkspark.   See Declaration of Dante Lorenso, Attached as Exhibit "B".   If this court grants defendants partially summary judgment above and finds that the Independent Contracts Agreement is valid, it means that defendant Larkspark is the owner of most of software code (At least since January 1, 2007), and that as a result, it is not possible that defendants could be found to have committed any fraud.

18.   Defendants ask this court to find there is no evidence to support the elements of plaintiffs' count two, violation of the Computer Fraud and Abuse Act.

## Misappropriation of Trade Secrets (Count 3)
## Constructive Fraud (Count 5)
## Unfair Competition (Count 6)
## Fraud and Fraudulent Concealment (Count 7)
## Texas Theft Liability Act (Count 9)
## Accounting (Count 10)

19.   In addition, plaintiff's counts for Misappropriation of Trade Secrets (Count 3), Constructive Fraud (Count 5), Unfair Competition (Count 6), Fraud and Fraudulent Concealment (Count 7), Unjust Enrichment (count 8 of the complaint); Texas Theft Liability Act (count 9 of the Complaint); Accounting (Count 10)  all fail if the court rules that the Independent Contracts Agreement is valid, in that all those counts are based around the premise that defendants used computer code that did not belong to them, and if the agreement is upheld then defendants could not have done anything wrong with the plaintiff code, as in actual fact it was defendants' code.

20.   The Declaration of Dante Lorenso, Attached as Exhibit "B" states that he did not steal or misappropriate any code that belonged to plaintiff (paragraph 7).    He also states that he made plaintiff aware on May 16, 2006 and again later that he intended to create code for use in his own projects.   The evidence in this case is that defendants could not have committed any wrongs involving software code, and this court should rule for defendants and grant partial summary judgment on Counts 3, 5, 6, 7, 8, 9 and 10.


### Breach of Fiduciary Duty (Count 4)

21.   The plaintiffs have claimed that defendant Dante Lorenso was Vice President of Technology and Chief Architect (paragraph 91 of the complaint), which created various duties of loyalty that the defendant Daniel Lorenso breached.    There is no evidence to support the contention that Dante Lorenso owed the plaintiffs any fiduciary duty.  As stated in the Declaration of Dante Lorenso (attached as Exhibit "B"), he was never an officer or director of the plaintiff, nor was he in position to be granted any fiduciary duties.  As further

stated in the Declaration, Dante Lorenso did make plaintiff aware of his intention to develop code for his own use.   He also states "there is not now nor has there ever been any non-compete or non-disclosure agreements in effect between myself and VocalSpace." (paragraph 10). There simply is no evidence to support the plaintiff's claim that Dante Lorenso owed any fiduciary duty to the plaintiff, and therefore, this Court should grant partial summary judgment in favor of defendants as to Count 4.

## E.  Conclusion

22.   Given the above, defendants ask the court to grant this motion and render partial summary judgment for Defendants by finding the Independent Contractor Agreement is valid, which should dispose of Counts 2 through 10 of plaintiff's complaint, and greatly reduce the number of issues to be tried in this case.

Respectfully submitted,


  /s/ Ernest P. Nycz_____
 ERNEST P. NYCZ
State Bar No. 24005547
2300 McDermott, Suite 200-369
Plano, Texas 75025
Email:  ernie@nycz.com
Phone (972) 377 8191
Fax (214) 853 5905
ATTORNEY FOR DEFENDANTS


## CERTIFICATE OF CONFERENCE

I certify that on Monday, November 1, I conferred with Neal Massand, attorney for plaintiff about an agreement on a motion to extend the date for dispositive motions, and he stated that plaintiff was opposed to such a motion.

/s/ Ernest P. Nycz_____
 ERNEST P. NYCZ

CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2010 a true and correct copy of the foregoing Motion for Partial Summary Judgment to has been electronically filed on the CM/ECF system and send electronically to Neal Massand, attorney for plaintiff.

/s/ Ernest P. Nycz_____
ERNEST P. NYCZ