UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S  EMERGENCY MOTION TO COMPEL DEPOSITIONS & ADR, AND IN THE ALTERNATIVE MOTION TO AMEND SCHEDULING ORDER AND RESPONSE TO PLAINTIFFS MOTION TO QUASH.**

**NOTE:  THE DEFENDANTS REQUEST AN ORAL HEARING ON THIS MATTER**

Defendants ask the court, on an emergency basis, to compel the plaintiff to produce its witnesses for deposition prior to the deadline for discovery which is currently set for November 24, 2010.   In the alternative, the defendants ask the court to amend the scheduling order in such a way that there is no delay in the scheduled trial date of January 18, 2011. Lastly, defendants request the court to order the plaintiff to mediation.

A. Introduction

1.   Plaintiff is Vocalspace, LLC.; defendants are Daniel D. Lorsenso and Larkspark Corporation.

2.   Plaintiff sued defendants for copyright infringement and other claims.

3.   On August 23, 2010 this court issued Amended Scheduling Order (*Docket No. 84*)

setting the following dates:

| | |
|---|---|
| Mediation Deadline: | October 22, 2010 |
| Discovery Deadline: | October 25, 2010 |
| Deadline for Dispositive Motions: | November 5, 2010 |
| Pretrial Order: | December 14, 2010 |
| Pretrial Conference: | January 14, 2011 |
| Jury Trial: | January 18, 2011 |

4 .   During the second week of October,  the parties agreed to a deposition schedule as

follows:

| | |
|---|---|
| Deposition of Daniel Lorenso (Defendant Rep.) | October 19, 2010 |
| Deposition of James Adams (Plaintiff Rep.) | October 21, 2010 |
| Deposition of John Otken (Plaintiff Rep.) | October 21, 2010 |
| Deposition of Ben Laws (Plaintiff Expert) | October 22, 2010 |
| Deposition of Randy Dryburgh (Plaintiff Rep.) | October 25, 2010 |

See *Email from Neal Massand, dated October 15, 2010 attached as "Exhibit A"*

5.   The deposition of Daniel Lorenso took place on October 19, 2010  and October 20,

2010.   Present at the deposition of defendant Lorenso was James Adams, John Otken, and

Randy Dryburgh, all three of which are partners (owners) of the plaintiff.

6.   On the second day of Daniel Lorenso's deposition on October 20, 2010, counsel for

plaintiff announced that John Adams, one of plaintiffs partners, was suddenly called away on

a family emergency and would be not be present for his deposition scheduled to take place

the next day on October 21, 2010.

7.   Undersigned counsel noted that the court had just issued a ruling (Docket No. 98)

extending the discovery deadline to November 24, 2010 and the ADR deadline to November

22, 2010, and given that John Adams was purportedly called away on a family emergency, inquired during a break in the Lorenso deposition to the plaintiffs counsel if he preferred that the parties reschedule the depositions of the plaintiffs representatives in November, prior to the discovery deadline.  The plaintiffs attorney, Brian Colao, said "that that would not be a problem".

8.    The first week of November was quite busy with the fact the that the deadline for filing of dispositive motions was November 5, 2010.  Counsel for Defendant had contacted Neal Massand, Counsel for plaintiff, prior to November 1 to inquire on the remaining issues open for discovery, to discuss the schedule for deposing the plaintiffs witnesses, and to talk about altering the date of the summary judgment deadlines to accommodate the open discovery issues.   Neal Massand replied back via email that the plaintiff was opposed to moving any of the summary judgment deadlines.  See *Email from Neal Massand, dated November 1, 2010 attached as "Exhibit B".*   Plaintiff decided not to seek any extension on the date of the dispositive motions for fear this could lead to the delay of the trial date.  On November 5, 2010 defendants filed their motion for partial summary judgment (*Docket No. 104*).

9.    On November 8, 2010, undersigned counsel telephoned Neal Massand, plaintiffs counsel, to inquire on finalizing the dates of plaintiffs depositions, and to schedule the date of the mediation prior to the deadlines of November 24, 2010 and November 22, 2010.  Mr. Massand responded that he was going to "check with his clients".

10.    On November 9, 2010, Neal Massand emailed undersigned counsel stating "...I expect to hear something about the depo dates today".   See *Email from Neal Massand, dated November 9, 2010 attached as "Exhibit C".*   After going back and forth on the

telephone several times that day, and sensing that plaintiff was trying to stall on the depositions and seek a delay in the trial, defendants issued notices of depositions to plaintiffs representatives.   See Notice of deposition, attached as Exhibits A, B, C & D to Plaintiffs Motion to Quash (*Docket No. 109*).

11.   Neal Massand, counsel for Plaintiff, telephoned undersigned counsel and informed him that none on plaintiff witnesses were available for deposition the next two weeks. When asked about the fact that this was beyond the deadline for discovery and beyond the date that defendants were to file a response to the plaintiff's motions for summary judgment and motion for discovery sanctions, the only thing opposing counsel could say was that we move the dates forward, including the trial date.   This was opposed by the defendants.

12.    On November 5, 2010, all parties filed motions for summary judgments, which sets the response deadlines of November 26, 2010 (the day after thanksgiving) and prior to the date that defendants have taken a single deposition of the plaintiff.    On November 5, 2010 the plaintiff also filed a motion for discovery sanction, seeking the "death penalty", which puts defendants response date at November 19, 2010.

13.   Plaintiff has offered deposition dates of the week of November 29, 2010, which is beyond the date of the discovery cut off and beyond the date the responses to the dispositive motions are due.   In addition, undersigned counsel has a pre scheduled trip out of the State from November 30, 2010 until December 3, 2010.

<u>B. Argument</u>

14.   **The defendants do not want a delay in this trial setting of January 18, 2010.** This is the second lawsuit that the defendants have been forced to defend involving this plaintiff, and any delay to this lawsuit will cause prejudice to the defendants, given their

limited resources as compared to the plaintiff.   Defendant Daniel Lorenso  has three young children, and he and his wife are expecting another baby in April 2011.   The Defendants need a final resolution to this lawsuit as the earliest possible date.

15.   The plaintiffs are refusing to present their witnesses for deposition prior to the discovery deadline, and prior to the deadline for responses to the plaintiff's motions for summary judgment.   This should not be permitted.

16.   It appears that defendants are really seeking a delay in this trial, which should not be granted by this court.    It is possible to complete discovery and have all dispositive motions briefed before the trial date of January 18, 2011.

17.   The above facts demonstrate that defendants were ready to take plaintiffs depositions in October, however due to a sudden "family emergency" involving plaintiffs part owner John Adams, he was not available for deposition on the scheduled date.   For some time the defendants have been attempting to reschedule the plaintiffs depositions, only to be delayed by the plaintiffs.   The plaintiffs attempt to offer their witnesses until after the close of discovery will only serve to cause a further delay in the scheduling of this trial.

**Response to Motion to Quash Depositions**

18.   Plaintiffs argument in its Motion to Quash (*Docket 109*) that defendant did not give reasonable notice should be rejected.  As stated above, the depositions of the plaintiffs were scheduled for October, but due to a purported family emergency the depositions of the first witness was cancelled, and the parties agreed to reset the depositions in November. November came and suddenly none of plaintiffs representatives are available until after the close of discovery.

19.   As stated above in paragraph 8, undersigned counsel made inquiries via telephone,

which is the reasonable thing to do, with opposing counsel prior to November 1, 2010, to the scheduling of the depositions, and no dates were forthcoming from plaintiffs until November 10, 2010 when it was announced that all of their witnesses were unavailable until November 29, 2010.    This court should find that defendants did comply with FRCP 30 and give reasonable notice for the deposition of the plaintiffs witnesses.

20.    Defendants are willing to take the deposition of Randy Dryburgh (plaintiffs co-owner) and Ben Laws (plaintiffs expert), both who live in the DFW area, the week of November 15, 2010.    In addition, the defendants can take the deposition of John Otken (plaintiffs co-owner) in his home city, Austin, Texas, later in the week of November 15. Defendants are willing to take a partial deposition via the telephone of plaintiffs last witness, John Adams (plaintiff co-owner who lives in Vermont), the week of November 22, 2010, and complete his deposition face to face when he is available in Texas on November 29, 2010. The court should order the depositions as requested above.

## EMERGENCY MOTION

21.    The defendants file this emergency motion due to the fact that the plaintiff is not cooperating on the scheduling of the plaintiffs depositions, which will result in depriving the defendants of any depositions until after the close of discovery and after defendants responses to the motions for summary judgment and motion for discovery sanctions are due.

22.    The defendants must have an opportunity to depose the plaintiffs witnesses prior to their responses are due to the motions for summary judgment and motion for sanctions.  The defendants request at least a seven day period to file their responses to the November 5, 2010 motions from the date of  the last deposition of the plaintiffs witnesses.  The defendants request that the court keep the trial setting for January 18, 2011 and not permit the delay of

the ultimate disposition of this suit.

23.    The defendants want to depose all of plaintiffs witnesses prior to the current discovery deadline of November 24, 2010.  However, if the Court is not willing to issue an order compelling the depositions of the plaintiffs witnesses by that date, then the defendants suggest a timetable for the next two months as follows:

Deadline for all depositions to be completed :  **December 9, 2010**

Deadline for responses to motions filed 11/5/2010:  **December 15, 2010**

Deadline for replies (if any) to motions filed 11/5/2010:  **December 29, 2010**

Deadline for sur-replies (if any) to motions filed 11/5/2010  :  **January 5, 2010**

Deadline for pretrial order, etc :  **January 11, 2011**

Final Pretrial Conference :  **January 14, 2011**

Jury Selection / Jury Trial :  **January 18, 2011**

The defendants note that pursuant to Local Rule CV-7 (f), the court not need wait for the reply or surreply before ruling on any of the motions filed on November 5, 2010.

24.    The key reason for this emergency hearing is that defendants presently have a response deadline to plaintiffs motion for discovery sanctions (Docket No. 99) set for November 19, 2010, and a response deadline to plaintiffs two motions for summary judgment (Docket No 101 and No. 103) set for November 26, 2010.  Without the deposition of any of the plaintiffs witnesses by these two dates, it will be impossible for the defendants to adequately respond to these motions.

**Deadline for ADR**

25.   This court has ordered the parties to mediation.   The current ADR deadline is November 22, 2010 (Docket No. 98).       The defendants have repeatedly requested a mediation with the plaintiff, have suggested dates, etc., but the plaintiffs are refusing to schedule any mediation.     The plaintiff should be compelled to attend mediation and be sanctioned by this court for refusing to comply with any of the dates for mediation in the past.

<u>C. Conclusion</u>

26.   Defendants request the court to grants defendants motion to compel and order the depositions of  plaintiffs representatives as requested in paragraph 20 above.     In the alternative, defendants request the court to alter the remaining dates in this trial as detailed in paragraph 23 above.  Lastly, the defendants request the Court to order the plaintiff to attend mediation.

**NOTE:  THE DEFENDANTS REQUEST AN ORAL HEARING ON THIS MATTER**

Respectfully submitted,

  /s/ Ernest P. Nycz                              
 ERNEST P. NYCZ
State Bar No. 24005547
2300 McDermott, Suite 200-369
Plano, Texas 75025
Email:  ernie@nycz.com
Phone (972) 377 8191
Fax (214) 853 5905
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

I certify that I have had numerous telephone conferences with opposing counsel (both Neal Massand and Brian Colao), the last of which was on Friday, November 12, 2010, and that I have exchanged several emails in attempts to solve this discovery dispute without intervention from the Court.    The issues in this motion remain outstanding and defendants request a ruling from the Court in this dispute.

/s/ Ernest P. Nycz
ERNEST P. NYCZ

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2010 a true and correct copy of the foregoing emergency motion to compel has been electronically filed on the CM/ECF system, and sent via fax to:

Neal G. Massand  (Attorney for Plaintiff)
Fax : 214 462 6401

/s/ Ernest P. Nycz
ERNEST P. NYCZ