**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION**

| | | |
|---|---|---|
| **VOCALSPACE, LLC,** | **§** | |
| | **§** | |
| **Plaintiff,** | **§** | |
| | **§** | |
| **vs.** | **§** | **Civil Action No: 4-09 CV 00350** |
| | **§** | |
| **DANIEL D. LORENSO and** | **§** | |
| **LARKSPARK CORPORATION,** | **§** | |
| | **§** | |
| **Defendants.** | **§** | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO AMEND RESPONSES FOR PRODUCTION AND REQUEST FOR DISCOVERY SANCTIONS**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AIG Centennial Ins. Co. v. O'Neill*,
No. 09-60551-CIV, 2010 WL 4116555 (S.D. Fla. Oct. 18, 2010) .......................................3, 4

*Autotech Technologies Ltd. v. Automationdirect.com, Inc.*,
248 F.R.D. 556 (N.D. Ill. 2008)..............................................................................................6, 8

*Badalamenti v. Dunham's, Inc.*,
896 F.2d 1359 (Fed. Cir. 1990)..................................................................................................14

*Bolden v. FEMA*,
No. 06-4171, 2008 WL 145098 (E.D. La. Jan. 14, 2008)..........................................................5

*Chapman v. General Bd. of Pension & Health Benefits*,
No. 1:09-cv-03474, 2010 WL 2679961 (N.D. Ill. July 6, 2010) ..............................................8

*Covad Communications Co. v. Revonet, Inc.*,
267 F.R.D. 14 (D.D.C. 2010)......................................................................................................8

*Delozier v. First Nat'l Bank*
109 F.R.D. 161 (E.D. Tenn. 1986)............................................................................................14

*Dorsey v. Academy Moving & Storage, Inc.*,
423 F.2d 858 (5th Cir. 1970) ....................................................................................................14

*ICE Corp. v. Hamilton Sundstrand Corp.*,
2007 WL 4239453 (D. Kan. Nov. 30, 2007) ..............................................................................8

*Kalis v. Colgate-Palmolive Co.*,
231 F.3d 1049 (7th Cir. 2000) ..................................................................................................15

*Kentucky Speedway, LLC v. Nat'l Assn. of Stock Car Auto Racing, Inc.*,
No. 05-138-WOB, 2006 WL 5097354 (E.D. Ky. 2006) ..........................................................7

*PTE Ltd. v. General Electric Co.*,
No. 3:04-cv-2150, 2006 WL 1272615 (D. Conn. 2006)............................................................7

*R.F.M.A.S., Inc. v. So*,
--- F.R.D. --, No. 06 Civ. 13114(VM)(MHD), 2010 WL 3322639 (S.D.N.Y. Aug. 11, 2010) .........................................................................................................................................4

*Repligen Corp. v. Bristol-Meyers Squib Co.*
No. 2:06-cv-004 ..........................................................................................................................7

*Secure Energy, Inc. v. Coal Synthetics*,
No. 4:08CV01719 JCH, 2010 WL 597388 (E.D. Mo. Feb. 17, 2010) ....................................6

*Smith v. Smith*,
145 F.3d 335 (5th Cir. 1998) ....................................................................................14

*Spence v. Maryland Casualty Co.*,
803 F. Supp. 649 (W.D. NY 1992) ............................................................................14

*United States v. $49,000 Currency*,
330 F.3d 371 (5th Cir. 2003) ....................................................................................14

*United States v. O'Keefe*,
537 F.Supp.2d 14 (D.D.C. 2008) ...............................................................................6

*Wyeth v. Impax Labs, Inc.*,
248 F.R.D. 169 (D. Del. 2006) ....................................................................................7

**TREATISES**

7 Moore's Federal Practice, § 37.23 ........................................................................15, 16

**RULES**

FED. R. CIV. P. 34(b)(2)(E)(ii) .....................................................................................6

FED. R. CIV. P. 34(b)(2)(E)(iii) ....................................................................................8

FED. R. CIV. P. 37(a)(1) ............................................................................................15

FED. R. CIV. P. 37(a)(5)(A)(i)-(iii) ...........................................................................15

Federal Rule of Civil Procedure 34(b)(2)(E)(i) ...........................................................3

Local Rule, CV-7(h) ..................................................................................................15

Rule 34 ......................................................................................................................6

Rule 37 ...........................................................................................................13, 14, 16

# TABLE OF CONTENTS

**I. INTRODUCTION** .......... **1**

**II. STATEMENT OF RELEVANT FACTS** .......... **2**

**III. ARGUMENT AND AUTHORITIES** .......... **3**

**A.** Plaintiff Properly Produced Documents As Kept In The Ordinary Course Of Business. .......... 3

**(1)** Production Of Documents As Kept In The Ordinary Course Of Business Is Proper Under The Rules and Case Law. .......... 3

**(2)** Plaintiff Properly Produced Documents As Kept In the Ordinary Course of Business. .......... 4

**B.** Plaintiff Properly Produced Documents in PDF Format. .......... 5

**(1)** Plaintiff Produced Documents As Agreed By All Parties and In Compliance With the Federal Rules and Case Law. .......... 5

**(2)** Plaintiff Is Not Required to Produce Metadata. .......... 6

**(3)** Plaintiff Is Not Required to Produce Metadata Because Defendants Have Shown No Particularized Need. .......... 7

**(4)** Plaintiff Is Not Required to Produce Metadata Because Production of ESI in More Than One Form is Not Required. .......... 7

**(5)** Plaintiff Has Already Produced Documents In a Proper Form. .......... 8

**C.** Plaintiff Has Produced Documents Or Properly Objected to Defendants' Requests for Production. .......... 9

**D.** Sanctions Are Not Warranted. .......... 12

**IV. CONCLUSION** .......... **15**

COMES NOW VocalSpace LLC ("VocalSpace" or "Plaintiff") and files its Response to Defendants' Motion to Compel Plaintiff to Amend Responses for Production and Request for Discovery Sanctions (the "Motion") and, in support thereof, respectfully shows as follows:

## I. INTRODUCTION

Defendants' Motion should be denied. The Motion is little more than an attempt to force Plaintiff to exceed what is required under the Rules pertaining to discovery and improperly shift additional burden and costs onto Plaintiff. At the inception of this case, the parties agreed that they "will produce responsive information in hard copy form or, at the request of a party, some reasonable version of electronic form, such as searchable pdf and tiff images." Joint Discovery/Case Management Plan, Doc. No. 18. Further, the parties agreed, prior to the initial production, to respectively produce documents in PDF format. Plaintiff has already properly produced all non-privileged, relevant and responsive documents in its possession, custody or control as required by the Joint Discovery/Case Management Plan, the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's Orders. Indeed, Plaintiff has produced over 60,000 pages in response to Defendants' requests. These documents include, but are not limited to, source code, emails, computer files, correspondence, meeting minutes, financial information, and other documents evidencing damages Plaintiff has suffered in this case. Therefore, Plaintiff has already produced—with substantial effort and at substantial cost—all documents responsive to the requests for production that are the basis for the Motion..

Notwithstanding this, Defendants seem to shy away from expending any effort to review Plaintiff's production, insisting that Plaintiff perform this task for them, and they inexplicably seek the production of native files with metadata. While Plaintiff has already incurred substantial costs and has expended a significant effort to produce documents in compliance with the Rules, Defendants want Plaintiff to go above and beyond its obligations. They essentially

want Plaintiff to do their leg work without in incurring any of the cost. For example, Defendants expect Plaintiff to bear the expense of reviewing the produced documents and identifying which requests they are responsive to, even though they were produced as kept in the ordinary course of business. Defendants can perform this task just as easily as Plaintiffs. This is clearly nothing more than an improper attempt to shift the cost of reviewing the production onto Plaintiff by making Plaintiff do Defendants' work for them. Defendants should not be permitted to force Plaintiff to exceed its obligations under the Rules. As set forth more fully below, Plaintiff has consistently made good faith efforts to satisfy Defendants' multiple discovery requests. As such, Defendants' Motion should be denied.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff has consistently made a good faith effort to respond to discovery requests and it continues to do so. On July 9, 2010, Plaintiff served its responses to Defendants initial requests for production. These responses included 51,890 pages of documents. The overwhelming majority of the production consists of emails related to Defendants—as Defendants have essentially requested all communications regarding Lorenso and/or LarkSpark. Even a cursory review of the documents reveals that the emails are organized by custodian. On August 9, 2010, by agreement of the parties, Plaintiff produced approximately 7000 pages of source code. On that date, Defendants served additional Requests for Production. Furthermore, for the next several months, Defendants continued to make additional requests for production. In response to each additional request, Plaintiff responded in good faith and, where appropriate, produced documents accordingly. These additional productions include evidence regarding damages Plaintiff has suffered as a result of Defendants' actions in this case, among other things. Also, Plaintiff's production includes electronic files in searchable PDF format, as agreed to by the

parties in the Joint Discovery/Case Management Plan. It also consists of native computer code. Accordingly, Plaintiff has made every effort to engage in discovery in good faith.

## III. ARGUMENT AND AUTHORITIES

### A. Plaintiff Properly Produced Documents As Kept In The Ordinary Course Of Business.

#### (1) Production Of Documents As Kept In The Ordinary Course Of Business Is Proper Under The Rules and Case Law.

Federal Rule of Civil Procedure 34(b)(2)(E)(i) provides a producing party the option of either "1) producing documents as they are kept in the usual course of business or 2) organizing and labeling them to correspond to the categories in the request." *See* FED. R. CIV. P. 34(b)(2)(E)(i). In this case Defendants want Plaintiff to do both, since the documents have already been produced as kept in the ordinary course of business. Considering this, Plaintiff bears no duty to label or otherwise organize the documents. *See AIG Centennial Ins. Co. v. O'Neill*, No. 09-60551-CIV, 2010 WL 4116555, at *13 (S.D. Fla. Oct. 18, 2010). The recent *AIG* case explains that courts look to the specific circumstances of a case and a party's business circumstances to determine whether a party should label their production. *See id*. In *AIG*, the court found that a production of records, some of which were duplicates, was in full compliance with the Federal Rules because the responding party produced the documents as they were maintained in the ordinary course of business. *Id.* The court concluded that "where the documents produced are responsive to the production requests, a responding party that produces documents as they are usually maintained in the ordinary course of business bears no duty to label or otherwise organize the documents." *Id*. (citing *Hagemeyer N. Am., Inc. v. Gateway Data Sciences Corp.,* 222 F.R.D. 594, 598 (E.D. Wis. 2004)) (emphasis added).

Moreover, a party cannot simply assume or expect documents to be produced in a certain manner when the producing party has made no affirmative representation that it will produce in a

specific manner. *See Malibu Consulting Corp. v. Funair Corp.*, SA-06-CA-0735 XR, 2007 WL 3996302, at *2 (W.D. Tex. Nov. 14, 2007). "A responding party has only a limited obligation to organize requested documents in the manner preferred by the requesting party, and the Federal Rules evince a concern that discovery tools not be used to unduly shift the burden of analyzing evidence from the requesting party to the responding party." *R.F.M.A.S., Inc. v. So*, --- F.R.D. --, No. 06 Civ. 13114(VM)(MHD), 2010 WL 3322639, at *26 (S.D.N.Y. Aug. 11, 2010).

Defendants rely on inapplicable cases to support their position. Defendants rely on the *Ecoproduct* case for their claim that Plaintiff should label all of the documents it has produced. See (Motion at 5) (citing *Ecoproduct Solutions LP v. Cajun Constructors, Inc.*, No. 07-00126-RET-DLD, 2009 WL 1383308 (M.D. La. May 15, 2009)). Yet, Ecoproduct is irrelevant because the court in that case ordered labeling based on the responding party having placed numerous duplicative and irrelevant documents on a CD, which resulted in an "unacceptable and sloppy production." See id. at *3. This is not the case here.

Defendants also cite *Bolden v. FEMA* for the argument that Plaintiff should label its production of documents. In that case, however, the court did not ultimately conclude that the plaintiff's response of "see attached" required that the party label the production as requested here. *See Bolden v. FEMA*, No. 06-4171, 2008 WL 145098 (E.D. La. Jan. 14, 2008). Therefore, this case is equally unhelpful to Defendants.

**(2) Plaintiff Properly Produced Documents As Kept In the Ordinary Course of Business.**

The documents in this case were produced as they are usually maintained in the course of business. In addition, Plaintiff never indicated to Defendants that it would organize or label its document production in some extraordinary fashion. Therefore, any expectation Defendants

have for Plaintiff to do so is unfounded, and Plaintiff should not be required to bear the burden of extraordinarily labeling documents.

In sum, the Court should not require Plaintiff to match its documents with Defendants' Requests. Not only would that create a substantial and undue burden on Plaintiff, but it would effectively translate into Plaintiff conducting Defendants' task of reviewing the production. Notably, Defendants did not object to Plaintiff's manner of production until nearly four months after the initial production. Therefore, at this point in time, it would be unfair to require Plaintiff to go back and correlate its production with Defendants' Requests. It is clear that Defendants' Motion is brought with the self-serving aim of shifting the burden of reviewing production from Defendants to Plaintiff, and Plaintiff should not be punished for Defendants' outright lack of diligence.

### B. Plaintiff Properly Produced Documents in PDF Format.

#### (1) Plaintiff Produced Documents As Agreed By All Parties and In Compliance With the Federal Rules and Case Law.

Defendants incorrectly claim that Plaintiffs did not produce electronically stored information in a form that is reasonably usable or as it is ordinarily maintained. (Motion at 5). This is astonishing in light of the fact that Defendants had agreed that "The parties will produce responsive information in hard-copy form or, at the request of a party, some reasonable version of electronic form, such as searchable pdf or tiff images." See Joint Discovery/Case Management Plan (Doc. No. 18) (emphasis added).

Without bothering to explain why a global production of metadata is relevant to the document production, Defendants argue that Plaintiff should produce all electronically stored information in its native form "because that form of production contains meta data and other information which is not present when the file is printed to PDF." (Motion at 5-6) (citing FED.

R. CIV. P. 34(b)(2)(E)(ii)). Yet, nowhere in Rule 34 is there a requirement that a production contain meta data. The Rule specifically states, "If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form." FED. R. CIV. P. 34(b)(2)(E)(ii) (emphasis added). Indeed, it is well established that "without specific instructions otherwise, pdf format—a familiar format for electronic files that is easily accessible on most computers—is presumptively a 'reasonably usable form.'" *See, e.g., Autotech Technologies Ltd. v. Automationdirect.com, Inc.*, 248 F.R.D. 556, 559-60 (N.D. Ill. 2008) (finding that, where the requesting party failed to specify desired format, production of documents in pdf and tiff format "complie[d] with the ordinary meaning of Rule 34"); *United States v. O'Keefe*, 537 F.Supp.2d 14, 23 (D.D.C. 2008) (assuming the .pdf format is a "reasonable usable form" under the Rules); *Secure Energy, Inc. v. Coal Synthetics*, No. 4:08CV01719 JCH, 2010 WL 597388, *4 (E.D. Mo. Feb. 17, 2010) (even in the case of engineering documents, parties fulfilled their discovery obligations by producing documents in PDF).

**(2) Plaintiff Is Not Required to Produce Metadata.**

Not only do courts consistently deny motions to compel on the sole basis that PDF files are a "reasonably usable form" of production, several courts have also noted that "most metadata is of limited evidentiary value" and "is a waste of resources." *See, e.g., Wyeth v. Impax Labs, Inc.*, 248 F.R.D. 169, 171 (D. Del. 2006); *see also Kentucky Speedway, LLC v. Nat'l Assn. of Stock Car Auto Racing, Inc.*, No. 05-138-WOB, 2006 WL 5097354, at *8 (E.D. Ky. 2006). In fact, the Eastern District of Texas has expressed that it follows a general presumption against metadata production. *See Repligen Corp. v. Bristol-Meyers Squib Co.* No. 2:06-cv-004, J. Ward Jan. 12, 2007 Order) (E.D. Tex. 2007). Moreover, these courts emphasize that the production of

metadata places an undue and unequal burden and expense on the producing party. Id. Therefore, Plaintiff should not be required to produce metadata.

**(3) Plaintiff Is Not Required to Produce Metadata Because Defendants Have Shown No Particularized Need.**

Importantly, a requesting party must show a particularized need for the production of metadata before a court will consider granting a motion to compel native files and/or metadata. *See Wyeth*, 248 F.R.D. 169 (denying a motion to compel the production of native files or metadata in a patent case because movant had not demonstrated a particularized need for the documents); *Kentucky Speedway*, 2006 WL 5097354, at *8 (denying a motion to compel the production of metadata because movant had not made a showing of a particularized need); *CP Solutions PTE Ltd. v. General Electric Co.*, No. 3:04-cv-2150, 2006 WL 1272615, at *3-4 (D. Conn. 2006) (denying a motion to compel additional responses to requests for production of native files unless movant could show the need for a specific native file without the production of irrelevant documents). Because Defendants have not shown the relevance of, much less a particularized need for, metadata, Plaintiff should not be required to produce metadata.

**(4) Plaintiff Is Not Required to Produce Metadata Because Production of ESI in More Than One Form is Not Required.**

The Federal Rules also make clear that "a party need not produce the same electronically stored information in more than one form." FED. R. CIV. P. 34(b)(2)(E)(iii). Generally, "if a party wants metadata, it should "'Ask for it. Up front. Otherwise, if [the party] ask[s] too late or ha[s] already received the document in another form, [it] may be out of luck.'" *Aguilar v. Immigration and Customs Enforcement Div. of U.S. Dept. of Homeland Sec.*, 255 F.R.D. 350, 355 (S.D.N.Y. 2008); *see also Autotech*, 248 F.R.D. at 559 ("It seems a little late to ask for metadata after documents responsive to a request have already been produced in both paper and electronic format."); *see also ICE Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 4239453 (D.

Kan. Nov. 30, 2007) (request to re-produce all documents in electronic form denied because request did not specify electronic form); *Covad Communications Co. v. Revonet, Inc.*, 267 F.R.D. 14, 20 (D.D.C. 2010) ("In the absence of some reason to believe that the metadata will yield an answer that the hard copy will not, production of the information in native format at this stage of the protracted struggle is not necessary."); *Chapman v. General Bd. of Pension & Health Benefits*, No. 1:09-cv-03474, 2010 WL 2679961, at *5 (N.D. Ill. July 6, 2010).

**(5) Plaintiff Has Already Produced Documents In a Proper Form.**

The analysis in this case is simple because Defendants had already agreed that: "The parties will produce responsive information in hard-copy form or, at the request of a party, some reasonable version of electronic form, such as searchable pdf and tiff images." See Joint Discovery/Case Management Plan (Doc. No. 18) (emphasis added). Plaintiff has done just that. Accordingly, Defendants should not now be permitted to force the re-production of documents, which have already been produced, in another more burdensome format. Although the analysis could and should end there, it bears noting that Defendants did not even request, prior to their Motion, that the documents responsive to their Requests for Production be produced in electronic format, much less in their native format with metadata.

Moreover, Defendants did not object to Plaintiff's production in July when the documents were first produced to Defendants. Rather, Defendants waited over four months, and until just weeks before the close of discovery, to first pursue electronically stored information from Plaintiff and to raise any objection to the production of PDF files. Defendants have not provided the slightest indication as to why metadata is relevant in this case, much less made a showing of particularized need for the production of documents in their native format.

Further, the metadata pertaining to the files which have been produced does not relate to any claim or defense in this case. Having made no arguments as to relevance, the only

explanation for Defendants' motion is that the production add burden and costs to Plaintiff. This burden, and the expense of production, far outweighs the limited evidentiary value, if any, that metadata could provide. In light of this, and for the reasons stated above, Plaintiff should not be compelled to produce all electronically stored information in its native format, and the Court should deny Defendants' Motion.

**C. Plaintiff Has Produced Documents Or Properly Objected to Defendants' Requests for Production.**

Defendants' claim that Plaintiff has asserted improper objections to Defendants' Second Request for Production is incorrect. For the reasons stated below, Defendants' motion to compel is either moot because the documents sought have already been produced, or is unfounded because Plaintiff has asserted legitimate objections to Defendants' Requests for Production. Each separate Request, Response, and Reply is addressed below:

REQUEST 2: Produce all documents and/or communications that you have received from the United States Copyright office regarding US Copyright Registration No. TXu001607950 and/or any other copyright registration(s) that plaintiff has filed in regards to source code for any of its websites.

Defendants' Argument: To date, the plaintiff has not produced any documents between it and the copyright office. This is relevant to this lawsuit as the central issue in this lawsuit is copyright infringement, therefore this production should take place.

Plaintiff's Response: Plaintiff has produced all responsive documents in its possession, custody, or control. To the extent Defendants seek additional documents, they seek an order compelling the production of documents that Plaintiff does not have.

---

REQUEST 13: Produce all documents which details any damages plaintiff alleges to have incurred as a result of any actions of the defendants and that you are seeking in this lawsuit.

Defendants' Argument: Damages are central to any claim, yet Plaintiff is claiming that it has not yet calculated its damages and that it will do so at the appropriate time. Discovery is more than appropriate time, and we are less than three months from trial. Plaintiff should be compelled to produce any evidence of damages they have, or amend their answer to state that have no evidence of damages to produce.

Plaintiff's Response: Defendants motion to compel regarding this Request is moot, as Plaintiff has already produced all documents responsive to this Request, including VS059676–59688, produced on October 25, 2010; VS0000033, reproduced on November 9, 2010; VS060013-061140, produced on November 20, 2010.

---

REQUEST 14: Produce all documents relating to any attorney bills that you have incurred in regard to this lawsuit.

Defendants' Argument: In the original complaint, Plaintiff claims attorneys' fees. Defendants have the right to view all attorney fees of the Plaintiff. Plaintiff wants to wait to prior to trial, which is not a valid objection. The court should compel Plaintiff to produce its attorneys' fees.

Plaintiff's Response: Plaintiff maintains its objection that this Request is not ripe at this time. Plaintiff's attorneys' fees are continuing to accrue. Accordingly, Plaintiff will produce responsive documents at the appropriate time, as required by the Rules.

---

REQUEST 15: Produce copies of all complaints or petitions in any action filed by or against VocalSpace in this the allegations are similar to those in this suit.

Defendants' Argument: The undersigned attorney had a telephone conference with opposing counsel Neal Massand concerning this Request. Defendants' attorney clarified that there was a typo in the Request that the Request meant to ask for complaints or petitions by or against VocalSpace in which the allegations are similar to those in this suit. To date, it does not appear that Plaintiff has produced any responsive documents, if any such exists, and should be compelled to do so.

Plaintiff's Response: Plaintiff has already produced responsive documents, including VS051729-051775. Furthermore, to the extent the Request seeks non-privileged documents, these documents are equally accessible through public information resources available to Defendants.

---

REQUEST 26: Produce a complete copy, in its unedited native form, of all electronic files containing all source code for hipcast.com as it exists on August 2010.

REQUEST 27: Produce a complete copy, in its unedited native form, of all electronic files containing all source code for byoaudio.com as it exists on August 2010.

REQUEST 28: Produce a complete copy, in its unedited native form, of all electronic files containing all source code for audioacrobat.com as it exists on August 2010.

REQUEST 29: Produce a complete copy, in its unedited native form, of all electronic files containing all source code for salesagentpro.com as it exists on August 2010.

Defendants' Argument: The Request is relevant to Defendants' counterclaims in Count 2 and Count 7 of Defendants' answer and counterclaims (Docket No. 16). In the counterclaims, Defendants are asking for declaratory relief and fraud damages relating to Plaintiff's wrongful exercise of domain over Defendants' code. Defendant has a right to see if Plaintiff is indeed using Defendants' code in their websites, and the Court should compel production, just as the Court required the Defendants to produce its code for its website, as it did some time ago.

It is not proper for Plaintiff to object to Defendant Lorenso from viewing the code, when both the parties agreed to a protective order in which one representative from each party were permitted to view documents which were designated as highly confidential. Plaintiff designated VocalSpace CEO Randy Dryburgh, and the Defendants designated its principal Daniel D. Lorenso. The code deals with very complex matters which is far beyond the expertise of the lawyer's involved, and given the parties already agreed on a protective order, and to which the Plaintiff's have already availed itself of the benefit of that protective agreement, it cannot now unilaterally change it to suit its needs. The Court should order the production of the Plaintiff's source code, in its native format.

Plaintiff's Response: Plaintiff does not dispute that code authored by Defendant Lorenso is contained within the requested source code. In fact, Plaintiff has offered to provide Defendants with a stipulation to this effect. This eliminates any need for Defendants to view this code. The current version of Plaintiff's code is simply irrelevant. The only contested issues with respect to the claims and defenses in this case are those relating to the element of conversion which requires a party to have exercised dominion and control over property -- not the existence of code authored by Defendants in the current code used by Plaintiff. Therefore, provided with a stipulation, Defendants have no need for the code itself, as it is simply irrelevant. The only reason Defendants could seek the current version of Plaintiff's code is to continue their nefarious activities and, in essence, steal Plaintiff's trade secrets once again.

Therefore, Plaintiff maintains its objection that source code as it exists on August 2010 is irrelevant to the claims at issue in this case. The real issue is not whether Defendant Lorenso's code is contained in Plaintiff's but rather whether VocalSpace exercised dominion and control of Lorenso's source code in a manner which would amount to conversion.

---

REQUEST 36: Produce all documents which show that any of VocalSpace has suffered damages such as lost profits as a result of any action by the Defendant.

REQUEST 37: Produce all documents which show that any of VocalSpace has suffered damages such as lost business opportunities as a result of any action by the defendant.

REQUEST 38: Produce all documents which show that any of VocalSpace has suffered damages such as lost investments as a result of any action by the defendant.

REQUEST 39: Produce all documents which show that any of VocalSpace has suffered damages such as lost licensing and royalty fees as a result of any action by the defendant.

Defendants' Argument: Damages are central to any claim, yet Plaintiff is claiming that it has not yet calculated its damages and that it will do so at the appropriate time. Discovery is more than appropriate time, and we are less than three months from trial. Plaintiff should be

compelled to produce any evidence of damages they have, or amend their answer to state that have no evidence of damages to produce.

Plaintiff's Response: Defendants motion to compel regarding this Request is moot, as Plaintiff has already produced documents responsive to this Request, including VS051775-51899, produced on September 30, 2010; VS059676–59688, produced on October 25, 2010; VS0000033, reproduced on November 9, 2010; VS060013-061140; VS060013-061140, produced on November 20, 2010.

---

REQUEST 45: Produce documents showing a summary of all monthly revenue generated by each of VocalSpace's websites for each month from January 2003 (or the earliest available date) until present.

Defendants' Argument: Plaintiff has produced some financial information to the Defendants under protective order that are "Attorneys Eyes Only" but has not produced documents responsive to this Request by breaking out the revenue per the various websites run by the Plaintiff. The breakdown of revenue by each website is extremely relevant to the issues at hand in this lawsuit, as the website that Defendants operate does not compete with all of Plaintiff's websites. Defendant is entitled to know what the Plaintiff is requesting in terms of its economic model, and the court should order production of this Request.

Plaintiff's Response: Defendants motion to compel regarding this Request is moot, as Plaintiff has already produced documents responsive to this Request, including, but not limited to, VS059676–59688, produced on October 25, 2010.

In conclusion, with respect to the Requests detailed above, Defendants' Motion to Compel is moot or otherwise without merit, and the Court should deny the Motion.

**D. Sanctions Are Not Warranted.**

In addition to asking that Plaintiff do their leg work in reviewing the document production, Defendants also have the audacity to assert a claim for sanctions. However, sanctions are not warranted. Courts only resort to Rule 37 sanctions in specific circumstances involving either the complete failure to respond to discovery requests or in cases of abuse of the discovery process. *See, e.g., United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998). Further, the penalized party's discovery violation must be willful. *Id*. "If a party responds to a document request, even if he

responds by objecting, Rule 37 sanctions are not available." *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1362 (Fed. Cir. 1990).

Courts do not ordinarily apply sanctions where the defaulting party has made an active, good-faith effort to comply with the rules of discovery. *See, e.g., Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 861-62 (5th Cir. 1970); *Spence v. Maryland Casualty Co.*, 803 F. Supp. 649, 662 (W.D. NY 1992) (holding that sanctions were unwarranted based on a list of complaints about discovery delays which did not demonstrate willfulness, bad faith, or fault); *Delozier v. First Nat'l Bank* 109 F.R.D. 161, 165 (E.D. Tenn. 1986) (holding that sanctions inappropriate where party had valid, although incorrect, objections to discovery requests).

Throughout the discovery process in this case, Plaintiff has diligently and in good faith responded to each of Defendants discovery requests. Plaintiff has timely produced documents and has, pursuant to the Federal Procedural Rules, supplemented its productions as new documents and information have become available. As for the objections Plaintiff maintains, no reasonable interpretation of these objections could lead to the conclusion that they are unfounded, much less that their assertion constitutes sanctionable conduct. Defendants have made a number of allegations regarding Plaintiff's discovery efforts and have attempted to cast Plaintiff as an unscrupulous party. In reality, it is Defendants who are trying to shift extraordinary burden and costs onto Plaintiff by making Plaintiff do their leg-work. Defendants cannot properly cast their professional and ethical obligation to review discovery onto Plaintiff or expect Plaintiff to incur the cost and expense of doing Defendants' work. None of Defendants' allegations have merit, and none support the imposition of sanctions.

Defendants' allegations regarding sanctions also fail procedurally. FED. R. CIV. P. 37(a)(1) requires that a motion to compel disclosure of discovery meet the following standards:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

Even if the Motion is granted or discovery is produced after the motion was filed, "the court must not order payment of attorneys' fees and costs if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; or (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(i)-(iii), *see also Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000) (district court did not abuse its discretion in denying a motion to compel discovery when the motion did not include certification of a good faith attempt to secure requested material without court intervention).

The Eastern District of Texas Local Rules also direct that "In any discovery-related motion, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between the lead trial counsel and any local counsel for the movant and the lead trial counsel and any local counsel for the non-movant." E.D. Tex. Local Rule, CV-7(h) (emphasis added). And in cases where motions for sanctions are brought frivolously, courts will actually impose sanctions on the moving party for bringing the motion. *See* 7 Moore's Federal Practice, § 37.23 (Matthew Bender 3d ed). This rule is in accordance with the principle that monetary sanctions imposed by the court will deter abusive or unjustifiable conduct. *Id*.

Here, counsel for Defendants' placement of a certificate of conference on its Motion is mere form over substance. Although Defendants' counsel claims that he made several attempts to reach an agreement with Plaintiff's counsel, this is false. Counsel has not tried to reach an agreement specific to the issues raised in its present Motion. Furthermore, counsel's passive attempts, if any, were directed to Neal Massand and not to Brian Colao—lead counsel in this case. Accordingly, this Court should, instead, award sanctions against Defendants for their

failure to make a good faith effort to obtain the discovery they seek without court intervention, as required by Rule 37, and for bringing a frivolous motion.

## IV. CONCLUSION

Plaintiff has made every effort to produce non-privileged, relevant and responsive documents in response to requests for production. Defendants, notwithstanding this, seek to force Plaintiffs to go beyond the requirements of the Rules and to add substantial unnecessary burden to Plaintiff. Plaintiff, therefore, respectfully requests that the Court deny Defendants' Motion to Compel Amended Responses and Request for Sanctions in its entirety, award sanctions against Defendants, and grant Plaintiff any such other and further relief to which it may be entitled.

Respectfully submitted,

/s/ Brian A. Colao

Brian A. Colao
Texas Bar No. 00793528
bcolao@dykema.com
Neal Massand
Texas Bar. No. 24039038
nmassand@dykema.com
Mina R. Saifi
Texas Bar No. 24066801
msaifi@dykema.com
DYKEMA GOSSETT PLLC
1717 Main Street, Suite 2400
Dallas Texas 75201
(214) 462-6400 – Telephone
(214) 462-6401 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 26, 2010. Any other counsel of record will be served by First Class U.S. Mail on this same date.

/s/ Brian A. Colao