## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

| | | |
|---|---|---|
| **VOCALSPACE, LLC,** | § § § | |
| **Plaintiff,** | § § | |
| vs. | § § | Civil Action No: 4-09 CV 00350 |
| **DANIEL D. LORENSO and LARKSPARK CORPORATION,** | § § § § | |
| **Defendants.** | § § | |

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

COMES NOW, Plaintiff, VocalSpace, LLC ("Plaintiff" or "VocalSpace") and files this Reply to Defendants' Response to Plaintiff's Motion for Sanctions ("Response") and, in support thereof, respectfully shows the Court the following:

### I.  INTRODUCTION

Plaintiff's Motion should be granted. Defendants' Response is nothing more than a red herring. Defendants, by their own admission, have destroyed essential, highly relevant evidence that they were obligated to preserve. Except for the uncorroborated, conclusory and self-serving declaration of Defendant Daniel Lorenso, there is no evidence to disprove this point. They want Plaintiff—and the Court—to essentially take their word for it. Further, this retort is unavailing because it shortsightedly focuses on code when other potentially damning evidence has been destroyed. For example, Defendants rely on the implausible argument that (practically overnight) they created their competing service from scratch. Deleted log files, and potentially other deleted files, could prove or disprove this position. Defendants act of permanently destroying log files and

other information, the contents of which will never be known, on the seven LarkSpark servers warrants the imposition of death penalty sanctions in this case.

## II. ARGUMENT AND AUTHORITIES

### A. Defendants Have Destroyed What is Likely the Most Unfavorable Evidence Against Them.

It is clear that Defendants have destroyed relevant evidence. Defendants assert that they have not spoiled or destroyed any critical evidence that they were obligated to preserve because "the same source code for pubclip.com that existed in 2008, that existed in 2009, that existed in 2010, was produced in full…" (Response at 6). Contrary to Defendants' assertion, however, Defendants' production of code does not negate the incontrovertible fact that they destroyed critical evidence in this case. Defendant Lorenso has already admitted that he permanently destroyed data, which included PubClip source code, VocalSpace source code, VocalSpace database, log files, time stamps, and backups—all of which would likely have shown copyright infringement, misappropriation of trade secrets and how and when the code was changed (in the instances where it was changed). *See* Lorenso Depo. at 69:21-23, 70:22-25-71:1, 71:15-22 (Exhibit 3 to Doc. No. 99). Furthermore, Defendants may have destroyed PubClip subversion files that would also be highly relevant to this case.

Defendants also self-servingly assert, through the declaration of Lorenso, that Lorenso "wiped the hard drives of the seven servers he owned to ready them for sale AFTER all pubclip.com source code was transferred to the new server at the Planet, where said data still resides to this date." (Response at 6-7). However, unsubstantiated assertions are not competent evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Even if Defendants' assertion is true, Defendants fail to acknowledge that pubclip.com source code is not the only destroyed data on the servers, and Defendants do not, and cannot, state that other relevant information, such as

log files, time stamps, and backup history was preserved. In fact, Defendants' Response confirms their previous admission that the types of data permanently destroyed were exactly the type sought by Plaintiff in its Request for Production and Motion to Compel (i.e. source code, timestamp and backup information). Thus, having provided no other evidence that the code was transferred to the new server, Lorenso's self-serving declaration is insufficient to controvert the Motion. Further, the declaration does absolutely nothing to show that relevant log files and other information were not destroyed.

**B.   Sanctions—Including Death Penalty Sanctions—Are Appropriate.**

Defendants' conduct merits death penalty sanctions, and the Court should enter an Order taking as established the existence of copyright infringement, misappropriation of trade secrets, violation of the Computer Fraud and Abuse Act, and breach of fiduciary duty. The Court should thus grant default judgment against Defendants on each count. Defendants contend that an order compelling discovery is required before Rule 37 sanctions can be imposed. (Response at 7-8). This is false. Cases do not require that a court issue an order compelling discovery before Rule 37 sanctions can be imposed. Courts simply consider the violation of any type of discovery order—not necessarily one compelling discovery—an important factor when determining appropriate sanctions. *See, e.g.*, *Arista Records, LLC v. Tschirhart*, 241 F.R.D. 462, 465 (W.D. Tex. 2006). Even in the case cited by Defendants, the facts did not involve an order on a motion to compel discovery. *See FDIC v. Connor*, 20 F.3d 1376, 1378-79 (5th Cir. 1994).

In this case, the Court has issued an Order requiring a Discovery/Case Management Plan, and the parties agreed to preserve evidence pursuant to the Joint Discovery/Case Management Plan entered on October 7, 2009. (Doc. No. 18). The Plan states, in part, as follows:

> (4)   The steps already taken or that will be taken for preserving discoverable information, including ESI.

> Plaintiff has placed a litigation hold on its electronically stored information and is preserving any evidence and all electronic data that may be pertinent to this matter. Defendants have suspended their ordinary and customary document retention practices, and ***will preserve computer hard drives that might contain relevant evidence.***

*Id.*, at p.8.

Therefore, because the parties agreed to the preservation of evidence, Defendants ***have*** violated a court mandated plan, the parties' agreement, and the Federal Rules of Civil Procedure. These violations are more than sufficient to warrant the imposition of death penalty sanctions.

Defendants also make the bold claim that they have not committed egregious conduct or behavior that would warrant the imposition of death penalty sanctions. (Response at 8). Surprisingly, Defendants best support is that Plaintiff has "no evidence" that Defendants erased or deleted any relevant pubclip.com source code. (Response at 8). To the contrary, Plaintiff has presented the Court with an abundance of evidence showing that Defendants have not only permanently deleted relevant pubclip.com source code, but they have also permanently deleted log files (to which they admit even in their Response), time stamps, and other relevant data. *See* Lorenso Depo. at 69:21-23, 70:22-25-71:1, 71:15-22; *see also* (Response at 4). Defendants admitted that they committed this egregious conduct, stating:

> Q: Okay. Are there are any other locations that I missed where there could be some LarkSpark –
>
> A. Well –
>
> Q: --records located?
>
> A: -- the – the servers which LarkSpark used to control we're no longer in possession of. And ***all data has been destroyed on those devices***.

Lorenso Depo. at 68:16-22; *see also id.* at 70:18-25; 71:1; 71:9-12. In other words, the deletion occurred well after Defendants were explicitly made aware that they had an obligation ***not*** to delete

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO**         **PAGE** 4
**PLAINTIFF'S MOTION FOR SANCTIONS**
DALLAS\114801.1
ID\MRSAI - 106446/0003

relevant information. In their Response, Defendants confirm their previous admission that the types of data permanently destroyed were exactly the type sought by Plaintiff in its Request for Production and Motion to Compel (i.e. source code, timestamp and backup information). *See* (Response at 15); *see also* Lorenso Depo at 71:15-22; *see also id.* at 76:23-24 (A: "There are log files that are gone forever").

Also in their Response, Defendants repeatedly state that they deleted the information from the old servers in order to save money. However, a party's cost savings are irrelevant when it has a duty to preserve critical and relevant evidence. *See AAB Joint Venture v. U.S.*, 75 Fed. Cl. 432, 439-40 (Fed. Cl. 2007). Furthermore, the evidence could have been maintained at minimal cost to Defendants. Unfortunately for Plaintiff, no amount of money can now provide it and the Court with the permanently destroyed evidence that is likely evidence most favorable to Plaintiff. Even assuming that Defendants' claim that the operating system of the LarkSpark servers is the only thing not transferred to the new servers, Defendants still engaged in egregious conduct by permanently deleting and failing to transfer that information to the new servers. An operating system can reveal important information, such as log files, time stamps, and backup information—none of which will ever be known by Plaintiff or this Court. Therefore, the Court should impose death penalty sanctions and grant default judgment against Defendants on each count. Alternatively, the Court should prohibit Defendants from opposing Plaintiff's claims. Also in the alternative, the Court should impose an adverse spoliation inference sanction against Defendants. Additionally, the Court should impose monetary sanctions.

### III. CONCLUSION

Defendants flagrantly destroyed relevant evidence. They did so after repeatedly being placed on notice regarding their obligation to preserve the evidence. In fact, they did so after

Plaintiff had requested the evidence. Plaintiff, therefore, respectfully requests that the Court grant Plaintiff's Motion for Sanctions and grant Plaintiff any other and further relief to which it may be justly entitled.

        Respectfully submitted,

        /s/ Brian A. Colao
        Brian A. Colao
        Texas Bar No. 00793528
        bcolao@dykema.com
        Neal Massand
        Texas Bar. No. 24039038
        nmassand@dykema.com
        Mina R. Saifi
        Texas Bar No. 24066801
        msaifi@dykema.com
        **DYKEMA GOSSETT PLLC**
        1717 Main Street, Suite 2400
        Dallas Texas 75201
        (214) 462-6400 - Telephone
        (214) 462-6401 – Facsimile
        **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 30, 2010. Any other counsel of record will be served by First Class U.S. Mail on this same date.

        /s/ Brian A. Colao