UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S SURREPLY TO PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTT'S MOTION FOR SANCTIONS

Defendants Daniel D. Lorenso and Larkspark Corporation ("Defendants" or "Lorenso" or "Larkspark") file this Surreply to Plaintiff's Reply (Docket No. 122) to Defendants Response (Docket No. 117) to Plaintiff's Motion for Sanctions (Docket No. 99), and in support would show the Court the following:

### A. Introduction

1.   Plaintiff's Motion for Discovery Sanctions should be denied (Docket No. 99). Defendants have not destroyed any relevant evidence in this case, as all source code for defendants website was simply transferred to a new server at a new computer hosting company. *See Declaration of Daniel Lorenso, Exhibit A to Docket No. 117, Paragraphs 10 - 12.* All the defendants source code was produced to Plaintiff on or about August 6, 2010. *See Declaration of Daniel Lorenso, Exhibit A to Docket No. 117, Paragraph 17.* While it is true that some log files

from the old servers were deleted when the existing servers were sold, plaintiff has not actually requested any log files in discovery, and further log files are not relevant to this case, even if they did existed.

## B. Argument

2. Contrary to plaintiff assertion in their motion for sanctions (Docket. No. 99), plaintiff has never requested time stamps and log files from the defendants servers. Exhibit 1 to plaintiffs motion contains the production request that was sent to the defendants:

> 57. All source code, version control system files (e.g., version control system files (Subversion or SVN), CVS, git, etc.), and backup files for the PubClip website including but not limited to the website PHP and HTML code, framework, libraries, configuration files, biller, transcoders, logger, database code, daily report generator, post by email, mailer daemon, autoresponder, and scripts for management, wpush, and build.
>
> Exhibit 1 to Plaintiffs Motion (Docket 99) at 57.

3. No where in the request to produce shown above did the plaintiff request "log files" or "time stamps". The defendant can and should be penalized for not providing what it has not been asked to produce.

4. Plaintiff in their reply (Docket No. 122) misrepresent the testimony of Daniel Loreso on page 2. At no time did Daniel Lorenso admit that he permanently destroy data such as Pubclip.com Source Code. Lorenso testified in his deposition:

Q. Okay. What happened to the information that was stored on the seven servers?

A. The web service, Pubclip, that used to run those machines was transferred to The Planet.

*Page 71: 5-8 from Exhibit 3 (Page 15) to Plaintiffs Motion (Docket 99)*

Q.  There - so it's fair to say that there was some data that was contained on those servers that is now gone forever?

A.  Yes.

Q.  Okay.  What Type of Data?

A.  Log Files.  You know, any events that occurred on the machine between, you know, the times that it was on operation.

*Page 71: 15-22  from Exhibit 3 (Pages 15-16) to Plaintiffs Motion (Docket 99)*

5.      Computer log files are files that are automatically generated by a computer server that for example show when a computer was turned on or "booted", any operating errors that the server may encounter, and also record when a visitor comes and leaves a web site that is hosted on that server.  *See Declaration of Daniel Lorenso, attached as "Exhibit A".*  The log files can get very large very quickly, and therefore apache servers (which was the type of servers defendants used) automatically employ a log rotation system in which logs are overwritten every four weeks.  *See Declaration of Daniel Lorenso, attached as Exhibit A.*  The existence or non existence of log files simply have no relevance to this case.  Plaintiffs' claims are about copyright infringement, trade secrets, computer theft, and other claims.  There is no controversy when the defendants started their web site service, as in fact defendants gave advanced notice to plaintiff that they planned to set up their own web service.  *See Declaration of Daniel Lorenso, attached as Exhibit A.*  There simply is no evidence that defendants destroyed any source code or in acted in any way that would give rise to discovery sanctions.

6.      Plaintiff tries to make a significant issue the fact that there was a Discovery / Case Management Plan at Docket No. 18 in which the defendant agreed to the following:

"Defendants have suspended their ordinary and customary document retention practices and will preserve computer hard drives that might contain relevant evidence"

7. As stated in Daniel Lorenso's deposition testimony and declaration attached to Docket No. 118, all source code data, database files, all relevant evidence was moved to a new hard drive on a new server in June 2010 where it resides to this day, and which was copied and produced to the plaintiffs on or about August 6, 2010. Defendants have not breached any Management plan, and should not be sanctioned.

8. Plaintiffs reliance on *Arista Records v. Tschirhart, 241 F.R.D. 462 (W.D. Tex. 2006)* is misplaced and no way applicable to the instant case. In *Arista Records v. Tschirhart,* the defendant there was accused of illegally downloading copyrighted music on a peer to peer network. After being served with the lawsuit, the defendant deleted data from her computer, and when a court ordered that she produce the hard drive she then used "wiping" software to hide any evidence that the music files every existed on her server. In the instant case, Daniel Lorenso moved ALL source code for his website over to a new set of servers as he did not need and could not longer afford the multi layered server setup that he previously had. See *Declaration of Daniel Lorenso, Exhibit A to Docket No. 117*. Daniel Lorenso never intentionally tried to hide any files or destroy any evidence, and there has been no discovery order that he has violated.

9. The defendant stands on the legal argument that prior to dismissing a case there must be a violation of a discovery order. See *Arista Records v. Tschirhart, 241 F.R.D. 462, 465 (W.D. Tex. 2006) ("FRCP 37(b)(2) permits a court to issue such orders that "as are just" to sanction a party who fails to obey an order to provide or permit discovery").* Defendants have not violated any discovery order, nor have they violated any discovery plan, or

destroyed any computer data relevant to this lawsuit.

10. As stated in *Arista at 241 F.R.D. 462, 465,*

The Fifth Circuit has specifically required, in addition to a finding of bad faith, several factors which must be present prior to dismissing a case for violating a discovery order. Those factors include: (1) that the violation of the discovery order be attributable to the client instead of the attorney; (2) that the violating party's misconduct must cause substantial prejudice to the opposing party and; (3) a finding that less drastic sanctions would not be appropriate.

Here there is (1) no violation of any discovery order, and (2) there is no substantial prejudice to the plaintiff as they have all the pubclip.com source code that was produced them on or about August 6, 2010.

### C. Conclusion

11. Simply put, the plaintiff has failed in its burden to show why the defendants should be sanctioned. Defendants have not destroyed any relevant evidence in this case, and the log files that the plaintiff complains about were not even requested by the plaintiff in discovery. The law of the Fifth Circuit is clear that for any death penalty sanctions there must be a willful violation of a court order, which is simply not present here. Plaintiffs' motion for sanctions should be denied.

Respectfully submitted,

/s/ Ernest P. Nycz
ERNEST P. NYCZ
State Bar No. 24005547
2300 McDermott, Suite 200-369
Plano, Texas 75025
Email: ernie@nycz.com
Phone (972) 377 8191

                                        Fax (214) 853 5905
                                        ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

     I hereby certify that on December 9, 2010 a true and correct copy of the foregoing this Surreply to Plaintiff's Reply to Defendants Response to Plaintiff's Motion for Sanctions has been electronically filed on the CM/ECF system.

                                        /s/ Ernest P. Nycz_____
                                        ERNEST P. NYCZ