**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION**

| | | |
|---|---|---|
| VOCALSPACE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No:   4-09 CV 00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF DANIEL LORENSO**

COMES NOW, Plaintiff, VocalSpace ("Plaintiff" or "VocalSpace") and files its Motion to Strike the Declaration of Daniel Lorenso, and in support thereof, respectfully shows the Court the following:

**I.
INTRODUCTION**

On November 5, 2010, Defendants filed their Motion for Partial Summary Judgment and in the Alternative Motion to Continue and Add Discovery Evidence ("Motion") (Doc. No. 104). In their Motion, Defendants make allegations of fact that are not based on any evidence in the record. Rather, these allegations are based on documentary "evidence" that is conclusory and draws improper legal conclusions. The so-called evidence is the Declaration of Daniel (Dante) Lorenso. The declaration consists almost entirely of unfounded factual assertions that are wholly unsupported by evidence in the record and contain incompetent subjective opinions. Defendants should not be permitted to introduce this objectionable evidence in their Motion. Submitting this evidence in its Motion is a back-door attempt by Defendants to introduce evidence that they otherwise would not have been able to properly introduce in open court. Therefore, the Court

**PLAINTIFF'S MOTION TO STRIKE                                                                                   PAGE** 1
**THE DECLARATION OF DANIEL LORENSO**

should strike all of the objectionable portions of the Declaration of Daniel Lorenso upon which Defendants rely in their Motion.

## II.
## FACTS

Defendants filed their Motion for Partial Summary Judgment and in the Alternative Motion to Continue and Add Discovery Evidence on November 5, 2010.   (Doc. No. 104). Defendants' Motion relies on the Declaration of Daniel Lorenso.  *Id*.  The Declaration of Daniel Lorenso is replete with conclusory statements unsubstantiated legal conclusions.  For example, with no support whatsoever, Lorenso claims that he did not access Plaintiff's computer system without authorization.  Lorenso Dec. at ¶ 5.  Similarly, Lorenso makes an unsubstantiated, conclusory statement regarding his intent to defraud Plaintiff.  Lorenso Dec. at ¶ 6.  In fact, Lorenso goes so far as to say that he "never stole anything" from Plaintiff, yet he provides no support for this blanket statement.  *See* Lorenso Dec. at ¶ 7.  Additionally, paragraph eight of Lorenso's Declaration contains a conclusory statement and legal conclusion regarding Lorenso "making VocalSpace aware of [his] intent to create code for his own projects," with no substantiation of foundation.  *See* Lorenso Dec. at ¶ 8.  In paragraph nine, Lorenso draws the legal conclusions that he was "never an officer or director" of VocalSpace and that he was "never a fiduciary."  *See* Lorenso Dec. at ¶ 9.  Finally, in paragraph ten, Lorenso again makes a conclusory statement, with no support to prove his position, that there was "never a non-compete or non-disclosure agreement in effect" between himself and VocalSpace.  *See* Lorenso Dec. at ¶ 10.

## III.
## ARGUMENT AND AUTHORITIES

**A.**     **Legal Standard Regarding Admissibility of Evidence.**

If a witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are rationally based on the perception of the witness…" FED. R. EVID. 701.  Finally, the testimony of a witness may not be based upon speculation.  *See* FED. R. EVID. 701.

A court may, upon objection, strike certain evidence attached to a motion, such as affidavits or declarations.  *See, e.g.*, *In re Favre*, 342 F. App'x 5, 8 (5th Cir. 2009) (affirming a district court's decision to strike an affidavit which was "comprised of nothing more than conclusional allegations and legal arguments"); *Gibson v. Liberty Mut. Group*, 129 F. App'x 94, 95 (5th Cir. 2005) (holding that a district court properly struck portions of an affidavit submitted to oppose a motion for summary judgment which contained "legal conclusions and hearsay and was not based upon [the affiant's] personal knowledge").  Unsubstantiated assertions or statements are to be disregarded as incompetent evidence.  *See, e.g., Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) (reasoning that "unsubstantiated assertions are not competent evidence").

**B.      The Declaration of Daniel Lorenso Should be Stricken.**

In support of their Motion, Defendants attach the Declaration of Daniel Lorenso.  A copy of Lorenso's declaration is attached as <u>Exhibit A</u> to this Motion to Strike and is incorporated by reference.  Substantial parts of Lorenso's declaration should be stricken because the declaration primarily focuses on Lorenso's subjective and unilateral understanding that Lorenso did not access VocalSpace systems without authorization, that Lorenso never intended to defraud Plaintiff, that Lorenso was never an officer, director, or fiduciary of VocalSpace, and that there was never a non-compete or non-disclosure agreement in effect between Lorenso and VocalSpace.  In addition, Lorenso's declaration should be stricken because the facts asserted

lack a proper foundation.  In sum, paragraphs 5-10 of the Declaration of Daniel Lorenso should be stricken because they each contain improper, conclusory statements and improperly draw legal conclusions.

More specifically the objected to portions of the Lorenso declaration are as follows:

Paragraph 5:  At no time while working with VocalSpace did I ever access any of the plaintiff's computers without authorization or exceed any authorization that was given to me.

This paragraph is utterly conclusory and states improper legal conclusions.  Among other things, the scope of authorization given to Lorenso is a legal issue in this case.  Therefore, this paragraph should be striken.

Paragraph 6:  At no time have I ever intended to defraud VocalSpace.

This statement is completely conclusory and should, therefore, be striken.

Paragraph 7:  I have never stolen or misappropriated software code that was owned by VocalSpace.

This paragraph, again, contains conclusory statements and legal conclusions and should be stricken.  Among other things, whether software code was misappropriated is a legal issue in this case.

Paragragh 8:  I made VocalSpace aware on May 16, 2006 that I intended to create code for my own projects.  After that date I repeatedly informed the owners of VocalSpace that I intended to create my own code for my own use.

The paragraph also contains legal conclusions.  Ownership of the code is a legal issue in this case.

Paragraph 9:  I was never an officer or director of VocalSpace.  At one time, I was offered ownership in VocalSpace, but VocalSpace never followed through with that promise and

VocalSpace never gave me the ownership that I was promised.  I was never a fiduciary for VocalSpace.

Once again, this paragraph contains improper legal conclusions and conclusory statements.  Whether or not Lorenso owed fiduciary duties to VocalSpace is a legal issue in this case.

Paragraph 10:  There is not now nor has there ever been any non-compete or non-disclosure agreements in effect between myself and VocalSpace.

This paragraph, again, is conclusory statements and legal conclusions.  Whether or not Lorenso non-compete or non-disclosure obligations to VocalSpace is a legal issue in this case.

### III.
### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court strike the objectionable portions (paragraphs 5-10) of the Declaration of Daniel Lorenso. Further, Plaintiff respectfully requests such other and further relief, at law or in equity, to which it may justly be entitled.

Respectfully submitted,

/s/ Brian A. Colao_____
Brian A. Colao
Bar No. 007933278
Neal G. Massand
Bar No. 24039038
Mina R. Saifi
Bar No. 24066801
Dykema Gossett PLLC
1717 Main Street, Suite 4000
Dallas, Texas  75201
(214) 462-6400 (Telephone)
(214) 462-6401 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
VOCALSPACE LLC**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on December 31, 2010, counsel for Plaintiff, Neal Massand, conferred with counsel for Defendants, Ernie Nycz, regarding the substance of this Motion.  Counsel for Defendants informed counsel for Plaintiffs that Defendants are opposed to the requested relief.

/s/ Neal G. Massand_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 31, 2010.  Any other counsel of record will be served by First Class U.S. Mail on this same date.

/s/ Brian A. Colao_____