**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION**

| | |
|---|---|
| **VOCALSPACE, LLC,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | Civil Action No:   4-09 CV 00350 |
| § | |
| **DANIEL D. LORENSO** and § | |
| **LARKSPARK CORPORATION,** § | |
| § | |
| **Defendants.** § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO EXTEND DEADLINES FOR DEFENDANTS' RESPONSES TO MOTIONS FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, VocalSpace, LLC, ("Plaintiff" or "VocalSpace"), and files this Response to Defendants' Emergency Motion to Extend Deadlines for Defendants' Responses to Motions for Summary Judgment ("Motion"), and in support thereof, respectfully shows the Court the following:

### I.   INTRODUCTION

Defendants' Request should be denied.  It is nothing but a delay tactic to cover for Defendants' lack of diligence in responding to summary judgment.  As explained more fully below, Defendants cannot come close to showing any good cause for an extension.  Defendants clearly had ample time to prepare responses to Plaintiff's motions for summary judgment, as Defendants have been in receipt of Plaintiff's pleadings since November 5, 2010.  While Defendants attempt to blame their lack of diligence on irrelevant factors such as Defendants' holiday travel plans, it is apparent that Defendants' delay is simply a product of unpreparedness.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION**                                     **PAGE** 1
**TO EXTEND DEADLINES FOR DEFENDANTS' RESPONSES TO**
**MOTIONS FOR SUMMARY JUDGMENT**

DALLAS\121184.1
ID\MRSAI - 106446/0003

Plaintiff has been under the same deadlines as Defendants and struggled to respond on time in proximity to the holidays, yet Plaintiff complied with this Court's Scheduling Order.

Adjourning the due date for Defendants' response and maintaining the same period for Plaintiff to file a reply and Defendants to file a surreply would put Plaintiff in a position of having to incur the significant expense and time associated with preparation for trial before knowing what, if any, case is to be tried. That unfair expense and prejudice is not warranted, particularly given the fact that it was **Defendants** who requested a deadline of December 31, 2010 and not Plaintiff. In addition, and contrary to the representations in Defendants' Motion, the issues raised in Plaintiff's motions for summary judgment are not particularly complex, nor do they require a deep examination of the factual record in this case. Rather, they are legal arguments, predominantly addressed to the lack of an executed written agreement between the parties. No matter how voluminous the record, that key issue is susceptible to a focused response by Defendants and expeditious resolution by the Court. As such, Defendants' argument that preparing responses to summary judgment is an unexpected, "daunting task" is far from sufficient for the Court to now, so close to trial, grant Defendants an extension of time. Thus, the Court should deny Defendants' Motion and should strike Defendants' unduly late response to Plaintiff's motions for summary judgment.

## II. RELEVANT FACTS

On December 6, 2010, the Court entered its most recent, and currently controlling, Scheduling Order. (Doc. No. 124). Pursuant to this Order, the deadline for filing responses to all summary judgment motions was December 28, 2010. *Id*., at ¶ 1. On December 23, 2010, counsel for Defendants contacted Plaintiff's counsel and asked that Plaintiff agree to move the

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION**         **PAGE** 2
**TO EXTEND DEADLINES FOR DEFENDANTS' RESPONSES TO**
**MOTIONS FOR SUMMARY JUDGMENT**

DALLAS\121184.1
ID\MRSAI - 106446/0003

deadline for filing responses to all summary judgment motions to December 31, 2010. The proposed deadline of December 31, 2010 was suggested by Defendants' counsel. Despite the fact that December 31, 2010 was a federal holiday and New Years' Eve, – a fact which Defendants attempt to now use to their advantage in their current Motion, – Plaintiff's counsel agreed to Defendants' requested extension. Despite the fact that Defendants counsel suggested the current deadline, Defendants are now asking the Court for yet another extension. In fact, Defendants' counsel stated to Plaintiff's counsel that he would like the requested extension so that he could "celebrate the new year."

Furthermore, Defendants did not even file its responses on the requested deadline of January 2. One filing was completed at 12:05 a.m. on the morning of January 3rd, and the other was completed at 2:00 a.m. on the morning of the 3rd. There is simply no excuse for Defendants' failure to timely file its responses other than lack of diligence.

### III. ARGUMENT AND AUTHORITIES

**A.      Pursuant To The Rules, An Extension Should Be Denied.**

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, the Court can extend time only upon a showing of good cause. *See* FED. R. CIV. P. 6(b)(1)(A); *see also* FED. R. CIV. P. 16(b) (providing that, once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."). A party seeking an extension must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Financial Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION                                     PAGE** 3
**TO EXTEND DEADLINES FOR DEFENDANTS' RESPONSES TO**
**MOTIONS FOR SUMMARY JUDGMENT**

DALLAS\121184.1
ID\MRSAI - 106446/0003

In addition, Rule 6(b)(1) provides that the Court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1). However, "[e]ven if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 Fed. Appx. 442, 443 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990)). In determining whether there has been excusable neglect, the Court should consider the following nonexclusive factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n. 8 (5th Cir. 2006).

**B.** **Defendants Have Not Shown Good Cause or Excusable Neglect for an Extension.**

Defendants are unable to show good cause for extending the deadline to respond to Plaintiff's motions for summary judgment. Defendants clearly had ample time to prepare responses to Plaintiff's motions for summary judgment. Defendants have been in receipt of Plaintiff's pleadings since November 5, 2010. There is no excuse for Defendants waiting until essentially the last minute to prepare its responses. Defendants, like counsel for Plaintiff, should have known that preparing the responses to summary judgment was a time consuming task weeks ago. Plaintiff struggled to respond on time, yet completed the task, as required by the Rules and this Court. Therefore, allowing Defendants to do so would be unjust, and Defendants should not be permitted to bypass the deadline due to their own lack of diligence.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO EXTEND DEADLINES FOR DEFENDANTS' RESPONSES TO MOTIONS FOR SUMMARY JUDGMENT**   **PAGE** 4

DALLAS\121184.1
ID\MRSAI - 106446/0003

In addition, Defendants' actions are not "excusable neglect." *First*, Plaintiff will be highly prejudiced by an extension of the due date for Defendants' response because this would put Plaintiff in a position of having to incur the significant expense and time associated with preparation for trial before knowing what, if any, case is to be tried. *Second*, the length of the delay will significantly impact this case, as the deadlines Defendants are now requesting would result in unnecessary and time-consuming motions practice just two weeks before the start of trial. *Third*, the reasoning for delay provided by Defendants' in their Motion proves that their delay was well within the reasonable control of Defendants. Counsel for Defendants could and should have been more prepared, as was counsel for Plaintiff, to file their responses on December 31, 2010 – especially in light of the fact that ***Defendants*** requested this specific date as the deadline for filing responses to summary judgment motions. Finally, it does not appear that Defendants have brought their Motion in good faith, as they were well aware that December 31, 2010 was New Years' Eve. To that end, the argument made by Defendants in their Motion that the Christmas holidays and Defendant Lorenso's travel plans inhibited their preparation for filing responses to Plaintiff's summary judgment motions are simply irrelevant. Therefore, Defendants are unable to show good cause or excusable neglect, and Plaintiff should not be prejudiced by Defendants' inexcusable delay.

C.     **Defendants Late Response, if Any, Should be Stricken.**

It is well established that when pleadings are filed outside the time period required in a Court's motions deadline, the late pleadings will be stricken. *See, e.g., QT Trading, LP v. M/V Saga Morus*, No Civ. A. 4:09-702, 2010 WL 2573206 (June 22, 2010, S.D. Tex.) (finding no showing of good cause and therefore striking the untimely pleading). The responses filed by

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION                               PAGE** 5
**TO EXTEND DEADLINES FOR DEFENDANTS' RESPONSES TO
MOTIONS FOR SUMMARY JUDGMENT**

DALLAS\121184.1
ID\MRSAI - 106446/0003

Defendants on January 3, 2011 are, as explained above, unjustifiably delayed responses. Therefore, the Court should strike the responses.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Extend Deadlines for Defendants' Responses to Motions for Summary Judgment and should strike Defendants' unduly late responses to Plaintiff's motions for summary judgment.

Respectfully submitted,

/s/ Brian A. Colao
Brian A. Colao
Bar No. 007933278
Neal G. Massand
Bar No. 24039038
Mina R. Saifi
Bar No. 24066801
Dykema Gossett PLLC
1717 Main Street, Suite 4000
Dallas, Texas 75201
(214) 462-6400 (Telephone)
(214) 462-6401 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
VOCALSPACE LLC**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 3, 2011. Any other counsel of record will be served by First Class U.S. Mail on this same date.

/s/ Brian A. Colao

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION        PAGE** 6
**TO EXTEND DEADLINES FOR DEFENDANTS' RESPONSES TO
MOTIONS FOR SUMMARY JUDGMENT**

DALLAS\121184.1
ID\MRSAI - 106446/0003