# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **Civil Action No:   4-09 CV 00350** |
| | § | |
| **DANIEL D. LORENSO and** | § | |
| **LARKSPARK CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## PLAINTIFF'S EMERGENCY MOTION FOR CONTINUANCE OF TRIAL SETTING, TO REOPEN DISCOVERY, AND TO AMEND SCHEDULING ORDER

COMES NOW VocalSpace LLC ("VocalSpace" or "Plaintiff") and files its Emergency Motion for Continuance ("Motion") and, in support thereof, respectfully shows as follows:

### I.     INTRODUCTION

Plaintiff's Emergency Motion should be granted because Plaintiff has not been afforded the opportunity to conduct discovery or file summary judgment motions on Defendants' untimely, additional pleadings.  A continuance is necessary to permit Plaintiff time to conduct discovery regarding Defendants' newly added claims and to allow Plaintiff's to move for summary judgment on those claims.  Plaintiff's copyright infringement claim is of paramount importance in this case.  Now, after Plaintiff has completed depositions and written discovery (and after the deadline for discovery has passed), Defendants have added claims based on entirely an entirely new theory of copyright invalidity.  The addition of these claims at this late stage of the litigation will severely prejudice Plaintiff unless this motion is granted.  Denying this

PLAINTIFF'S EMERGENCY MOTION FOR CONTINUANCE OF                                        **PAGE 1**
TRIAL SETTING, TO REOPEN DISCOVERY, AND TO AMEND SCHEDULING ORDER

motion will essentially deprive Plaintiff of the opportunity to seek discovery to defend itself. Furthermore, the addition of the counterclaims at this late stage has eliminated Plaintiff's ability to seek summary judgment on them—resulting in severe prejudice.  This motion should be granted to avoid this prejudice.  Therefore, the Court should grant Plaintiff a continuance for the purpose of taking additional discovery and filing supplemental summary judgment pleadings. Plaintiff is filing its motion for leave to file supplemental summary judgment pleadings simultaneously with this Motion.

## II.   STATEMENT OF RELEVANT FACTS

This action commenced on July 7, 2009.  (Doc. No. 1).  On February 12, 2010, Defendants filed their Answer and Counterclaims.  (Doc. No. 26) ("Motion for Leave").  In their Answer, Defendants asserted ten affirmative defenses and the following counterclaims: declaratory judgment, request for injunctive relief, breach of contract, promissory estoppel, common law fraud and negligent misrepresentation, statutory fraud, conversion, and unjust enrichment. *Id.*

Plaintiff completed deposition discovery – the deposition of Defendant Lorenso – on October 19th and 20th.  Further, Plaintiff completed written discovery on October 26, 2010.  On November 5, 2010, Plaintiff filed a dispositive Motion for Summary Judgment on Defendants' Claims.  (Doc. No. 103).  The Motion for Summary Judgment states in detail, with citations to record evidence, that Defendants have not presented any evidence to support their claims and defenses against Plaintiff.  *Id.*

On November 26, 2010, after deposition discovery had been completed and more than two weeks after they received Plaintiff's Motion for Summary Judgment, Defendants filed their

**PLAINTIFF'S EMERGENCY MOTION FOR CONTINUANCE OF**                              **PAGE 2**
**TRIAL SETTING, TO REOPEN DISCOVERY, AND TO AMEND SCHEDULING ORDER**

Motion for Leave (Doc. No. 119).   In their Motion for Leave, Defendants sought to add an affirmative defense of invalidity and a declaratory judgment that Plaintiff's copyright is invalid. Defendants also sought an injunction related to the code created in part by Lorenso between May 16, 2006 and January 7, 2007.   *See id.*   The Court granted Defendants' Motion for Leave on January 6, 2011.  (Doc. No. 154).

### III.   <u>ARGUMENT AND AUTHORITIES</u>

**A.      Continuances Are Appropriate To Cure Prejudice.**

In the context of allowing the submission of amendments and pleadings after the deadlines for amendment and filing have passed, the Fifth Circuit has applied a four-part test to determine whether the movant has good cause.   Under this test, the court must consider "'(1) the explanation for the failure to [timely file pleadings]; (2) the importance of the [filing]; (3) potential prejudice in allowing the [filing]; and (4) the availability of a continuance to cure such prejudice.'"   *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

**B.      A Continuance Is Appropriate In This Case.**

A continuance is appropriate to cure prejudice in this case.   This Court has granted Defendants' Motion for Leave on January 6, 2011.   (Doc. No. 154).   The deadline for both discovery and summary judgment motions has passed.   Plaintiff will be deprived of the opportunity to take discovery regarding Defendants' newly added claims and Plaintiff's ability to have the claims dismissed on summary judgment will be eliminated unless this motion is granted.   This will result in severe prejudice to Plaintiff.   The only vehicle through which this prejudice can be lessened is if a continuance is granted.   In other words, the availability of a continuance so that Plaintiff may take additional discovery and file supplemental summary

**PLAINTIFF'S EMERGENCY MOTION FOR CONTINUANCE OF                                                                          PAGE 3**
**TRIAL SETTING, TO REOPEN DISCOVERY, AND TO AMEND SCHEDULING ORDER**

judgment motions is the only way in which the prejudice to Plaintiff can be cured, if at all.  The additional discovery will allow Plaintiff the chance to gather evidence which it can use as support for summary judgment motions to address Defendants' newly added claims.  Therefore, the Court should grant Plaintiff a continuance for the purpose of taking additional discovery and filing supplemental summary judgment pleadings.

## IV.    CONCLUSION

Plaintiff's Motion should be granted.  Granting Defendants' Motion for Leave without granting Plaintiff's current Motion would severely prejudice Plaintiff.  For these reasons, as stated more fully above, Plaintiff respectfully requests that the Court grant:

(1) Plaintiff leave to file supplemental summary judgment pleadings by February 2, 2011.

(2) An extension of the mediation deadline to February 14, 2011.

(3) An extension of the deadline to file joint pretrial order, motions in limine, and joint proposed jury instructions (or proposed findings of fact & conclusions of law) to March 10, 2011.

(4) An extension of the date for the final pre-trial conference and jury selection to be held on March 16, 2011, at 9:00 a.m.

(3) A continuance of the trial date until March 21, 2011 – for the purpose of taking additional discovery and filing supplemental summary judgment pleadings.

(4) Plaintiff any such other relief to which it may be justly entitled.

**PLAINTIFF'S EMERGENCY MOTION FOR CONTINUANCE OF**                                              **PAGE 4**
**TRIAL SETTING, TO REOPEN DISCOVERY, AND TO AMEND SCHEDULING ORDER**

Respectfully submitted,

/s/ Brian A. Colao
Brian A. Colao
Texas Bar No. 00793528
bcolao@dykema.com
Neal Massand
Texas Bar. No. 24039038
nmassand@dykema.com
Mina R. Saifi
Texas Bar No. 24066801
msaifi@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 2400
Dallas Texas 75201
(214) 462-6400 - Telephone
(214) 462-6401 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Plaintiff, Neal Massand, conferred with counsel for Defendants on January 6, 2011.  Defendants' counsel stated that he is opposed to the relief requested in this Motion.

/s/ Neal G. Massand

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 6, 2011.  Any other counsel of record will be served by First Class U.S. Mail on this same date.

/s/ Brian A. Colao

**PLAINTIFF'S EMERGENCY MOTION FOR CONTINUANCE OF                    PAGE 5
TRIAL SETTING, TO REOPEN DISCOVERY, AND TO AMEND SCHEDULING ORDER**