**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION**

| | | |
|---|---|---|
| **VOCALSPACE, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No:   4-09 CV 00350** |
| | § | |
| **DANIEL D. LORENSO and** | § | |
| **LARKSPARK CORPORATION,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S MOTION TO STRIKE THE**
**DECLARATION OF DANIEL DANTE LORENSO**

COMES NOW, Plaintiff, VocalSpace ("Plaintiff" or "VocalSpace") and files its Motion to Strike the Declaration of Daniel Lorenso, and in support thereof, respectfully shows the Court the following:

**I.**
**INTRODUCTION**

On January 31, 2011, Defendants filed their Motion for Partial Summary Judgment For Copyright Invalidity (Doc. No. 182).  In their Motion, Defendants make allegations of fact that are not based on any evidence in the record.  Rather, these allegations are based on documentary "evidence" that is conclusory and draws improper legal conclusions.  The so-called evidence is the Declaration of Daniel (Dante) Lorenso.  The declaration consists almost entirely of unfounded factual assertions that are wholly unsupported by evidence in the record and contain incompetent subjective opinions.  Defendants should not be permitted to introduce this objectionable evidence in their Motion.  Submitting this evidence in its Motion is a back-door attempt by Defendants to introduce evidence that they otherwise would not have been able to

properly introduce in open court.  Therefore, the Court should strike all of the objectionable

portions of the Declaration of Daniel Lorenso upon which Defendants rely in their Motion.

## II.
## ARGUMENT AND AUTHORITIES

### A.    Legal Standard Regarding Admissibility of Evidence.

If a witness is not testifying as an expert, the witness' testimony in the form of opinions

or inferences is limited to those opinions or inferences which are rationally based on the

perception of the witness…" FED. R. EVID. 701.  Finally, the testimony of a witness may not be

based upon speculation.  *See* FED. R. EVID. 701.

A court may, upon objection, strike certain evidence attached to a motion, such as

affidavits or declarations.  *See, e.g.*, *In re Favre*, 342 F. App'x 5, 8 (5th Cir. 2009) (affirming a

district court's decision to strike an affidavit which was "comprised of nothing more than

conclusional allegations and legal arguments"); *Gibson v. Liberty Mut. Group*, 129 F. App'x 94,

95 (5th Cir. 2005) (holding that a district court properly struck portions of an affidavit submitted

to oppose a motion for summary judgment which contained "legal conclusions and hearsay and

was not based upon [the affiant's] personal knowledge").   Unsubstantiated assertions or

statements are to be disregarded as incompetent evidence.  *See, e.g., Forsyth v. Barr*, 19 F.3d

1527, 1533 (5th Cir. 1994) (reasoning that "unsubstantiated assertions are not competent

evidence").

### B.    The Declaration of Daniel Lorenso Should be Stricken.

In support of their Motion, Defendants attach the Lorenso Dec.  A copy of the Lorenso

Dec. is attached as Exhibit 1 to this Motion to Strike and is incorporated by reference.

Substantial parts of the Lorenso Dec. should be stricken because the declaration primarily

focuses on Lorenso's subjective and unilateral understanding of the asserted allegations.  In

addition, the Lorenso Dec. should be stricken because the facts asserted lack a proper foundation. In sum, paragraphs the following paragraphs of the Lorenso Dec. should be stricken because they each contain improper, conclusory statements and improperly draw legal conclusions.

More specifically the objected to portions of the Lorenso Dec. are as follows:

Paragraph 6:   . . . Other websites that I developed using some of my own code where mlmleads.com, byoaudio.com, and audiocacrobat.com.

This paragraph is utterly conclusory and states improper legal conclusions.  Among other things, the ownership of the referenced code is a  legal issue in this case.  Therefore, this paragraph should be stricken.

Paragraph 8:  There was never any agreement between Direct2Prospect and myself relating to the ownership of this previously authored computer code.

This statement is completely conclusory and should, therefore, be striken.  It also states improper legal conclusions.  Among other things, the ownership of the referenced code is a  legal issue in this case.  Therefore, this paragraph should be striken.

Paragraph 14:  I never received a ten percent ownership in Plaintiff's company . . . ..

This paragraph, again, contains conclusory statements and legal conclusions and should be stricken.  Among other things, whether Lorenso was offered 10% ownership is a legal issue in this case.

Paragragh 17:  I continued to work for VocalSpace as an independent contractor through Defendant Larkspark in 2007 until June 2008 when VocalSpace and I parted and went our separate ways.

The paragraph also contains legal conclusions.  Whether Lorenso was an independent contractor is a legal issue in this case.

Paragraph 23:  . . . approximately 209 of the files are files that are either 1) found in the public domain; 2) written and owned by me (Lorenso) prior to 2003 employment with Direct2Prospect; 3) Owned by moe (Lorenso) pursuant to a May 16, 2006 email in which I put Plaintiff on notice that I was creating code outside of my employment.  A listing of these files and what categories they fall into are attached as Exhibit F.

Once again, this paragraph contains improper legal conclusions and conclusory statements.  Ownership of the code is a legal issue in this case.  Further, Lorenso's conclusory, unsubstantiated statement that the code identified in Exhibit F (attached hereto) is public domain is incompetent evidence and should be stricken.

Paragraph 25:  I did develop code that was outside the scope of his employment with Plaintiff from May 16, 2006, though August 2006, and plaintiff put those files into their copyright filing.  A listing of said computer files is attached as Exhibit F..

This paragraph, again, is conclusory statements and legal conclusions.  Whether or not Lorenso developed code outside the scope of his employment is a legal issue in this case.  .

### III.
### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court strike the above-identified objectionable portions of the Declaration of Daniel Dante Lorenso.  Further, Plaintiff respectfully requests such other and further relief, at law or in equity, to which it may justly be entitled.

Respectfully submitted,

/s/ Brian A. Colao
Brian A. Colao
Bar No. 007933278
Neal G. Massand
Bar No. 24039038
Mina R. Saifi
Bar No. 24066801
Dykema Gossett PLLC
1717 Main Street, Suite 4000
Dallas, Texas  75201
(214) 462-6400 (Telephone)
(214) 462-6401 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
VOCALSPACE LLC**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on February 7, 2011, counsel for Plaintiff, Neal Massand, conferred with counsel for Defendants, Ernie Nycz, regarding the substance of this Motion.  Counsel for Defendants informed counsel for Plaintiffs that Defendants are opposed to the requested relief.

/s/ Neal G. Massand

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 7, 2011.  Any other counsel of record will be served by First Class U.S. Mail on this same date.

/s/ Brian A. Colao