UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE THE
DECLARATION OF DANIEL LORENSO (from Docket 162)**

Defendants ask the court to deny Plaintiff's Motion to Strike the Declaration of Daniel
Lorenso (Docket No. 162).

A. Introduction

1.   Plaintiff is Vocalspace, LLC; Defendants are Daniel D. Lorenso and Larkspark
Corporation.

2.   Plaintiff sued Defendant for copyright infringement and other claims.

3.   On January 2, 2011, Defendants filed their Response (Docket 147) to Plaintiff's
Motion for Partial Summary Judgment on Defendants Counterclaims (Docket103).
Attached to Docket 147 was a declaration of Defendant Daniel Lorenso.  *See Exhibit A to
Docket 147*.  On January 13, 2011 the plaintiff filed a Motion to Strike that Declaration
(Docket 162).

4.   Defendants dispute the Plaintiff's arguments the Lorenso's Declaration in Document 147 is replete with conclusory statements.   The Defendants declaration is simply a recitation of the facts that occurred in the years that Lorenso was involved with the Plaintiffs.

## B. Argument

The court should deny Plaintiff's Motion to Strike the Declaration of Daniel Lorenso from Docket 147.

On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a fact finder. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Betaco, Inc. v. Cessna Aircraft Co.,* 32 F.3d 1126, 1138 (7th Cir.1994); *Sarsha v. Sears, Roebuck & Co.,* 3 F.3d 1035, 1041 (7th Cir.1993).   Rather, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir.1994). Summary judgment is not appropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The court must look therefore at the evidence as a jury might, construing the record in the light most favorable to the non movant and avoiding the temptation to decide which party's version of the facts is more likely true. *Shepherd v. Slater Steels Corp.,* 168 F.3d 998, 1009 (7th Cir.1999).

It is well established that summary judgment cannot be used to resolve swearing contests between litigants. *Weeks v. Samsung Heavy Indus.,* 126 F.3d 926, 933 (7th Cir.

1997); *Giannopoulos v. Brach & Brock Confections, Inc.,* 109 F.3d 406, 410 (7th Cir.1997); *Wohl v. Spectrum Mfg.,* 94 F.3d 353, 358 (7th Cir.1996); *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.1992). Courts have routinely found that a nonmoving party's own affidavit can constitute affirmative evidence to defeat a summary judgment motion. *Wohl,* 94 F.3d at 358; *Courtney v. Biosound, Inc.* 42 F.3d 414, 418 (7th Cir.1994); *Sarsha,* 3 F.3d at 1041; *Wilson v. Williams,* 997 F.2d 348, 351 (7th Cir.1993); *Jackson,* 955 F.2d at 22. Lorenso's "need not match" Plaintiff witness for witness or affidavit for affidavit, nor must he "persuade the court this his case is convincing, he need only come forward with appropriate evidence demonstrating that there is a pending dispute of fact. *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003).

Lorenso's declarations are not based on speculation, intuition or rumor. Lorenso has submitted a set of detailed facts based on his first hand experience. All statements by Lorenso are based on his personal knowledge, and he has sworn to the facts under penalty of perjury. Where the material facts specifically averred by one party contradict the facts averred by a party moving for summary judgment, the motion must be denied. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

Provided that the evidence meets the usual requirements for evidence presented on summary judgment—including the requirements that it be based on personal knowledge and that it set forth specific facts showing that there is a genuine issue for trial—a self-serving affidavit is an acceptable method for a non-moving party to present evidence of disputed material facts. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003).

In sum, in reviewing a motion for summary judgment where each party's testimony relays a different version of the facts, the court must view those facts in the light most

favorable to the party opposing the motion.  *Id.*   Therefore, provided a nonmovant's

testimony set forth specific facts, within his personal knowledge, that, if proven, would affect

the outcome of the trial, the testimony must be accepted as true for purposes of summary

judgment.  See *Velazquez-Garcia v. Horizon Lines of Puerto Rico, Inc., 473 F.3d 11,15 (1st*

*Cir. 2006) (citing Napier v. F/V Deesie, Inc.,*454 F.3d 61, 66 (1st Cir.2006); *Simas v. First*

*Citizens' Fed. Credit Union,* 170 F.3d 37, 50-51 (1st Cir.1999).  Throughout this process, the

Court must remember that "[c]redibility determinations, the weighing of the evidence, and

the drawing of legitimate inferences from the facts are jury functions, not those of a judge."

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).


### SPECIFIC RESPONSE TO DECLARATION FROM DOCKET 147

In Docket 162, Plaintiff complain about several specific declarations that Lorenso made in

Docket 147.   These are the Defendants responses:

### Paragraph 3: "I was an independent contractor for part of the time I worked on VocalSpace projects".

Response:   Lorenso is perfectly capable to make this statement.   It is undisputed that

Lorenso worked as a employee for Plaintiff in 2006, and then as a Independent Contractor in

2007.    What is in dispute is the validity of a certain independent contracts agreement, which

the plaintiff disputes as a forgery.  Not in dispute is the fact that Lorenso worked in the status

of an independent contractor in 2007.   Plaintiff's own complaint states in paragraph 35

"Lorenso's sole role as a purported independent contractor was strictly administrative...".

*See Original Complaint, Docket 1, Paragraph 35.*   A party need not supply an affidavit

setting forth facts unless those facts are actually contested.  *Club Italia Soccer v. Charter*

*Township of Shelby*, 470 F.3d 286,295 (6th Cir. 2006).    Here, the fact that Lorenso worked

for Plaintiff as an independent contractor is admitted by Plaintiff's CFO in deposition:

Q.  At what period did you get to know him very well?

A.  Over the time that he was a contractor.

Q.  So at some point in the future he became -- it was an independent contractor?

A.  Yes, during that time.

> *See Deposition of John Adams, Page 159, Lines 10-14, Attached as Exhibit A*

Q.  When was the decision made to, actually, hire Dante again as a independent contractor?

A.  Sometime between the 13th of December and the beginning of January.

> *See Deposition of John Adams, Page 160, Lines 21-24. Attached as Exhibit A*

Q.  So was there any -- it was, absolutely, going to be a independent contractor arrangement is what you were gonna have, he was not gonna be a W2 employee; correct?

A.   Correct.

> *See Deposition of John Adams, Page 167, Lines 22-25. Attached as Exhibit A*

Thus, the fact Lorenso worked for Plaintiff as an independent contractor is not in dispute,

and Plaintiff has no business contesting a fact their own CFO has testified to.   The statement

that Lorenso made in his declaration on being an independent contractor is an opinion or fact

"rationally based on the perception of the witness" which is permitted by FRE 701.  *See*

*EEOC v. Air Liquide*, 692 F.Supp.2d 658, 667 (S.D. Tex 2010).   The statement was based

on personal knowledge, and Lorenso was certainly competent to testify on the matters stated.

   Also significant is the fact that Lorenso in Exhibit C in Docket 147 filed evidence of a signed Independent Contractors Agreement.   While Plaintiff challenges this document as a forgery, this document alone provides a reasonable basis for Lorenso to make the statement that he worked as an independent contractor for part of the time that he worked on VocalSpace Projects.   This is ample evidence to show that Lorenso statement in his declaration was "rationally based on the perception of the witness" which is permitted by FRE 701.  *See EEOC v. Air Liquide*, 692 F.Supp.2d 658, 667 (S.D. Tex 2010).


**Paragraph 4:   I do not believe my total compensation was ever greater than Direct2Prospect founders' since they received salary, bonuses, distributions, and equity.**


   Response:   Lorenso's testimony on this issue is what it is.   This fact really has nothing to do with any material fact or issue in this case - Direct2Prospect is a company not in this case, a separate entity from that of the Plaintiff.   Lorenso can testify as to his opinion, and his opinion is that his belief was that his total compensation was not greater than that of the founders of Direct2Prospect, for what it is worth.


**Paragraph 13: The terms of the Membership Unit Option Plan are in dispute because the Draft Options Agreement given to me in January 2006 are different from the versions turned over by Plaintiffs for this trial.   I have never signed, not have I ever seen any signed options agreements.**


   Response:   This paragraph must be read in context with the other surrounding statement in the declaration, namely paragraphs 9 - 21, and 17 - 21.   The fact with the options issue is there were numerous "draft" option agreements, none of which were ever complete, none of

which were ever signed.   Lorenso goes in great detail about what he received in January 2006 in paragraph 11 of his declaration, and even attaches in Exhibit B to the response (Docket 147) a copy of the draft agreements that he received in January 2006.

The Plaintiff in its Motion for Summary Judgment (Docket 103) makes the statement "VocalSpace delivered on its promise by providing Lorenso with stock options according to these terms.  See Membership Unit Option Plan, Notice of Grant, attached hereto as Exhibit 1-B."  *See Docket 103, Page 14 of 26.*   Lorenso in his declaration properly provides evidence that disputes this fact.  For example it is common sense that an option agreement be dated and at the very least provide a strike price, and according to Lorenso's declaration paragraph 11, The "draft options agreement given to me did not include the strike price which was a critical piece of information".  Also, Lorenso's declaration paragraph 12 states that "I never received a version of the Options Agreement attached as plaintiff's Exhibit 103-3...".  This is a factual statement which goes hand in hand with the statement made in paragraph 13 of the declaration : "The terms of the Membership Unit Option Plan are in dispute because the Draft Options Agreement given to me in January 2006 are different from the versions turned over by Plaintiffs for this trial".  Quite simply, Lorenso's statement is factual in that the "option plan" is in dispute, and Lorenso states why it is in dispute in his declaration.   This statement is an opinion or fact "rationally based on the perception of the witness" which is permitted by FRE 701.  *See EEOC v. Air Liquide*, 692 F.Supp.2d 658, 667 (S.D. Tex 2010).    This court should allow this statement as there is clearly a rational basis for this statement, and was made on his personal knowledge.

**Paragraph 19: VocalSpace has never provided me with an Option Agreement with Plaintiff.**

This is <u>NOT</u> the statement that Lorenso made in his declaration.  This is the ACTUAL statement that Lorenso made in paragraph 19 of his declaration at Docket 147:

**Paragraph 19: VocalSpace has never provided me with an final Option Agreement with to exercise.**

   Response:   As stated above in response to paragraph 13, Lorenso testifies in paragraphs

9 - 21, and 17 - 21 of his declaration the details on the draft Option agreements that he received.

These are not unsubstantiated assertions that are not backed by any supporting facts as claimed

by the Plaintiff.  In actual fact, Lorenso states in paragraph 11 of his declaration that he received

"unsigned, undated draft agreements...in late January 2006.   Lorenso attaches as Exhibit B to

Docket 147 the drafts that he received.  Lorenso also states in paragraph 11 of his declaration the

"draft options agreement given to me did not include the strike price which was a critical piece of

information".   Lorenso is very competent to testify to the fact that he did was not given a final

option agreement to exercise, this fact is based on his personal knowledge, and in his declaration

he does into great detail to provide all the facts to support his assertion.    This statement is an

opinion or fact "rationally based on the perception of the witness" which is permitted by FRE

701.  *See EEOC v. Air Liquide*, 692 F.Supp.2d 658, 667 (S.D. Tex 2010).    This court should

allow this statement as there is clearly a rational basis for this statement, and was made on his

personal knowledge.   Defendants have substantiated these assertions and the statement is backed

with supporting facts, including documentary exhibits, which have not been challenged by the

Plaintiff.


**Paragraph 20: VocalSpace has never honored the commitment to deliver 10% ownership.**

   Response:   Plaintiff argues this statement is a improper legal conclusion, to which

Plaintiff is wrong.   As stated in response to paragraphs 13 and 19 above, Defendants went to

great detail explaining the facts surrounding this statement in paragraphs 9 - 21, and 17 - 21 and

25.    There does not appear to be a dispute that Plaintiff made a commitment to give 10%

ownership of Plaintiff to Lorenso.  See Declaration of Randy Dryburgh, paragraph 8 & 9 of

Docket 103-1 ("Vocalspace...agree to offer Lorenso Stock Options equaling a ten percent interest

in VocalSpace.   The agreement between the parties was memoralized...."   So what Lorenso is

saying here is that "VocalSpace never honored the commitment to deliver 10% ownership".

This statement is simply repeating what is said in paragraph 8 of the declaration "I was never

given 10% ownership interest VocalSpace promised to me in the July 29, 2005 Commitment

Letter".   Dante Lorenso is competent to state whether or not VocalSpace honored its

commitment to deliver 10% ownership.   It is not disputed in this case that Lorenso did not

actually receive 10% ownership.  Lorenso's declaration goes into detail explaining all the facts

that led up to his conclusion that Plaintiff did not honor it commitment.   This statement is an

opinion or fact "rationally based on the perception of the witness" which is permitted by FRE

701.  *See EEOC v. Air Liquide*, 692 F.Supp.2d 658, 667 (S.D. Tex 2010).    This court should

allow this statement as there is clearly a rational basis for this statement, and was made on his

personal knowledge.


**Paragraph 21: It took over 6 months (July 2005 to February 2006) for VocalSpace to deliver a "draft" of an Options Agreement. This is certainly not "immediate" by any stretch of the imagination and no matter the excuses VocalSpace drums up, their Commitment Letter stated "immediately." I have learned through discovery that VocalSpace was waiting to close on a million dollar deal with Transcosmos before even starting to draft the agreements. With this information, it is clear that when promised in July 29, 2005, VocalSpace already knew it would never deliver on a promise of "immediately" exercisable options. This is clearly fraud.**

Response:   Plaintiff argues this statement is a improper legal conclusion, to which

Plaintiff is wrong.   As stated in response to paragraphs 13 and 19 and 20 above, Defendants

went to great detail explaining the facts surrounding this statement in paragraphs 9 - 21, and 17 -

21 and 25.  Lorenso explains in great detail why it is his opinion that VocalSpace did not honor

its promises in the commitment letter.    This statement is an opinion or fact "rationally based on

the perception of the witness" which is permitted by FRE 701.  *See EEOC v. Air Liquide*, 692

F.Supp.2d 658, 667 (S.D. Tex 2010).     This court should allow this statement as there is clearly

a rational basis for this statement, and was made on his personal knowledge.

**Paragraph 23:  As an independent contractor, I replaced major and significant portions of
the code used to operate VocalSpace web services. Although Plaintiff receives a license to
use the code provided, they have no right to claim ownership for that code and have no
right to exercise dominion over the code by purporting to have exclusive rights or
copyright to the code.**

Response:   Plaintiff argues this statement is a improper legal conclusion, to which Plaintiff

is wrong.   Paragraph 23 must be read in context with declaration paragraph 22  "On January

8, 2007, I entered into an Independent Contractor Agreement...".   A copy of said agreement

is found in Exhibit C in Docket 147 where Lorenso filed evidence of a signed Independent

Contractors Agreement.  The Independent Contractors Agreement provides:

> XV. License. Independent Contractor hereby grants VocalSpace a non-exclusive,
> worldwide, transferable, royalty-free and fully-paid up right and license to any software,
> code and/or technology developed by Independent Contractor in the performance or
> services hereunder.

This agreement serves as a rational basis for Lorenso to make the statement that Plaintiff has

no right to claim ownership for that code and has no right to exercise domain over the code.

This statement is an opinion or fact "rationally based on the perception of the witness" which

is permitted by FRE 701.  *See EEOC v. Air Liquide*, 692 F.Supp.2d 658, 667 (S.D. Tex

2010).    This court should allow this statement as there is clearly a rational basis for this

statement, and was made on his personal knowledge.

**Paragraph 24: I know first hand that from 2005 through 2008 VocalSpace derived a major portion of their revenue from the web service AudioAcrobat.com. Starting in 2007, VocalSpace began using LarkSpark owned technology to replace failing portions of their AudioAcrobat.com service. In 2009, VocalSpace renewed a license agreement with WOMEN for the AudioAcrobat.com service on which they make the statement that they are the owner of the licensed technology. This was not a true statement, since LarkSpark owns the code and VocalSpace is a licensee of LarkSpark.**

Response:    Plaintiff argues the statement "Larkspark owns the code" is a improper legal

conclusion, to which Plaintiff is wrong.    Whether or not LarkSpark owns the code and Plaintiff

is a licensee of LarkSpark is a question of fact.    Who 'owns the code' is in very much dispute

here the very existence of the January 2007 Independent Contracts Agreement is disputed by the

Plaintiff.    Lorenso has every right to state his opinion, provided his opinion is based on his

personal knowledge and there is a rational basis for that opinion.    *See EEOC v. Air Liquide*, 692

F.Supp.2d 658, 667 (S.D. Tex 2010).    This statement is a rational interpretation of the facts in

this case and should be permitted by this Court.    This statement was made in response to an

assertion made by Plaintiffs in their Motion for Summary Judgment "In the present case,

Plaintiff's claims arise out of Lorenso's misappropriating its confidential, proprietary, and

copyrighted source code." *See Docket 103, page 12 of 26.*    It is Lorenso's position, and it is his

right to make it, that he owns the code developed after 2007, and he has a good basis to make

this assertion.    The Plaintiff is not happy with the fact that there is a major fact issue is present

here, and is attempting whatever it can to eliminate that facts issue.    Lorenso has every right to

make the statement that the code is his and this Court should not strike this statement.

**Paragraph 25: I entered into an employment relationship with VocalSpace because they**

**promised me 10% ownership in the company. I agreed to aid Plaintiff with a large million dollar deal with a Japanese company in exchange for my 10% ownership. I fulfilled my end of the agreement, but VocalSpace never did. VocalSpace received the benefit of my work, and also retain the benefit of the 10% ownership that they never conveyed to me. Each of the three VocalSpace owners, Randy Dryburgh, John Otken, and James Adams are being unjustly enriched by keeping the 10% ownership from me that would have otherwise diluted their ownership interests.**

Response:   Plaintiff argues the statements on whether the parties fulfilled their respective ends of the agreement is a legal issues a improper legal conclusion, to which Plaintiff is wrong.   The facts which form the basis for Lorenso to make the statement that he fulfilled his end of the agreement is stated in plain terms the declaration.   Lorenso had a rational basis to state the opinion that he fulfilled his end of the deal "I entered into an employement relationship...I agreed to aid Plaintiff with a large million dollar deal..." These statement go to the issue of Lorenso's claims of conversion, and Lorenso makes a credible explanation on why he could rationally form the opinion on why Plaintiff did not fulfill its agreement, and why Plaintiff was unjustly enriched.   Lorenso here does not simply say Plaintiff was  unjustly enriched and leave it at that - he does onto explain why - "by keeping the 10% ownership from me that would have otherwise diluted their ownership interests.   Lorenso has every right to state his opinion, provided his opinion is based on his personal knowledge and there is a rational basis for that opinion.   *See EEOC v. Air Liquide*, 692 F.Supp.2d 658, 667 (S.D. Tex 2010).    This statement is a rational interpretation of the facts in this case and should be permitted by this Court

## C.  Conclusion

Defendants ask the court to deny Plaintiff's Motion to Strike portions of the Declaration of Daniel Lorenso found in Docket 147 (paragraphs 3, 4, 13, 19, 20, 21, 23, 24,

and 25) as the declaration states facts which are within the personal knowledge of the

Defendant, and for which he had a rational basis to make.


Respectfully submitted,


  /s/ Ernest P. Nycz
 ERNEST P. NYCZ
State Bar No. 24005547
2300 McDermott, Suite 200-369
Plano, Texas 75025
Email:  ernie@nycz.com
Phone (972) 377 8191
Fax (214) 853 5905
ATTORNEY FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2011 a true and correct copy of the foregoing response to motion to strike has been electronically filed on the CM/ECF system, and sent via email to Neal G. Massand  (Attorney for Plaintiff)


/s/ Ernest P. Nycz
ERNEST P. NYCZ