UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR COPYRIGHT INVALIDITY

Defendants Daniel D. Lorenso and Larkspark Corporation ("Defendants" or "Lorenso" or "Larkspark") file this Reply to Plaintiff's Response (Docket No. 186) to Defendants Motion for Partial Summary Judgment for Copyright Invalidity (Docket No. 182), and in support would show the Court the following:

### A. Introduction

Defendants Motion for Partial Summary Judgment for Copyright Invalidity (Docket No. 182) should be granted. Plaintiff has tried, but failed to raise a material question of fact in their response.

### B. Argument

#### Misrepresentation to Copyright Office

This court should find that the Plaintiff has made misrepresentations to the Copyright Office, that the Plaintiff failed to advise the Copyright office of important facts, and the

Plaintiff intentionally withheld information from the Copyright Office.

The Plaintiff choose what to file with the Copyright office. What Plaintiff filed with the Copyright office contained 3249 computer files and over 360,000 lines of code. *See ¶ 21 of Lorenso Declaration at Docket 182.* Plaintiff in their Copyright Registration stated the following:

> Limitation of Copyright Claim:
>
> Material excluded from this claim : computer program
>
> New Material included in claim: computer program
>
> *See Certificate of Registration, Attached to Docket 145-2 or Exh. B to Dkt 182.*

According to the website http://www.copyright.gov/eco/help-limitation.html, which is entitled "Help: Limitation of Claim" it states

> *Material Excluded*
>
> Check the appropriate box(es) to exclude any **preexisting material that this work is based on or incorporates**, such as previously registered material, previously published material, material in the public domain, and material not owned by this claimant. You may use the Other space to specifically identify a preexisting work or to give a more detailed description of the material excluded from this claim. (See examples of how to fill out the **Material Excluded** and **Material Included** sections).

See Printout of Website, Page 1, Attached Exhibit B to this reply.

The copyright office gives example of how to complete that section in doing so it stated that if you work was "computer program, updated version" then complete the form with "Material Excluded" and "Material Included" as "Computer program", which is exactly that the Plaintiff did here.

```
Your work: computer program, updated version
Material Excluded
[X] Computer Program
Material Included
[X] Computer Program
```

*See Printout of Website, Page 2, Attached Exhibit B to this reply.*

What the Plaintiff filed in their copyright was not an updated version of their computer program. *See ¶ 14 & 15 of Lorenso Decl, attached as Exhibit A to this reply.* There was no "new material included" in their copyright, as in July 2009 when this copyright was filed the Plaintiff put on the form "Year of Completion: 2007". See *Certificate of Registration, Attached to Docket 145-2 or Exh. B to Dkt 182.*

As it states in the instructions to Circular 61, under the limitation of claim "Complete this part of the application contains a substantial amount of...public domain materials". The Plaintiff did not leave this blank - they in fact stated "computer program" in their material excluded from their claim which meant that the Plaintiff's Attorney (Wayne Harper of Greenerg Traurig) who filed the copyright was excluding from their copyright "computer program" that contained a substantial amount of public domain materials.

The truth of that matter is to what was stated in their copyright filing, the Plaintiff's CEO has testified completely opposite. Randy Dryburgh stated in his deposition:

Q. Did you do an analysis to who actually owns the code that you filed the copyright?

A. I did an exhaustive analysis looking for code that was -- that appeared to be from outside sources, as did Mr. Otken to a less effect, and identified every piece of code we believe had a copyright attached to it.

*See Page 8:24 - Page 9:4 of Dryburgh Dep, Attached as Exh. M to Docket 182*

Q. Did you -- you said that you compared your code against other sources. Did you compare it against public open sources?

A. No. Why would I do that?

Q. Well, is -- are you saying that you authored -- VocalSpace authored all the code in the copyright?

A. All the code in the VocalSpace codebase is the property of VocalSpace, was written on behalf and at the request and supervision of VocalSpace.

*See Page 9:25 - Page 10:7 of Dryburgh Depo, Attached as Exh. M to Docket 182*

Q. Okay. The copyright, I just want to talk about just purely on the copyrighted code, not any other code at this point. You believe that you, VocalSpace, authored every single line of that code or can you give me an estimation of how much of it you actually authored?

A. My understanding is that all of the code that's contained in the copyright was authored under the direction or was developed under the direction of VocalSpace.

Q. Would it surprise you if some of that code was not VocalSpace's code?

A. Yes.

Q. And you did do a pretty exhaustive analysis before you filed?

A. Yes, we did.

*See Page 12:12 - Page 13:3 Dryburgh Depo, Attached as Exh. M to Docket 182*

Plaintiff CEO has in sworn testimony stated that he thought all his copyrighted code was original. When he was asked if he compared his code against public open source, his response was "No. Why would I do that". This testimony of Plaintiff's CEO is very revealing and show that Plaintiff believed that it had authored all of it's own original work, and that it had no reason to check it for public domain sources.

Couple that with the fact that the Plaintiff when they filed their copyright registration completely botched that registration, in that they filed a limitation of "computer program" and new material of "computer program" which according to the examples as set by the copyright office, you would only do this for a "updated version", which according to the above referenced Plaintiff's CEO testimony and Lorenso's attached declaration, is just not the case.

The Plaintiff is trying to have to both ways, trying to argue that their code is all original, and also fall back an argument that it has code that was found in the public domain. They cannot have it both ways.  It is a fact that Randy Dryburgh placed from public domain code in the Plaintiff's websites which then made it into Plaintiff's copyrighted code. *See ¶ 14 & 15 of Lorenso Decl, attached as Exhibit B.*

### Plaintiff's Code contains Public Domain Materials put there by Plaintiff's CEO

Plaintiff's CEO Randy Dryburgh was the one who put two files, RFC822.php and smtp.php, both of which were found in the public domain, into Plaintiff's code base.  See *See ¶ 11 & 12 of Lorenso Decl, attached as Exhibit B.*   Plaintiff's CEO has testified in deposition that his was not the case.   This evidence is proof that some of the copyrighted material was not original.

The truth of the matter is the Plaintiff made a misrepresentation and intentionally withheld information to the copyright office, in that it told that copyright office that its copyright was a "updated program" when in fact it was not.  There is not a reported case

quite like this one, where the Plaintiff's CEO testified one way, and the copyright was filed another way, and the actual facts are a completely different way. This was not an innocent mistake. *See Business Mgmt Intl v. Labyrinth Bus. Systems,* 2009 WL 790048 (S.D.N.Y. March 24, 2009).

### The Lorenso 2003 & 2006 Code

The Plaintiff in their response makes the argument that the 2003 Lorenso Code and the 2006 Lorenso Code cannot invalidate the copyright, as that code is the property of the Plaintiff via the work for hire doctrine. The Plaintiff is misplaced in their argument. Defendants just addressed this very issue in a related pleading, as both parties have filed cross motions for summary judgment on the copyright invalidity issue. In Defendants Response to Plaintiff's Motion for Partial Summary Judgment filed at Docket 187, Defendants explain in great detail the circumstance in 2006 and the May 16, 2006 email that Defendant Lorenso sent to Plaintiff.

Instead of Defendants simply restating the contents of Docket 187 in this reply, the Defendant adopts the arguments and evidence found in Docket 187 and incorporates it into this reply Docket 187 to show that Lorenso blogging code he created in 2006 was not prepared for the Plaintiff. *See Docket 187, Pages 7 - 12 and attached evidence.*

This court should concluded that after reading Docket 187, pages 7 - 12 , that Lorenso does in fact own the code that he developed subsequent to May 16, 2006 for his own project, and find that because the Plaintiff's copyrighted code contained Lorenso's personal code, that Plaintiff's code is invalidated.

## C. Conclusion

This Court should invalidate the Plaintiff's copyright registration at issue in this case. Plaintiff comes to this lawsuit with unclean hands by not properly disclosing all the facts to the Copyright office and by intentionally withholding information from the Copyright office on the true nature of the Copyright, that the codebase was not a updated program.

Respectfully submitted,

/s/ Ernest P. Nycz
ERNEST P. NYCZ
State Bar No. 24005547
2300 McDermott, Suite 200-369
Plano, Texas 75025
Email: ernie@nycz.com
Phone (972) 377 8191
Fax (214) 853 5905
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2011 a true and correct copy of the foregoing this Reply to Plaintiff's' Response to Defendants motion for summary judgment has been electronically filed on the CM/ECF system.

/s/ Ernest P. Nycz
ERNEST P. NYCZ