UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## **DEFENDANTS MOTION IN LIMINE**

Before the voir dire examination of the jury panel, defendants Daniel D. Lorenso and Larkspark Corporation, makes this motion in limine. Defendants seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Plaintiff, VocalSpace LLC, injects these matters in this case through a party, an attorney, or a witness, Plaintiff will cause irreparable harm to defendant's case, which no jury instruction would cure. If any of these matters are brought directly or indirectly to the attention of the jury, defendants will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, defendants makes this motion in limine.

### A. Grounds

Defendants asks the court to prohibit plaintiff from offering any of the following matters without first asking for a ruling from the court, outside the jury's presence, on the admissibility of the matter:

1. Any evidence, statement, or argument of other crimes, wrongs, or acts to prove the character of defendant Daniel Lorenso to show that defendant Lorenso acted in conformity with his character on any occasion. *See* Fed. R. Evid. 404(b).

2. Any evidence, statement, or argument about settlement negotiations. Evidence of settlement negotiations is inadmissible. *See* Fed. R. Evid. 408; *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526-30 (3d Cir. 1995).

3. Any evidence, statement, or argument that witness, Daniel Lorenso, was convicted of any crime. The probative value of admitting evidence of this conviction does not outweigh its prejudicial effect. *See* Fed. R. Evid. 609(a)(1); *United States v. Motley*, 940 F.2d 1079, 1083 (7th Cir. 1991).

4. Any evidence, statement, or argument that witness Daniel Lorenso was arrested. In Lorenso's deposition plaintiff repeatedly questioned Lorenso concerning any prior arrests, which defendant denied ever being arrested. Plaintiff should not be permitted to ask Lorenso if he has been arrested as just the question would prejudice Defendants.

5. Any evidence from an expert witness who was not identified as a testifying expert in responses to interrogatories and not designated by the time specified in the pretrial order or local rule. *Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 202-03 (1st Cir. 1996); *see Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993).

6. Any evidence from an expert witness that is outside the scope of the expert's written opinion produced during pretrial discovery. *See Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769-70 (8th Cir. 1994).

7. Any opinion of an expert that is not supported by admissible facts. *See Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

8. Any evidence, statement, or argument supporting an issue not contained in the final pretrial order. *Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. L.P.*, 79 F.3d 496, 507-08 (6th Cir. 1996).

9. Any secondary evidence presented because plaintiff did not make a sufficiently diligent search for material requested during discovery. *See Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995).

10. Any evidence that plaintiff did not produce in discovery. Plaintiff should not be permitted to present any witness it did not name in its disclosures or answers to interrogatories or any evidence it did not produce in response to any discovery.

11. Any evidence, statement, or argument suggesting defendants, through their attorney, asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence. *See* Fed. R. Evid. 501.

12. Any attempt to elicit testimony from defendants about communications with their attorneys. Such communications are privileged. *See* Fed. R. Evid. 501.

13. Any evidence, statement, or argument that defendant Daniel Lorenso goes to church every Sunday and tithes or that defendant is an atheist. Evidence of a witness's religious beliefs is not admissible to enhance or impair credibility. *See* Fed. R. Evid. 610.

14. Any evidence, statement, or argument that defendant Lorenso received or paid a traffic ticket, or any evidence that plaintiff did not receive a traffic ticket.

15. Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.

16. Any attempt to ask defendants attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

17. Any statement of the law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the court rules on the law applicable to this case.

18. Any evidence, statement, or argument to the jury that the court can reduce the amount of the jury's award.

19. Any evidence, statement, or argument attempting to impose liability on or arouse prejudice against defendant LarkSpark Corporation simply because it is a corporation.

20. Any evidence, statement, or argument that Daniel Lorenso signed any agreement or document with Direct2Prospect. Direct2Prospet is not a party to this lawsuit. Daniel Lorenso worked for Direct2Prospect prior to working for Plaintiff VocalSpace, LLC and what Lorenso may have signed with Direct2Prospect is not relevant to the current case with the parties that are present. Any connection that plaintiff will try to make between it and Direct2Prospect is not proper, when in fact Direct2Prospect is a completely separate entity.

## B. Conclusion

21. For these reasons, defendant asks the court to instruct plaintiff and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the court, outside the presence and hearing of the jury, and to instruct plaintiff and all attorneys to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

 /s/ Ernest P. Nycz
 ERNEST P. NYCZ
State Bar No. 24005547
2300 McDermott, Suite 200-369
Plano, Texas 75025
Email: ernie@nycz.com
Phone (972) 377 8191
Fax (214) 853 5905
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

Undersigned attorney left 2 voice mails this afternoon (February 24, 2011) with counsel for plaintiff (Brian Colao and Neal Massand) and as the time of filing I had not received a phone call back. Undersigned counsel will advise the court as soon as he hears back from opposing counsel if there is a agreement on any of the items in this Motion in Limine.

    /s/ Ernest P. Nycz
ERNEST P. NYCZ


## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2011 a true and correct copy of the foregoing Motion in Limine has been electronically filed on the CM/ECF system, and sent via email to Neal Massand (opposing Counsel).

/s/ Ernest P. Nycz
ERNEST P. NYCZ