UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON DEFENDANTS MOTION IN LIMINE

After considering Defendants motion in limine and the response, the court ORDERS Plaintiff, VocalSpace, LLC, counsel for Plaintiff, and all witnesses called on behalf of Plaintiff to refrain from any mention or interrogation, directly or indirectly, including offering documentary evidence, about any of the following matters without first requesting and obtaining a ruling from the court, outside the presence and hearing of all prospective jurors and jurors ultimately selected in this case, on the admissibility of the matter:

1.	Any evidence, statement, or argument of other crimes, wrongs, or acts to prove the character of defendant Daniel Lorenso to show that defendant Lorenso acted in conformity with his character on any occasion. *See* Fed. R. Evid. 404(b).

_____          _____          _____
 AGREED                GRANTED              DENIED

2.	Any evidence, statement, or argument about settlement negotiations. Evidence of

settlement negotiations is inadmissible. *See* Fed. R. Evid. 408; *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526-30 (3d Cir. 1995).

_____       _____       _____
AGREED           GRANTED           DENIED

      3.    Any evidence, statement, or argument that witness, Daniel Lorenso, was convicted of any crime. The probative value of admitting evidence of this conviction does not outweigh its prejudicial effect. *See* Fed. R. Evid. 609(a)(1); *United States v. Motley*, 940 F.2d 1079, 1083 (7th Cir. 1991).

_____       _____       _____
AGREED           GRANTED           DENIED

      4.    Any evidence, statement, or argument that witness Daniel Lorenso was arrested. In Lorenso's deposition plaintiff repeatedly questioned Lorenso concerning any prior arrests, which defendant denied ever being arrested. Plaintiff should not be permitted to ask Lorenso if he has been arrested as just the question would prejudice Defendants.

_____       _____       _____
AGREED           GRANTED           DENIED

      5.    Any evidence from an expert witness who was not identified as a testifying expert in responses to interrogatories and not designated by the time specified in the pretrial order or local rule. *Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 202-03 (1st Cir. 1996); *see Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993).

_____       _____       _____
AGREED           GRANTED           DENIED

      6.    Any evidence from an expert witness that is outside the scope of the expert's

written opinion produced during pretrial discovery. *See Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769-70 (8th Cir. 1994).

_____        _____        _____
AGREED           GRANTED           DENIED

      7.     Any opinion of an expert that is not supported by admissible facts. *See Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

_____        _____        _____
AGREED           GRANTED           DENIED

      8.     Any evidence, statement, or argument supporting an issue not contained in the final pretrial order. *Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. L.P.*, 79 F.3d 496, 507-08 (6th Cir. 1996).

_____        _____        _____
AGREED           GRANTED           DENIED

      9.     Any secondary evidence presented because plaintiff did not make a sufficiently diligent search for material requested during discovery. *See Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995).

_____        _____        _____
AGREED           GRANTED           DENIED

     10.    Any evidence that plaintiff did not produce in discovery. Plaintiff should not be permitted to present any witness it did not name in its disclosures or answers to interrogatories or any evidence it did not produce in response to any discovery.

_____        _____        _____
AGREED           GRANTED           DENIED

11. Any evidence, statement, or argument suggesting defendants, through their attorney, asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence. *See* Fed. R. Evid. 501.

_____          _____          _____
AGREED              GRANTED              DENIED

12. Any attempt to elicit testimony from defendants about communications with their attorneys. Such communications are privileged. *See* Fed. R. Evid. 501.

_____          _____          _____
AGREED              GRANTED              DENIED

13. Any evidence, statement, or argument that defendant Daniel Lorenso goes to church every Sunday and tithes or that defendant is an atheist. Evidence of a witness's religious beliefs is not admissible to enhance or impair credibility. *See* Fed. R. Evid. 610.

_____          _____          _____
AGREED              GRANTED              DENIED

14. Any evidence, statement, or argument that defendant Lorenso received or paid a traffic ticket, or any evidence that plaintiff did not receive a traffic ticket.

_____          _____          _____
AGREED              GRANTED              DENIED

15. Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.

_____          _____          _____
AGREED              GRANTED              DENIED

16. Any attempt to ask defendants attorney to produce documents, to stipulate to any

fact, or to make any agreement in the presence of the jury.

_____                    _____                   _____
AGREED                        GRANTED                         DENIED

17. Any statement of the law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the court rules on the law applicable to this case.

_____                    _____                   _____
AGREED                        GRANTED                         DENIED

18. Any evidence, statement, or argument to the jury that the court can reduce the amount of the jury's award.

_____                    _____                   _____
AGREED                        GRANTED                         DENIED

19. Any evidence, statement, or argument attempting to impose liability on or arouse prejudice against defendant LarkSpark Corporation simply because it is a corporation.

_____                    _____                   _____
AGREED                        GRANTED                         DENIED

20. Any evidence, statement, or argument that Daniel Lorenso signed any agreement or document with Direct2Prospect. Direct2Prospet is not a party to this lawsuit. Daniel Lorenso worked for Direct2Prospect prior to working for Plaintiff VocalSpace, LLC and what Lorenso may have signed with Direct2Prospect is not relevant to the current case with the parties that are present. Any connection that plaintiff will try to make between it and Direct2Prospect is not proper, when in fact Direct2Prospect is a completely separate entity.

_____                    _____                   _____
AGREED                        GRANTED                         DENIED

SIGNED on _____, 2011

                                        _____
                                        AMOS L. MAZZANT
                                        UNITED STATES MAGISTRATE JUDGE