# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| v. | § | Case No. 4:09-CV-350 |
| | § | Judge Mazzant |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants' Motion for Partial Summary Judgment and in the

Alternative Motion to Continue to Add Discovery Evidence (Dkt. #104) and Plaintiff's Motion to

Strike the Declaration of Daniel Lorenso (Dkt. #141).

## BACKGROUND

Plaintiff Vocalspace, LLC ("VocalSpace") designs web-based internet marketing and

streaming media systems. VocalSpace employed Defendant Daniel D. Lorenso ("Lorenso") to help

write source code for its products. The parties dispute when Lorenso's employment with

VocalSpace began, but agree Lorenso's employment ended in August of 2006. At this time, Lorenso

started his own company, Defendant LarkSpark Corporation ("LarkSpark"). Lorenso was an

independent contractor of VocalSpace from January 2007 through June of 2008.

Vocalspace contends that Lorenso modified VocalSpace's firewall setting without

authorization to allow an unknown computer to access VocalSpace's servers. VocalSpace also

contends that Lorenso stole VocalSpace's source code and other trade secrets. VocalSpace further

contends that Lorenso is now selling a competing product through LarkSpark that infringes

VocalSpace's copyrighted code, and that he has used VocalSpace's trade secret information to help

him do so.

VocalSpace asserts claims of copyright infringement, violations of the Computer Fraud and Abuse Act ("CFAA") and the Texas Theft Liability Act, misappropriation of trade secrets, breach of fiduciary duty, constructive fraud, unfair competition, fraud and fraudulent concealment, and unjust enrichment, and is seeking an accounting of all VocalSpace property that was under Lorenso's control before his departure.

On November 5, 2010, Defendants filed their Motion for Partial Summary Judgment and in the Alternative Motion to Continue to Add Discovery Evidence (Dkt. #104), seeking summary judgment on VocalSpace's claims of copyright infringement, violation of the CFAA, misappropriation of trade secrets, breach of fiduciary duty, constructive fraud, unfair competition, fraud, unjust enrichment, violation of the TTLA, and request for accounting. On December 31, 2010, VocalSpace filed a Response (Dkt. #143) and Plaintiff's Motion to Strike the Declaration of Daniel Loresno (Dkt. #141).[1] On January 10, 2011, Defendants filed a Reply (Dkt. #160). On January 21, 2011, VocalSpace filed a Sur-Reply (Dkt. #171).

### MOTION TO STRIKE

As a preliminary matter, the Court addresses Plaintiff's Motion to Strike the Declaration of Daniel Lorenso (Dkt. #141). VocalSpace objects to paragraphs 5-10. *See* MOTION TO STRIKE at 4-5. Generally, VocalSpace argues that Lorenso's affidavit is conclusory and makes legal conclusions. The Court will consider VocalSpace's arguments if the Court relies upon any information or evidence contained in Lorenso's affidavit in making its decision on the summary judgment motion.

---

[1] The Motion to Strike concerns an affidavit presented by Defendants in support of Defendants' Motion for Partial Summary Judgment and in the Alternative Motion to Continue to Add Discovery Evidence (Dkt. #104).

If the Court does not rely upon statements in the affidavit to which VocalSpace objects, those objections are denied as moot.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden is placed upon the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996). The movant's burden is only to point out the absence of evidence supporting the non-movant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992). When the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of presenting "specific facts showing there is a genuine issue for trial." *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the non-movant may not rest on mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardio-thoracic Surgery Assocs. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

In their Reply (Dkt. #160), Defendants withdrew their Motion to Continue to Add Discovery Evidence. REPLY at 1-2. Defendants also withdrew their motion for summary judgment with regard to VocalSpace's claims for copyright infringement, unjust enrichment, misappropriation of trade secrets, breach of fiduciary duty, constructive fraud, unfair competition, fraud, violation of the TTLA, and accounting. *Id.* at 2. The only issue remaining for the Court's consideration is whether summary judgment is proper on the CFAA claim. REPLY at 3.

### *Computer Fraud and Abuse Act*

Defendants move for summary judgment on VocalSpace's CFAA claim. A violation of the CFAA occurs when a defendant "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer." 18 U.S.C. 1030(a)(5)(A). Defendants argue that Lorenso never accessed VocalSpace's computers without authorization, exceeded his authorization, or intended to defraud VocalSpace.[2] MOTION EX. B at 3. Defendants also argue that VocalSpace fails to provide evidence of the type of damages that are recoverable under the CFAA. REPLY at 3-4.

VocalSpace argues that material questions of fact exist and summary judgment should be denied. The Court agrees. VocalSpace provides evidence that a "hole in the firewall" was found by VocalSpace employees. RESPONSE EX. A at 4. VocalSpace believes Lorenso created this "rule" because it was traced back to Dallas where Lorenso "was hosting his stuff." RESPONSE EX. F. at 6.

---

[2] VocalSpace objects to paragraphs 5 and 6 of Lorenso's affidavit as conclusory, based on conjecture, and drawing legal conclusions. MOTION TO STRIKE at 4. The Court overrules the objections. Lorenso's statements are based upon his own knowledge and VocalSpace will have the opportunity to cross-examine Lorenso on this subject matter at trial.

Further, VocalSpace presents the deposition testimony of Lorenso who states he does not recall creating such a rule, but states, "it does sound like something I would have done." RESPONSE EX. H at 3. In the opinion of the Court, this evidence creates a material question of fact with regard to whether Lorenso violated the CFAA.

The Court also agrees with VocalSpace that it supplied sufficient evidence on damages to support its CFAA claim. The CFAA requires a plaintiff to establish "costs incurred as a result of investigation or remedying damage to a computer, or costs incurred because the computer's service was interrupted." *M-I LLC v. Stelly*, 733 F.Supp.2d 759, 779-80 (S.D. Tex. 2010) (citing *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 F. App'x 559, 562 (2d Cir. 2006)). VocalSpace provides evidence that as a result of Defendants' activities, it paid an employee $38,000 to rebuild the VocalSpace network. RESPONSE EX. A at 5. Defendants argue that there is no evidence of CFAA damages because VocalSpace does not explain why the entire network had to be rebuilt. REPLY at 4. The Court rejects this argument as VocalSpace will be required at trial to prove that the costs of rebuilding the network were incurred as a result of investigating or remedying damage to a computer. In the opinion of the Court, such evidence is sufficient to show damages that are actionable under the CFAA at the summary judgment stage.[3] Therefore, the Court finds that material fact questions exist as to VocalSpace's CFAA claim and summary judgment should be denied.

***Conclusion***

The Court finds that Defendants have failed to show that no material fact questions exist with regard to VocalSpace's claims.

---

[3] The Court notes that VocalSpace presents evidence that the decision was made to "rebuild all the machines, because we were concerned that [Lorenso] had left a backdoor." SUR-REPLY EX. B at 3.

Based upon the findings discussed above, it is hereby **ORDERED** that Defendants' Motion for Partial Summary Judgment and in the Alternative Motion to Continue to Add Discovery Evidence (Dkt. #104) is **DENIED**.

**SIGNED this 28th day of February, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE