# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| v. | § | Case No. 4:09-CV-350 |
| | § | Judge Mazzant |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Claims (Dkt. #101) and Plaintiff's Motion to Strike the Declaration of Daniel Lorenso (Dkt. #163).

### BACKGROUND

Plaintiff Vocalspace, LLC ("VocalSpace") designs web-based internet marketing and streaming media systems. VocalSpace employed Defendant Daniel D. Lorenso ("Lorenso") to help write source code for its products. The parties dispute when Lorenso's employment with VocalSpace began, but agree Lorenso's employment ended in August of 2006. At this time, Lorenso started his own company, Defendant LarkSpark Corporation ("LarkSpark"). Lorenso was an independent contractor of VocalSpace from January 2007 through June of 2008.

Vocalspace contends that Lorenso modified VocalSpace's firewall setting without authorization to allow an unknown computer to access VocalSpace's servers. VocalSpace also contends that Lorenso stole VocalSpace's source code and other trade secrets. VocalSpace further contends that Lorenso is now selling a competing product through LarkSpark that infringes VocalSpace's copyrighted code, and that he has used VocalSpace's trade secret information to help him do so.

VocalSpace asserts claims of copyright infringement, violations of the Computer Fraud and Abuse Act ("CFAA") and the Texas Theft Liability Act, misappropriation of trade secrets, breach of fiduciary duty, constructive fraud, unfair competition, fraud and fraudulent concealment, and unjust enrichment, and is seeking an accounting of all VocalSpace property that was under Lorenso's control before his departure.

On November 5, 2010, VocalSpace filed its Motion for Partial Summary Judgment on Plaintiff's Claims (Dkt. #101), seeking summary judgment on its claims of copyright infringement, misappropriation of trade secrets, breach of fiduciary duty, and violation of the CFAA and Texas Theft Liability Act. On January 23, 2011, Defendants filed a Response (Dkt. #145, 146). On January 13, 2011, VocalSpace filed a Reply (Dkt. #166). On January 13, 2011, VocalSpace filed Plaintiff's Motion to Strike the Declaration of Daniel Lorenso (Dkt. #163).[1] On January 28, 2011, Defendants filed a Sur-Reply (Dkt. #176).

## MOTION TO STRIKE

As a preliminary matter, the Court addresses Plaintiff's Motion to Strike the Declaration of Daniel Lorenso (Dkt. #163). VocalSpace objects to paragraphs 2-5, 8, 11, 12, 14, 16, 17, 19-20, 26-28, and 33-41. *See* MOTION TO STRIKE at 3. Generally, VocalSpace argues that Lorenso's affidavit is conclusory and makes legal conclusions. The Court will consider VocalSpace's arguments if the Court relies upon any information or evidence contained in Lorenso's affidavit in making its decision on the summary judgment motion. If the Court does not rely upon statements in the affidavit to which VocalSpace objects, those objections are denied as moot.

---

[1] The Motion to Strike concerns an affidavit presented by Defendants in support of Defendants' Response (Dkt. #145).

**SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden is placed upon the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996). The movant's burden is only to point out the absence of evidence supporting the non-movant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992). When the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of presenting "specific facts showing there is a genuine issue for trial." *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the non-movant may not rest on mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardio-thoracic Surgery Assocs. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**ANALYSIS**

VocalSpace seeks summary judgment on its claims of copyright infringement, misappropriation of trade secrets, breach of fiduciary duty, and violation of the CFAA and Texas

Theft Liability Act.

*Copyright Infringement*

VocalSpace argues that there are no genuine issues of fact for trial with regard to its copyright infringement claim, and summary judgment should be granted in VocalSpace's favor. MOTION at 5. "To establish a prima facie case of copyright infringement, a copyright owner must prove '(1) ownership of a valid copyright, and (2) copying [by the defendant] of constituent elements of the work that are original.'" *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (citation omitted). "A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *Id*. To prove actionable copying under the second prong, a plaintiff must prove the defendant actually used the copyrighted material to create his own work. *Id*. The plaintiff may make this showing by direct evidence "or through circumstantial evidence demonstrating both (1) that the defendant had access to the copyrighted work and (2) that the two works are 'probatively' similar." *Id*. "The access element is satisfied if the person who created the allegedly infringing work had a reasonable opportunity to view the copyrighted work." *Id*. To show the second element, probative similarity, the plaintiff must show that "the works, when compared as a whole, are adequately similar to establish appropriation." *Id*.

VocalSpace presents evidence that the code in question here is registered to VocalSpace with the United States Copyright Office. *See* Motion Ex. B1. Therefore, there is a presumption that VocalSpace owns the code and the copyright is valid. *See Gen. Universal Sys., Inc.*, 379 F.3d at 141. However, the presumption that a certificate of registration creates is rebuttable. *Berg v. Symons*, 393 F.Supp.2d 525, 539 (S.D. Tex. 2005) (citing *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995)). VocalSpace also provides evidence that Lorenso had access to the copyrighted

code. MOTION at 14-15. Lastly, VocalSpace argues that there is a substantial similarity between the copyrighted code and Defendants' code. *Id*. at 8. VocalSpace provides evidence that Defendants' code contains "creative expression" that is found in the copyrighted code, and VocalSpace's expert found a substantial similarity between the copyrighted code and Defendants' code. *Id*. at 8-14.

Defendants argue that material questions of fact exist as to whether VocalSpace owns a valid copyright because a substantial part of the code contains public domain materials and this fact was not disclosed to the copyright office.[2] RESPONSE at 9. Defendants argue that any similarity to the copyrighted code is due to the fact that some files are public domain files or files which Lorenso claims he owns himself. *Id*. at 16. Defendants provide an Independent Contractor Agreement, which Defendants argue shows that Lorenso owns many parts of VocalSpace's code and gave VocalSpace a license to use that code.[3] *See* RESPONSE EX. J. Further, Defendants provide evidence that the "creative expression" cited by VocalSpace denotes a "break" and is used strictly for formatting, "which has nothing to do with the substance of the code." SUR-REPLY at 3.

While the parties do not appear to dispute the issue of access to the copyrighted code, the Court need not decide if Defendants' evidence rebuts the presumption of VocalSpace's ownership of a valid copyright or the probative similarity of the two sets of code at this time. This is because the Court finds that a material fact question exists regarding the substantial similarity of the two sets of code. *See Gen. Universal Sys., Inc.*, 379 F.3d at 141. "To determine whether an instance of

---

[2] VocalSpace disputes this assertion and provides evidence it did comply with the copyright office requirements by "excluding 'computer program' from its copyright claim." REPLY at 5-6.

[3] While briefing another motion, VocalSpace argues that the copy of the Independent Contractor Agreement is a forgery and no representative of VocalSpace ever signed such an agreement. *See* PLAINTIFF'S RESPONSE TO DEFENDANTS' MSJ (Dkt. #143) at 4-5.

copying is legally actionable, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Peel & Company, Inc. v. Rug Market*, 238 F.3d 391, 395 (5th Cir. 2001). "Although this question typically should be left to the fact finder, summary judgment may be appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression." *Id*.

In the opinion of the Court, reasonable minds could differ as to whether these two sets of code are substantially similar. Reasonable minds, particularly minds of reasonable laypersons, could differ as to whether the two sets of code are substantially similar. Summary judgment is not appropriate here because the Court cannot conclude, after viewing the evidence and inferences in a manner most favorable to Defendants, that all reasonable jurors would find substantial similarity. *See Gen. Universal Sys., Inc.*, 379 F.3d at 142 (citing *Peel*, 238 F.3d at 395). Further, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond all peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). As the Court finds that reasonable minds could differ with regard to the substantial similarity of the two sets of code, the Court concludes that summary judgment should be denied on VocalSpace's infringement claim.

*Misappropriation of Trade Secrets*

VocalSpace argues that there are no genuine issues of fact for trial with regard to its misappropriation of trade secrets claim, and summary judgment should be granted in VocalSpace's favor. MOTION at 15. To prevail on a misappropriation of trade secrets claim under Texas law, "a

plaintiff must show that (1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means, and (3) the defendant used the trade secret without authorization from the plaintiff." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 273 (5th Cir. 2009) (citations omitted).

The parties' arguments and evidence with regard to the misappropriation of trade secrets claim are substantially similar to the arguments and evidence regarding the copyright infringement claim. The Court cannot conclude, after viewing the evidence and inferences in a manner most favorable to Defendants, that all reasonable jurors would find that Defendants misappropriated VocalSpace's trade secrets. *See Gen. Universal Sys., Inc.*, 379 F.3d at 142 (citing *Peel*, 238 F.3d at 395). Similar to the copyright infringement claim, the Court cannot conclude "beyond all peradventure," that the Defendants used code that belonged to VocalSpace. *Fontenot*, 780 F.2d at 1194. Several questions of fact exist. For example, Defendants present evidence that some of the code used by Defendants is governed by an Independent Contractor's Agreement that Defendants argue shows Lorenso owned some of the disputed code and licensed it to VocalSpace. VocalSpace disputes the authenticity and meaning of this agreement. In asking the Court to grant summary judgment in its favor, VocalSpace is asking the Court to make a credibility determination that it cannot make. Therefore, fact questions exist that are appropriate for the fact finder, and summary judgment should be denied with regard to the misappropriation of trade secrets claim.

***Breach of Fiduciary Duty***

VocalSpace argues that it has established every element of its breach of fiduciary duty claim and summary judgment should be granted in its favor. MOTION at 19. "To succeed on a claim of breach of fiduciary duty, the plaintiff must show that a fiduciary relationship existed between the

plaintiff and defendant, that the defendant breached his fiduciary duty, and that the defendant's breach caused injury to the plaintiff or a benefit to the defendant." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 169 (5th Cir. 2010).

In support of its breach of fiduciary duty claim, VocalSpace relies upon the same actions of Defendants that support VocalSpace's claims for copyright infringement and misappropriation of trade secrets. *See* MOTION at 20. As the Court previously discussed, fact questions exist with regard to the these claims. The same is true as to this claim. In the opinion of the Court, reasonable minds could differ as to the ownership of the code and Defendants' responsibilities with regard to that code. Therefore, the Court concludes that summary judgment on Plaintiff's breach of fiduciary duty claim should be denied.

### *Computer Fraud and Abuse Act*

VocalSpace moves for summary judgment on its Computer Fraud and Abuse Act ("CFAA") claim. MOTION at 20-21. A violation of the CFAA occurs when a defendant "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer." 18 U.S.C. 1030(a)(5)(A).

VocalSpace argues that Lorenso exceeded any authorization he may have had to VocalSpace's servers "by adding a rule" that allowed him to access the VocalSpace servers from the LarkSpark servers. MOTION at 21. VocalSpace argues that "Lorenso practically admitted as much in his deposition" and that VocalSpace found the rule and removed it. *Id*. Defendants argue that summary judgment should be denied because any access to the VocalSpace servers by Lorenso was always authorized by VocalSpace, Lorenso never inserted a command or program into VocalSpace's

servers, and that VocalSpace fails to provide summary judgment evidence on damages as required under the CFAA.

The Court agrees with Defendants that material fact questions remain and summary judgment should be denied. Reasonable minds could differ as to whether unauthorized access, or access that exceeded authorization, occurred. Lorenso states in his deposition that adding such a rule "does sound like something I would have done," but prefaces that statement by saying he can't confirm that he did so. Further, in his affidavit, Lorenso denies that he added a rule and that any access to the servers was authorized.[4] RESPONSE EX. A at 7. The Court finds that Defendants' evidence creates a fact issue that precludes summary judgment in favor of VocalSpace.

Summary judgment is also denied as VocalSpace fails to provide any evidence with regard to damages that are recoverable under the CFAA. The only evidence on damages supplied by VocalSpace focuses on lost revenues due to competition and the misappropriation of the code and other confidential information in general. *See* MOTION at 21, REPLY at 17-19. Such damages are inadequate under the CFAA. *See M-I LLC v. Stelly*, 733 F.Supp.2d 759, 779-80 (S.D. Tex. 2010) (alleging damages "to its business in the form of lost profits, loss of customers and loss of future business opportunities" did not support claim under CFAA). The CFAA requires a plaintiff to establish "costs incurred as a result of investigation or remedying damage to a computer, or costs incurred because the computer's service was interrupted." *Id*. at 780 (citing *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 F. App'x 559, 562 (2d Cir. 2006)). As VocalSpace has failed to provide

---

[4] VocalSpace objects to paragraphs 39 and 40 of Lorenso's affidavit as conclusory, based on conjecture, and drawing legal conclusions. MOTION TO STRIKE at 7-8. The Court overrules the objections. Lorenso's statements are based upon his own knowledge and VocalSpace will have the opportunity to cross-examine Lorenso on this subject matter at trial.

evidence of the damages required to sustain a CFAA action, summary judgment is denied.

*Theft Liability Act*

VocalSpace argues that summary judgment should be granted in its favor as to its action under the Texas Theft Liability Act ("TTLA"). MOTION at 21. VocalSpace argues, "[a]s established above, Defendants have essentially obtained VocalSpace's code as a result of theft."[5] *Id*. Summary judgment is not proper on the TTLA claim because fact questions exist with regard to Defendants' actions upon which the TTLA claim is based. Therefore, the Court denies summary judgment as to this claim.

*Conclusion*

The Court finds that VocalSpace has failed to show that no material fact questions exist with regard to its claims against Defendants.

Based upon the findings discussed above, it is hereby **ORDERED** that Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Claims (Dkt. #101) is **DENIED**.

**SIGNED this 28th day of February, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

---

[5] VocalSpace brings this cause of action under Sections 134.003 and 134.004 of the Texas Civil Practice and Remedy Code.