# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| v. | § | Case No. 4:09-CV-350 |
| | § | Judge Mazzant |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is VocalSpace's Motion for Partial Summary Judgment Regarding Defendant Lorenso's Counterclaims (Dkt. # 103) and Plaintiff's Motion to Strike the Declaration of Daniel Lorenso (Dkt. #162).

## BACKGROUND

Plaintiff VocalSpace, LLC ("VocalSpace") designs web-based internet marketing and streaming media systems. VocalSpace employed Defendant Daniel D. Lorenso ("Lorenso") to help write source code for its products. The parties dispute when Lorenso's employment with VocalSpace began, but agree Lorenso's employment ended in August of 2006. At this time, Lorenso started his own company, Defendant LarkSpark Corporation ("LarkSpark"). Lorenso was an independent contractor of VocalSpace from January 2007 through June of 2008.

VocalSpace contends that Lorenso modified VocalSpace's firewall setting without authorization to allow an unknown computer to access VocalSpace's servers. VocalSpace also contends that Lorenso stole VocalSpace's source code and other trade secrets. VocalSpace further contends that Lorenso is now selling a competing product through LarkSpark that infringes VocalSpace's copyrighted code, and that he has used VocalSpace's trade secret information to help him do so.

VocalSpace asserts claims of copyright infringement, violations of the Computer Fraud and Abuse Act ("CFAA") and the Texas Theft Liability Act, misappropriation of trade secrets, breach of fiduciary duty, constructive fraud, unfair competition, fraud and fraudulent concealment, and unjust enrichment, and is seeking an accounting of all VocalSpace property that was under Lorenso's control before his departure.

In their counterclaims, Defendants contend that sometime during 2005, VocalSpace promised Lorenso a ten-percent ownership interest in VocalSpace as part of his compensation package. Defendants also contend VocalSpace sent Lorenso a letter on July 29, 2005, acknowledging its commitment to issue stock options for ten-percent ownership interest in the company, but attempting to change other terms of the agreement. Defendants contend VocalSpace did not give Lorenso documents relating to the exercise of stock options until January 2006, and the documents did not conform with the earlier agreement. Defendants contend this delay made it impossible for Lorenso to exercise the stock options by ensuring Lorenso would incur a large tax burden. Defendants contend that when Lorenso worked for VocalSpace as an independent contractor, an agreement granted VocalSpace a non-exclusive license to intellectual property belonging to Lorenso that he incorporated into VocalSpace products.

Defendants assert claims for a declaratory judgment, injunctive relief, breach of contract, promissory estoppel, common law fraud, fraudulent concealment, negligent misrepresentation, statutory fraud, conversion, and unjust enrichment.

On November 5, 2010, VocalSpace filed VocalSpace's Motion for Partial Summary Judgment Regarding Defendant Lorenso's Counterclaims (Dkt. #103) seeking summary judgment on Defendants' claims of breach of contract, promissory estoppel, "fraud-based" claims, conversion,

2

and unjust enrichment. On January 3, 2011, Defendants filed a Response (Dkt. #147). On January 13, 2011, VocalSpace filed a Reply (Dkt. #161) and Plaintiff's Motion to Strike the Declaration of Daniel Lorenso (Dkt. #162). On January 24, 2011, Defendants filed a Sur-Reply (Dkt. #173).

## MOTION TO STRIKE

As a preliminary matter, the Court addresses Plaintiff's Motion to Strike the Declaration of Daniel Lorenso (Dkt. #162). VocalSpace objects to paragraphs 3, 4, 13, 19, 20, 21, 23, 24, and 25. *See* MOTION TO STRIKE at 4. Generally, VocalSpace argues that Lorenso's affidavit is conclusory and makes legal conclusions. The Court will consider VocalSpace's arguments if the Court relies upon any information or evidence contained in Lorenso's affidavit in making its decision on the summary judgment motion. If the Court does not rely upon statements in the affidavit to which VocalSpace objects, those objections are denied as moot.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden is placed upon the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996). The movant's burden is only to point out the absence of evidence supporting the non-movant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992). When the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of presenting "specific facts showing there is a genuine issue for

3

trial." *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In considering

a motion for summary judgment, "the evidence of the non-movant is to be believed, and all

justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

255 (1986).  However, the non-movant may not rest on mere allegations or denials of its pleadings,

but must respond by setting forth specific facts indicating a genuine issue for trial.  *Webb v. Cardio-*

*thoracic Surgery Assocs. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998).  The Court must

consider all of the evidence but refrain from making any credibility determinations or weighing the

evidence.  *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

VocalSpace seeks summary judgment on Defendants' claims of breach of contract,

promissory estoppel, "fraud-based" claims, conversion, and  unjust enrichment.  MOTION at 1.

VocalSpace argues that each counterclaim fails as a matter of law and each counterclaim is barred

by the applicable statutes of limitations.  *Id*. at 1-2.

### *Statute of Limitations*

VocalSpace argues that "Lorenso was aware of all the facts giving rise to his claims at least

as early as January 2006 and, at the latest, on February 8, 2006." *Id*. at 1.  Therefore, according to

VocalSpace, Defendants' counterclaims are time-barred because they were filed on February 12,

2010.  *Id*. at 1-2.  Defendants argue that the Court has already ruled on the statute of limitations

issue.  RESPONSE at 5.  Defendants also argue the counterclaims are based on the same transaction

or occurrence as VocalSpace's claims and should be revived.  *Id*. at 5-7.

"Under Texas law, an individual who has a counterclaim which is otherwise time-barred may

file that counterclaim within thirty days of the date his answer is due, if the counterclaim 'arises out

of the same transaction or occurrence that is the basis of [the] action.'" *Rotella v. Pederson*, 144 F.3d 892, 895 (5th Cir. 1998) (quoting Tex. Civ. Prac. & Rem. Code § 16.069(a)).

As a preliminary matter, Defendants are incorrect in stating that the Court has already ruled on the statute of limitations issue with regard to the counterclaims.  In considering VocalSpace's motion to dismiss the counterclaims, the Court held that Defendants had alleged sufficient facts showing that the counterclaims were timely filed according to the face of the pleadings and the Court's ruling was limited to deciding the motion to dismiss.  Now, at the summary judgment stage, VocalSpace presents evidence pertinent to the statute of limitation issue that was not available to the Court under Federal Rule of Civil Procedure 12(b) when ruling on the motion to dismiss.

In the opinion of the Court, some of Defendants' counterclaims do not arise out of the same transaction or occurrence as VocalSpace's claims and are time-barred by the applicable statutes of limitations.  The Court disagrees with Defendants that the claims and counterclaims arise from "the employment of Lorenso by [VocalSpace] in 2005 and 2006."  RESPONSE at 6.  Defendants' counterclaims for breach of contract, promissory estoppel, common law fraud, fraudulent concealment, negligent misrepresentation, and statutory fraud rely upon the violation of an alleged agreement to supply Lorenso with ownership and stock options in VocalSpace.  VocalSpace's claims arise from Defendants' alleged misappropriation of source code.  These are not the same transaction or occurrence.  The alleged agreement for ownership and stock options and the alleged misappropriation of source code share no essential facts that are significantly and logically relevant to both claims.  *See Smith v. Ferguson*, 160 S.W.3d 115, 120 (Tex. App. – Dallas 2005, pet denied) ("[T]here must be a logical relationship between the claims.  The essential facts...must be significantly and logically relevant to both claims.").  Therefore, any time-barred claims based upon

VocalSpace not supplying company ownership or stock options are not revived under Section 16.069(a).

The counterclaims would have accrued in January of 2006, when Defendants state Lorenso was given documents related to the exercise of stock options. *See* ORIGINAL ANSWER AND COUNTERCLAIMS (Dkt. #26). VocalSpace presents a February 8, 2006 e-mail written by Lorenso showing that he was aware that the stock option plan supplied to him did not comply with the earlier agreement. MOTION EX. 2 at 2. Defendants' claims based upon the agreement to provide Lorenso with stock options accrued on February 8, 2006, and possibly earlier, in January of 2006. The statutes of limitations for Defendants' counterclaims of breach of contract, fraud, and promissory estoppel ran on February 8, 2010, and the statute of limitations for Defendants' negligent misrepresentation counterclaim ran on February 8, 2008.[1] Therefore, because the counterclaims were filed on February 12, 2010, the counterclaims were not timely filed.

Based upon the foregoing, the Court finds that Defendants' counterclaims for breach of contract, promissory estoppel, common law fraud, fraudulent concealment, negligent misrepresentation, and statutory fraud are time-barred, and summary judgment is granted in VocalSpace's favor.

The Court will now turn to Defendants' remaining counterclaims of conversion and unjust enrichment.

---

[1] In Texas, the statute of limitations for breach of contract is four years. *Beavers v. Met. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citing Tex. Civ. Prac. & Rem. Code § 16.051). The statutes of limitations for promissory estoppel and fraud are four years. *A.I. Credit Corp. v. Thomas*, 201 F. App'x 232, 235 n. 3 (5th Cir. 2006). The statute of limitations for negligent misrepresentation is two years. *Id*.

*Conversion*

The Court does not agree with VocalSpace that Defendants' counterclaim for conversion is time-barred to the extent it is based upon "contracts or representations Lorenso learned of prior to February 12, 2008."[2] *See* Motion at 18. The conversion counterclaim is based upon allegations that VocalSpace "exercised dominion" over code belonging to Lorenso, represented that it owned code belonging to Lorenso, and transferred rights to use Lorenso's code, all of which were "beyond the scope of its non-exclusive license." ORIGINAL ANSWER AND COUNTERCLAIMS at 32. In the opinion of the Court, the claims asserted by both parties concern the same set of facts and circumstances and are logically related. The ownership of the code is a central dispute in this case and would need to be established by either party in order to succeed on the claims or counterclaims. Therefore, Section 16.069(a) would revive any counterclaims related to the disputed code, and the conversion claim is not time-barred.

The Court now turns to VocalSpace's arguments that summary judgment should be granted with regard to the conversion counterclaim. A claim of conversion consists of the following: "(1) Plaintiff legally possessed the property or was entitled to it; (2) Defendant wrongfully exercised dominion and control over the property, excluding Plaintiff; (3) Plaintiff demanded the property's return; and (4) Defendant refused." *Arthur v. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009). VocalSpace argues that even if Lorenso owned the code, which VocalSpace disputes, Lorenso assented to the transfer of the code or actually transferred the code to third parties himself. MOTION EX. 1 at 4. VocalSpace also argues that if the Independent Contractor Agreement

---

[2] A two-year statute of limitations applies to conversion claims. *American Itern. Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 565 (5th Cir. 2010) (citing Tex. Civ. Prac. & Rem. Code § 16.003).

is a valid agreement, as Defendants allege, then that agreement grants VocalSpace a transferrable license. MOTION at 17. Further, VocalSpace argues that the code was at least "co-authored" by the parties and cannot support a conversion claim. REPLY at 13. Defendants argue that the Independent Contractor Agreement is valid and did not give VocalSpace the right to "transfer certain exclusive rights to use the Lorenso Code." RESPONSE at 14. Defendants assert VocalSpace exceeded the "non-exclusive, transferrable...license" under the agreement by representing to third parties that VocalSpace owned the code. *Id.* at 14-15. Defendants also argue that the code was not a joint work under the agreement. SUR-REPLY at 4.

The Court finds that material fact questions exist, and summary judgment is denied with regard to the conversion counterclaim. Defendants present evidence that VocalSpace replaced "failing portions" of one of their products with Defendants' code and then represented VocalSpace owned the code when it was actually a licensee.[3] *See* RESPONSE EX. A at 6. VocalSpace argues that it owned the code and that even if it was a licensee, it was within its rights to make such a transfer. *See* MOTION at 17. The ownership of the code and the validity of the Independent Contractor Agreement are central issues in this case and are disputed. Also, while VocalSpace asserts that Lorenso assented to any transfer of code, Defendants' arguments and evidence show Defendants gave VocalSpace a license that VocalSpace allegedly exceeded. MOTION EX. 1 at 3. Questions of fact exist with regard to whether VocalSpace had a license, whether VocalSpace exceeded the license, and to what Defendants may have assented. Further, questions of fact exist as to VocalSpace's co-author or co-owner argument because Defendants argue the Independent Contractor

---

[3] VocalSpace objects to Defendants' evidence as conclusory and making legal conclusions. MOTION TO STRIKE at 6. The Court overrules the objections. Lorenso's statements are based upon his own knowledge and VocalSpace will have the opportunity to cross-examine Lorenso on this subject matter at trial.

Agreement states code written for VocalSpace would be owned by Defendants and not a joint work. SUR-REPLY at 4.

Based upon the foregoing, questions of material fact exist with regard to whether VocalSpace converted Defendants' property, and summary judgment is denied.

**Unjust Enrichment**

Defendants' unjust enrichment counterclaim is based in part on the alleged failure of VocalSpace to provide Lorenso with stock options and in part on VocalSpace's alleged misappropriation of code that belonged to Lorenso. The Court agrees with VocalSpace that to the extent Defendants' unjust enrichment counterclaim is based upon an alleged failure to provide an ownership interest in VocalSpace, the claim is time-barred. *See* Motion at 19-20. The statute of limitations for unjust enrichment claims is two years. *Singer v. City of Waco*, 324 F.3d 813, 826 n. 7 (5th Cir. 2003). As discussed above, Defendants' claims based upon the agreement to convey an ownership interest and/or stock options in VocalSpace accrued in February 2006. Therefore, Defendants' unjust enrichment claim based upon those facts is time-barred. Further, the claim is not subject to revival as it is not based upon the same facts and circumstances as VocalSpace's claims. However, to the extent Defendants' unjust enrichment claim is based upon the disputed ownership of the source code, the claim is not dismissed based upon limitations because such a claim is based upon the same facts and circumstances as VocalSpace's claims.

In addition, VocalSpace argues that Defendants have not provided sufficient evidence to show VocalSpace was unjustly enriched. MOTION at 13-14. Defendants provide evidence that VocalSpace entered into a technology licensing agreement in 2004 and renewed the agreement in 2009. *See* RESPONSE EX. D and E. Defendants argue that VocalSpace represented to their client that

VocalSpace "owns all right, title, and interest in and to all the Licensed Technology." RESPONSE EX. D at 4. Defendants also present evidence that VocalSpace replaced parts of the original product with Defendants' code.[4]  *See* RESPONSE EX. A at 6.  Therefore, Defendants argue that VocalSpace was unjustly enriched by representing to a client that they were the sole owner of the code when they knew the ownership of the code was in dispute. RESPONSE at 15.

Summary judgment is granted with regard to the unjust enrichment counterclaim.  Unjust enrichment is not an independent cause of action, but rather the result of a failure to make restitution of benefits wrongfully received under an implied or quasi-contractual obligation to repay. *Packard v. OCA, Inc.*, No. 4:05-CV-273, 2009 WL 3172106 *2 (E.D. Tex. Sept. 29, 2009).  Generally, when an express contract covers the subject matter of the parties' dispute, no recovery under a quasi-contract theory is permitted. *Technomedia Intern., Inc. v. Int. Training Servs., Inc.*, No. H-09-3013, 2010 WL 3545662 *6 (S.D. Tex. Sept. 9, 2010).  Defendants rely upon the Independent Contractor Agreement to establish ownership of the disputed code and the agreement incorporates "Compensation and Reimbursement Schedules."  *See* RESPONSE EX. C at 3.  Therefore, any compensation due to Defendants would be governed by the contract.  Further, Defendants do not explain how misrepresenting the ownership of the code unjustly enriched VocalSpace at Defendants' expense.  There is no evidence that VocalSpace failed to compensate Defendants for use of the code. Based upon the foregoing, the Court finds that summary judgment is proper as to the unjust enrichment claim.

### Conclusion

---

[4] VocalSpace objects to Defendants' evidence as conclusory and making legal conclusions. MOTION TO STRIKE at 6.  The Court overrules the objections.  Lorenso's statements are based upon his own knowledge. VocalSpace will have the opportunity to question Lorenso on this subject matter at trial.

Based upon the findings discussed above, it is hereby **ORDERED** that VocalSpace's Motion for Partial Summary Judgment Regarding Defendant Lorenso's Counterclaims (Dkt. # 103) is **GRANTED** in part and **DENIED** in part.  The Court grants summary judgment and dismisses Defendants' counterclaims for breach of contract, promissory estoppel, common law fraud, fraudulent concealment, negligent misrepresentation, statutory fraud, and unjust enrichment.  The Court denies summary judgment on Defendants' counterclaim for conversion.

**SIGNED this 2nd day of March, 2011.**


AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE