UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:09-cv-00350 |
| DANIEL D. LORENSO and LARKSPARK CORPORATION, | § § § § | |
| Defendants. | § | |

**PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

Plaintiff, VocalSpace LLC files this Emergency Motion for Protective Order and respectfully shows this Court as follows:

## I.   INTRODUCTION

Plaintiff should be granted a protective order to prevent Defendants from viewing Plaintiff's post-January 2007 computer code (the "New Code"). Plaintiff initiated this lawsuit to protect its copyrighted code against infringement and to protect vital trade secrets that it alleges were misappropriated by Defendants. While acknowledging the Plaintiff's risk involved in allowing Defendants to view the New Code, this Court has previously found that Defendants should be allowed an inspection of this code. However, consistent with the risk already acknowledged by the Court, Defendant Lorenso has expressed his intention to release to the public—much to Plaintiff's detriment—the very same trade secrets at issue in this case. In a January 10, 2011, blog posting, Defendant Lorenso stated:

> I think after this lawsuit is over I may just release my PubClip.com project as 100% open source in order to make sure that the community gets back what it has given. If the assholes suing me want to put me out of business because they have more money (despite the fact they have been wrong all along) then let them have **500 competitors overnight** and see how long they stay in business.

*See* January 10, 2011, blog posting, attached hereto as Exhibit A (emphasis in original). Defendant Lorenso's emphasizing the number of competitors his illicit publicizing of Plaintiff's trade secrets would cause underscores Plaintiff's need for protection. Allowing Defendants to view the New Code would only serve to increase the potential for harm to Plaintiff. In light of the clear statement of Defendant Lorenso's nefarious intentions, Plaintiff is entitled to a protective order preventing Defendants from viewing the code.

## II. ARGUMENT AND AUTHORITIES

To minimize the risk of harm to Plaintiff, the Court should enter an order blocking Defendants from conducting an inspection of the New Code. It is proper for the Court to block discovery in a situation such as this—where Defendants' intent is reprehensible. FED. R. CIV. P. 26(c)(1)(A); *Degen v. U.S.*, 517 U.S. 820, 826 (1996); *Reed v. AMAX Coal Co.*, 971 F.2d 1295, 1301 (7th Cir. 1992). Here, Defendants do not need to inspect the new code for legitimate discovery. Rather, as expressed in the January 10, 2011 blog posting, they intend to release the Plaintiff's proprietary code—and the vital trade secrets included therein—to the public. Since Defendants ill-intentions are clear, a protective order blocking the discovery should be granted.

## III. CONCLUSION

For these reasons, Plaintiff asks the Court to grant this Emergency Motion for Protective Order blocking Defendants from viewing Plaintiff's post-January 2007 computer code..

Respectfully submitted,

/s/ Brian A. Colao
Brian A. Colao
Texas Bar No. 00793528
bcolao@dykema.com
Neal Massand
Texas Bar. No. 24039038
nmassand@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 2400
Dallas Texas 75201
(214) 462-6400 - Telephone
(214) 462-6401 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 8, 2011.

/s/ Brian A. Colao
Brian A. Colao

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff, Neal Massand and Brian Colao, have conferred with counsel for Defendants, Earnest Nycz, on March 7 and 8, 2011 and Defendants oppose the relief requested in this Motion.

/s/ Brian A. Colao
Brian A. Colao