UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANTS RESPONSE TO PLAINTIFF'S
EMERGENCY MOTION FOR PROTECTIVE ORDER**

Defendants ask the court to deny Plaintiff's Emergency Motion for Protective Order (Docket No. 213) and instead impose discovery sanctions on the Plaintiff.

A. Introduction and Facts

1. Plaintiff is Vocalspace, LLC; Defendants are Daniel D. Lorenso and Larkspark Corporation.

2. Plaintiff sued Defendant for copyright infringement and other claims. Defendants have counterclaimed for declaratory judgment, injunctive relief, and conversion.

3. This court has previously taken up the issue of defendants requested discovery on Plaintiff's source code. *See Dockets 106 & 137*. On December 15, 2010 the court made an oral ruling that it would permit the Defendants to obtain a copy of Plaintiff's post 2007 source code only if the Defendants claims relating to that source code survived summary judgment motions that were pending.

4. On March 2, 2011, this court issued granted in part and denied in part Plaintiff's Motion for Partial Summary Judgment regarding Defendant Lorenso's Counterclaims. *See Docket 208*. As a result of the Court rulings, Defendants Counterclaims for Declaratory Judgment (Count 1); Request for Injunctive Relief - 2007 Lorenso Code (Count 2); and Conversion (Count 7) will be tried by the Jury. *See Defendants Amended Answer and Amended Counterclaims, Docket No. 120.*

5. Defendants Counterclaims for Declaratory Judgment (Count 1) seeks a declaration that the 2007 Independent Contractor Agreement is valid and enforceable, that Lorenso owns the 2007 Lorenso Code, that Plaintiff is a non-exclusive licensee of the 2007 Lorenso Code, and that pubclip does not infringe on any copyright held by Plaintiff. *See Defendants Amended Answer and Amended Counterclaims, Docket No. 120, Page 23.*

6. Defendants Request for Injunctive Relief (Count 2) seeks injunctive relief enjoining Plaintiff from representing to others that it is the sold owner of code developed by Lorenso as an Independent Contractor, and other things. *See Defendants Amended Answer and Amended Counterclaims, Docket No. 120, Page 24.*

7. Defendants claim for conversion (Count 7) relates to Defendants contention that Plaintiff has improperly converted Defendants 2007 Code. *See Defendants Amended Answer and Amended Counterclaims, Docket No. 120, Page 29.*

8. In the last few days since the Courts ruling described in paragraph 4, Defendants have sought to obtain a copy of Plaintiffs source code from 2007 and beyond, and Plaintiff has refused and instead filed an emergency motion for protective order (Docket 213). Defendants have also filed an Emergency Motion to Compel Production of Plaintiff's Source Code and Motion to Continue Trial Setting (Docket 212).

Argument

9.  This matter is set for trial in a little over one week from now.   The pre trial hearing is set for one week from now, on Friday, March 18, 2011.   Jury Trial is set for Monday, March 21, 2011.

10.  The Plaintiff should have immediately produced its post 2007 following the Courts March 2, 2011 ruling.

11.  The Plaintiff has made the argument in it's Emergency Motion for Protective Order that "Defendants do not need to inspect the new code for legitimate discovery".   That statement is just plain false, as all of Defendants Counterclaims are based on 2007 code that Defendants developed while working as an independent contractor for the Plaintiff.  *See paragraphs 5 - 7 above.*

12.  Defendants must be given a copy of Plaintiff's post 2007 source code to be able to argue their claims to the jury.   For example, In Count 1, Lorenso seeks a declaration that he owns the 2007 source code that he developed as an independent contractor with VocalSpace.  In Count 2, Defendants seek a injunctive relief on that same 2007 source code.   Defendants have the burden of proof  on their claims, and are going to have to show to the Jury what exactly is the 2007 Source code, and show the jury a list of files, etc.   In order to craft an injunction, in order to craft a declaration on what the 2007 code is, the defendants must be able to articulate to the Jury exactly what the 2007 code is.   Defendants do not have a copy of the Plaintiffs 2007 or 2008 code, which is the code that exists during the time that that the Defendants were Independent Contractors for the Plaintiff.   The 2007 and beyond code is

completely relevant, and in fact essential, to the Defendants counterclaims.

13. Plaintiff is seeking a protective order based on the following statement that Lorenso made in a web blog post:

> "I think that after this lawsuit is over I may just release my PubClip.com project as 100% open source in order to make sure that the community gets back what it has given. If the assholes suing me want to put me out of business because they have more money (despite the fact that they have been wrong all along) then let them have 500 competitors overnight and see how long they say in business."

*See Docket No. 213-1*

14. Plaintiff makes the argument in that this blog post is proof that Lorenso intends to release Plaintiff's trade secrets to the public. That is not what Lorenso said in his blog post. Lorenso said that "after the lawsuit it over, he may just release **my pubclip.com** project..". (emphasis added). Lorenso makes no threat of releasing Plaintiffs trade secrets, but rather he "may just release **my pubclip.com**" project "after this lawsuit is over". From a legal standpoint, if Lorenso prevails at trial on his counterclaims for declaratory judgment (Count 1) and injunctive relief (Count 2), then he is the owner of his code and has the right to do what the code that he wishes, including potentially putting the code in the public domain.

15. There is a very strong protective order in this case. *See Docket 75.* Under the agreed protective order, all parties are prohibited from releasing discovery obtained from the other side. Lorenso has done nothing to date to violate the protective order in place, and Plaintiff have not made the allegation that Lorenso has violated any part of the protective order.

16. Lorenso understands the serious nature of the protective order, and has sworn under penalty of perjury that he understand that he is not permitted to release any confidential information unless he is allowed under the law, and that he has no intention of releasing any source code that is part or connected to this lawsuit until such time that this lawsuit is over and

he a legal right to do so. *See Declaration of Daniel Lorenso, ¶2 - 4, Docket 212-1.*

17. Under the terms of the agreed protective order (Docket 75) any discovery such as source code that is marked as "Confidential" or "Highly Confidential" may only be viewed by one party representative and only in their attorney's office. *See Docket 75, ¶ 6.1 - 6.6.* Therefore Daniel Lorenso does not have a copy of Plaintiff's source code, and when the Plaintiff does produce their 2007 and beyond source code, it will only be stored while litigation is pending at the undersigned's office, and Lorenso shall only be permitted to view that code in his lawyers office. There is no opportunity to publish Plaintiff's code, even if Lorenso wanted to, as under the terms of the agreed protective order, Lorenso is not permitted to maintain a copy of the source code. Plaintiff's paranoia that Defendant is going to release their trade secrets (their source code) is simply not founded in fact given the limitations the protective order places on the source code.

18. There simply is no basis for what the plaintiffs are seeking in their protective order, that this Court block defendants access to critical discovery that defendant must have to prosecute their claims. The cases cited by Plaintiffs in their motion have little bearing on this case, other than to affirm that the Court has the power to enter protective orders limiting discovery as the interests of justice require. *See FRCP 26 (c).*

19. In the instant case, Defendants have done nothing to violate the protective order in this case, nor has Plaintiff made even the allegation that Defendants have violated the protective order in this case. This court should not deny the Defendants the right to obtain evidence they must have for their claims, evidence they have been seeking for over six months since August 2009. *See Docket 106.* As explained in paragraph 17 above, Lorenso could not disclose Plaintiff's source code, even if he wanted to - he will not have possession of the source code.

20. Plaintiffs have severely prejudiced the defendants though its refusal to produce its 2007

and beyond source code. The trial of this matter is only one week away, and even if the Plaintiff is instructed to produce its source code in the next few days, there will simply not be enough time for the Defendants to properly analyze thousands of files, convert those files into exhibits for trial, and prepare for trial. This delay was due to the actions of the Plaintiff, and this court should sanction Plaintiff for its blatant discovery abuse and revive Defendants request for discovery sanctions plead in Docket 106. In addition, this court will likely have not choice other than to continue the trial setting past the current setting of March 21, 2011 until such time as the Defendant has the chance to properly prepare for trial with Plaintiffs 2007 (and beyond) source code. It is unlikely the Defendants will be in position to be ready for trial on March 21, 2011 given what has transpired in the past several days.

### E.  Conclusion

21. This court should deny Plaintiff's request for protective order in its entirety. The Court should grant Defendants Emergency Motion to Compel Production of Plaintiff's Source Code and Motion to Continue Trial Setting. In addition, the court should impose discovery sanctions on Plaintiff for their abuse of the process in thwarting defendants right to obtain discovery that it should have already produced.

Respectfully submitted,

  /s/ Ernest P. Nycz_____
 ERNEST P. NYCZ
State Bar No. 24005547
2300 McDermott, Suite 200-369
Plano, Texas 75025
Email:  ernie@nycz.com
Phone (972) 377 8191
Fax (214) 853 5905
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    I hereby certify that on March 10, 2011 a true and correct copy of the foregoing response to emergency motion for protective order has been electronically filed on the CM/ECF system, and sent via email to Neal G. Massand  (Attorney for Plaintiff)

                                       /s/ Ernest P. Nycz_____
                                       ERNEST P. NYCZ