# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **VOCALSPACE, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:09-cv-00350** |
| | § | |
| **DANIEL D. LORENSO and** | § | |
| **LARKSPARK CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

---

## PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S SOURCE CODE AND MOTION TO CONTINUE TRIAL SETTING

Plaintiff, VocalSpace LLC files this Response to Defendant's Emergency Motion to Compel Production of Plaintiff's Source Code and Motion to Continue Trial Setting and would respectfully show this Court as follows:

### I.      INTRODUCTION

Defendants Motions should be denied because they are red-herrings.  Defendants purport to need to view Plaintiff's post-2007 code to support their ownership and conversion-related counterclaims, which are, in part, based upon the misguided theory that Plaintiff could have converted computer code through the action of Defendant Lorenso sending the code to third parties.  However, nothing in this post-2007 code is actually relevant to these counterclaims.  More specifically, the code will not, in any way, elucidate whether Defendant Lorenso or another person sent any code to any third parties.  Further, the evidence shows that Defendants already have the information they seek as it may pertain to Defendants' ownership claims.  The real motivation behind Defendants request was revealed in his January 10, 2011, where he disclosed

his intention to publicize Plaintiff's valuable trade secrets and "let [Plaintiff] have 500 competitors overnight."

Defendants also erroneously state that a delay in the trial date is necessary for them to adequately view the code. This Court previously held that the code at issue would not need to be produced until after summary judgment had been ruled upon. The summary judgment ruling was made on March 3, 2011, and Defendants first requested to view the code on March 7, 2011. The Motion at issue and Plaintiff's related Motion for Protective Order were filed on March 8, 2011. Defendants' intimation that Plaintiff has delayed production of the code unnecessarily is simply incorrect. Further, as stated above the code is not relevant. Lorenso's additions to the code will also be readily ascertainable. Therefore, a delay of the trial is not necessary. The real reason Defendants seek a continuance is so that they may file motion for reconsideration of the Court's summary judgment rulings. Counsel for defendants have previously requested that Plaintiff agree to a continuance so that Defendants can have more time to file motions for reconsideration. Thus, Defendants motions should be denied.

## II.    ARGUMENT AND AUTHORITIES

### 1.    Defendants' Motion to Compel the Post-2007 Code Should be Denied.

The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd., v. Knight*, 241 F.R.D. 259, 263 (W.D.Tex.2006) (Nowak, Mag. J.). Once the moving party establishes that the request is within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *See Spiegelberg Mfg., Inc. v. Hancock*, No. 3-07-CV-01314-G, 2007 WL 4258246, at *1 (N.D.Tex. Dec. 3, 2007) (Kaplan,

Mag. J.).   In a non-conclusory fashion, that party must show specifically how each document request is overly broad, burdensome, or oppressive.   *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990).

Here, Defendants have not met their burden of showing that the sought after code is relevant.   They make the conclusory statement that the code pertains to their remaining counterclaims, but they do not explain how this is the case.   In fact, the code will do nothing to show whether anything was converted, as claimed by Defendants.   Also, it will not provide any information to Defendants' ownership claim in addition to what Defendants already have.   *See* Larkspark 22433-44136.   Defendants have produced to Plaintiff's the very same subversion file information it now claims must be extracted through inspection.   The document attached as Exhibit A is a sample page from Defendants' production.   Furthermore, Defendants labeled the folder containing this code as "subversion."   *See* Exhibit B.   Clearly, Defendants know that this information is the subversion information it claims it now needs in discovery.   Therefore, production of all of Plaintiff's newly created code is unnecessary since Defendants already have all of the information they now seek.   These facts underscore that the real motivation behind Defendants request is set forth in the January 10, 2011, blog posting.   More specifically, Defendants want to make the code public to Plaintiff's detriment.   The circumstances of the January 10, 2011, blog posting are set forth more fully in Plaintiff's Motion for Protective Order (Doc. No. 213).   Rather than repeat that discussion, it is incorporated by reference as if fully set forth herein.   In short, however, it is clear that Defendants' motives in seeking the discovery are nefarious rather than legitimate.

**2.**      **Defendants' Motion for Continuance Should be Denied**

Defendants Motion for Continuance should be denied because a continuance is not necessary.  As specified above, the requested discovery is not relevant.  Defendants have had the information they seek throughout the pendency of this litigation.  In fact, they produced the information to Plaintiff.  Further, if Defendants are permitted to view the code, the portions for which Defendants claim ownership (ones that he purportedly authored as an independent contractor) will be readily ascertainable.  In fact, they could be isolated in less than one day.  Therefore, a continuance of any kind, much less the requested continuance of sixty days, is simply unnecessary.  The real motivation for Defendants' request for a continuance, as stated above, is not for legitimate discovery but rather to provide Defendants additional time to move for reconsideration.

### III.    CONCLUSION

For these reasons, Plaintiff asks the Court to deny Defendant's Emergency Motion to Compel Production of Plaintiff's Source Code and Motion to Continue Trial Setting.

Respectfully submitted,

/s/ Brian A. Colao
Brian A. Colao
Texas Bar No. 00793528
bcolao@dykema.com
Neal Massand
Texas Bar. No. 24039038
nmassand@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 2400
Dallas Texas 75201
(214) 462-6400 - Telephone
(214) 462-6401 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 10, 2011.

<u>/s/ Brian A. Colao</u>
Brian A. Colao