**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **VOCALSPACE, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:09-cv-00350** |
| | § | |
| **DANIEL D. LORENSO and** | § | |
| **LARKSPARK CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

---

## PLAINTIFF'S EMERGENCY MOTION FOR SETTLEMENT CONFERENCE

---

Plaintiff, VocalSpace LLC files this Emergency Motion for Settlement Conference, and, in support thereof, respectfully shows this Court as follow:

### I.      INTRODUCTION

A settlement conference should be ordered prior to Friday, May 13, 2011, in this matter. Despite VocalSpace's diligence, Defendants' delay in reviewing the proposed settlement documents has placed in jeopardy the parties' ability to meet the May 13th deadline for submitting the necessary closing papers to the Court. VocalSpace sent Defendants a draft Confidential Compromise Settlement Agreement and Mutual Release as well as a draft Agreed Judgment and Permanent Injunction on May 1, 2011. Without explanation, Defendants have not provided any feedback regarding these drafts. Further, counsel Defendants has informed counsel VocalSpace that Defendants may not be able to review the documents prior to the May 13, 2011, deadline. Many of VocalSpace's rights and Defendants' obligations under the agreement become effective ninety days after the closing documents are executed. Therefore, the

unnecessary delay prejudices VocalSpace.  Thus, a settlement conference is appropriate to ensure compliance with the Court's Order or to ensure the delay in execution of the settlement documents will be minimal.

## II.      STATEMENT OF FACTS

1.      The parties reached a settlement agreement in this matter on Sunday, March 13, 2011.

2.      This Court entered its Order on Closing Documents on March 14, 2011, specifying that "on or before May 13, 2011, al parties shall submit to the court all papers necessary for the closing of this case and its removal from the active docket of this court."  (Doc. No. 222).

3.      On May 1, 2011, counsel for VocalSpace sent counsel for Defendants a draft of the Confidential Compromise Settlement Agreement and Mutual Release as well as a draft of the Agreed Final Judgment and Permanent Injunction, which is an exhibit to the settlement agreement.  *See* May 1, 2011 Emails, attached hereto as Exhibit A.

4.      On May 4, 2011, counsel for VocalSpace sent counsel for Defendants an email asking when Defendants will provide feedback regarding the draft settlement agreement and draft agreed final judgment.  *See* May 4, 2011 Email, attached hereto as Exhibit B.  On that date, counsel for VocalSpace also left counsel for Defendants a voicemail message requesting feedback on the draft closing documents.

5.      Counsel for Defendants did not respond to the May 4th email or the voicemail.

6.      On May 6, 2011, counsel for VocalSpace sent counsel for Defendants drafts of the Intellectual Property Transfer Agreement and the Domain Name Transfer Agreement, which are also exhibits to the settlement agreement.  *See* May 6, 2011 Emails, attached hereto as

Exhibit C.  In the May 6th emails, counsel for VocalSpace, once again, asked when it could expect feedback regarding the draft closing documents. On that date, counsel for VocalSpace left counsel for Defendants another voicemail message requesting feedback on the draft closing documents.

7.     Counsel for Defendants did not respond to the May 6th emails or the voicemail.

8.     On May 9, 2011, counsel for VocalSpace, again, asked counsel for Defendants when it could expect feedback regarding the draft closing documents and stated that it may seek relief from the Court if necessary.  *See* May 9, 2011 Emails, attached hereto as Exhibit D. Counsel for Defendants finally responded to counsel for VocalSpace on May 9th, stating that it may be necessary to seek additional time from the Court.  *Id.*

## II.     A SETTLEMENT CONFERENCE IS NECESSARY

Under the circumstances, a settlement conference is necessary.  Due to Defendants' unexplained delays—and their anticipated continued delays—it seems unlikely that the closing documents will be ready for execution before the May 13th deadline.  A settlement conference is necessary to either 1) order Defendants to comply with the Court ordered May 13th deadline or 2) determine when the closing documents can be executed so as to minimize the prejudice to VocalSpace.

## III.     CONCLUSION

For these reasons, Plaintiff asks the Court to grant this Emergence Motion for Settlement Conference and hold a telephonic settlement conference to 1) ensure compliance with the May 13th Court ordered deadline or 2) ensure expeditious execution of the closing documents to minimize prejudice to VocalSpace.

Respectfully submitted,

/s/ Brian A. Colao
Brian A. Colao
Texas Bar No. 00793528
bcolao@dykema.com
Neal Massand
Texas Bar. No. 24039038
nmassand@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 2400
Dallas Texas 75201
(214) 462-6400 - Telephone
(214) 462-6401 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 9, 2011.

/s/ Brian A. Colao
Brian A. Colao

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff has conferred with counsel for Defendants, on May 9, 2011 and Defendants oppose the relief requested.

/s/ Brian A. Colao
Brian A. Colao