UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:09-cv-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO MOTION FOR WITHDRAWAL OF COUNSEL**

Plaintiff, VocalSpace LLC files this Response to Motion for Withdrawal of Counsel, and, in support thereof, respectfully shows this Court as follows:

### I. INTRODUCTION

This Court should deny Defendants' Counsel's Motion for Withdrawal because Defendants' Counsel has not shown good cause for permitting his withdrawal. Even if the Court finds that good cause has been identified, the motion should still be denied. The parties reached a settlement of this matter on March 13, 2011, executing a Binding Mediated Settlement Memorandum setting forth the terms of the agreement. On March 14, 2011, the Court entered its Order on Closing Documents, canceling the trial setting and all associated deadlines and ordering the parties to submit all papers necessary for the closing of this case and its removal from the active docket by May 13, 2011. In keeping with this Order, VocalSpace provided Defendants drafts of the Confidential Compromise Settlement Agreement and Mutual Release ("Settlement Agreement") and Agreed Final Judgment and Permanent Injunction on May 1, 2011.

Subsequently, on May 6, 2011, VocalSpace provided Defendants drafts of the Intellectual Property Transfer Agreement and Domain Name Transfer Agreement, which are exhibits to the Settlement Agreement. These drafts are all consistent with the terms of the Binding Settlement Memorandum. Contravening the parties' agreement and the Court's Order, Defendants did not provide any feedback whatsoever regarding these draft documents. VocalSpace made numerous attempts to communicate with Defendants regarding the drafts, but these attempts were repeatedly ignored. Anticipating that Defendants' lack of diligence would prevent the parties from meeting the Court ordered deadline, VocalSpace filed its Emergency Motion for Settlement Conference on May 9, 2011. The Court subsequently ordered that the parties appear to discuss settlement on May 27, 2011. Thereafter, VocalSpace continued its efforts to communicate with Defendants regarding the drafts—repeatedly sending emails asking for feedback. These emails were, again, ignored. On May 20, 2011, only one week before the scheduled hearing, Defendants' Counsel filed his Motion for Withdrawal of Counsel.[1] Importantly, on that date Defendants' Counsel also informed VocalSpace that Defendant Lorenso is planning to leave the country for an extended period of time starting on June 1, 2011. There is no good cause for permitting Defendants' Counsel to withdraw, and, even if good cause existed, the motion should be denied.

## II.   STATEMENT OF FACTS

1. The parties reached a settlement agreement in this matter on Sunday, March 13, 2011.

2. This Court entered its Order on Closing Documents on March 14, 2011, specifying that "on or before May 13, 2011, al parties shall submit to the court all papers

---

[1] If the motion is granted, it will be the 4th time counsel for Defendants has withdrawn in this matter.

necessary for the closing of this case and its removal from the active docket of this court." Doc. No. 222.

3. On May 1, 2011, counsel for VocalSpace sent counsel for Defendants a draft of the Confidential Compromise Settlement Agreement and Mutual Release as well as a draft of the Agreed Final Judgment and Permanent Injunction, which is an exhibit to the settlement agreement. *See* May 1, 2011 Emails, attached hereto as Exhibit A.

4. On May 4, 2011, counsel for VocalSpace sent counsel for Defendants an email asking when Defendants will provide feedback regarding the draft settlement agreement and draft agreed final judgment. *See* May 4, 2011 Email, attached hereto as Exhibit B. On that date, counsel for VocalSpace also left counsel for Defendants a voicemail message requesting feedback on the draft closing documents.

5. Counsel for Defendants did not respond to the May 4th email or the voicemail.

6. On May 6, 2011, counsel for VocalSpace sent counsel for Defendants drafts of the Intellectual Property Transfer Agreement and the Domain Name Transfer Agreement, which are also exhibits to the settlement agreement. *See* May 6, 2011 Emails, attached hereto as Exhibit C. In the May 6th emails, counsel for VocalSpace, once again, asked when it could expect feedback regarding the draft closing documents. On that date, counsel for VocalSpace left counsel for Defendants another voicemail message requesting feedback on the draft closing documents.

7. Counsel for Defendants did not respond to the May 6th emails or the voicemail.

8. On May 9, 2011, counsel for VocalSpace, again, asked counsel for Defendants when it could expect feedback regarding the draft closing documents and stated that it may seek relief from the Court if necessary:

> Ernie,
>
> It has been over a week since I sent you draft settlement documents. I believe our deadline under the settlement memo is this Friday. Please get in touch with me to discuss the settlement documents, as we would like to avoid seeking additional time from the Court.
>
> Neal

*See* May 9, 2011 Emails, attached hereto as Exhibit D. Counsel for Defendants finally responded to counsel for VocalSpace on May 9th, stating that it may be necessary to seek additional time from the Court. *Id*.

9. That day VocalSpace filed its Emergency Motion for Settlement Conference. (Doc. No. 223).

10. The following day, the Court ordered the parties to appear on May 27th. (Doc. No. 224).

11. Later that day, counsel for VocalSpace sent counsel for Defendants an email asking if it would be possible to obtain feedback from Defendants within the following few days:

> Ernie,
>
> In light of the Court's ruling, do you think you will be able to provide feedback on the documents early next week?
>
> Neal

*See* May 10, 2011, Emails, attached hereto as Exhibit E. Defendants' Counsel responded, indicating that feedback would be provided shortly. *Id*. However, no feedback was provided.

12. One week later, on Wednesday, May 17, 2011, counsel for VocalSpace, again, sent counsel for Defendants an email asking when feedback will be provided. *See* May 17-20, 2011, Emails, attached hereto as Exhibit F. Defendants' Counsel responded, stating that he expected to provide feedback by the end of the week. *Id*.

13. Fearing that further delays would impact the ability of the parties to make progress before the scheduled hearing, counsel for VocalSpace requested that feedback be provided sooner, stating:

> Ernie,
>
> If we can start discussing the agreements early, we may be able to avoid involving Judge Mazzant on the 27th. You have now had drafts of the proposed settlement agreement and agreed judgment for nearly three weeks. You have had drafts of the IP transfer agreement and domain name transfer agreement for nearly two weeks. Please give us whatever comments you can by the end of the day today so that we can work through as much as possible before the 27th.
>
> Neal

*Id*.

14. Receiving no response, counsel for VocalSpace, again, requested that comments be provided as soon as possible:

> Ernie,
>
> We still have not received any comments on the proposed settlement documents. Please provide feedback as soon as possible so we can try to resolve issues before the 27th.
>
> Thanks,
>
> Neal

*Id*.

15. Defendants' Counsel responded stating that he "hoped" to have feedback with in the following few days. *Id*.

16. VocalSpace's Counsel, again, requested that feedback be provided as soon as possible:

> Ernie,
>
> As we stated before, the earlier we can get feedback, the more likely we will be able to avoid involving Judge Mazzant. Please get us comments as soon as possible.
>
> Neal

*Id*. Later that day, counsel for VocalSpace reiterated their request for feedback:

**PLAINTIFF'S RESPONSE TO MOTION FOR WITHDRAWAL OF COUNSEL--Page 5**

> Ernie,
>
> We still have not received your feedback. Please give us your comments as soon you can so that we can resolve as many issues as possible before the 27th.
>
> Neal

*Id*.

17. The following day, May 20, 2011, Defendants' Counsel indicated that he would provide feedback by the end of the day. *Id*. However, later that day he conferred with counsel for VocalSpace regarding his Motion for Withdrawal and the filed his motion. On that date, he also informed counsel for VocalSpace that Defendant Lorenso will be leaving the country for an extended work assignment starting on June 1, 2011.

18. As purported "good cause" for permitting his withdrawal, counsel for Defendants merely states that "Lorenso and Larkspark will not follow the advise and direction of counsel." Doc. No. 225 at 1.

### III. THE MOTION FOR WITHDRAWAL SHOULD BE DENIED

### A. THERE IS NO GOOD CAUSE FOR PERMITTING WITHDRAWAL

Defendants' Counsel's Motion for Withdrawal should be denied because it does not identify good cause. In support of the motion, Defendants' Counsel merely states that "Lorenso and Larkspark will not follow the advise and direction of counsel." Doc. No. 225 at 1. However, "an attorney who has once agreed to represent a client should not be permitted to abandon his responsibilities merely because he is unhappy with the nature of the relationship with the client." *Streetman v. Lynaugh*, 674 F. Supp. 229, 235 (E.D. Tex. 1987). Furthermore, "The attorney seeking to withdraw must establish that his client consents or that a valid and compelling reason exists for the court to grant the motion over an objection." *Stafford v. Mesnick*, 63 F.3d 1445, 1448 (7th Cir. 1995). "Unless there is a demonstrated conflict of interests

or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion to withdraw." *United States v. Cole*, 988 F.2d 681, 683 (7th Cir. 1993). Here, counsel for Defendants has not alleged a total lack of communication or an other good cause for permitting withdrawal. Rather, he has merely alleged difficulty in the nature of the relationship with his clients. Therefore, there is no good cause for permitting withdrawal.

**B.    EVEN IF GOOD CAUSE EXISTED, THE MOTION SHOULD BE DENIED**

Even where good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981). Before permitting counsel to withdraw, Courts consider: (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take-and the financial burden it would impose on-the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice. *See Johnson v. California Department of Corrections and Rehabilitation*, No. 1:09-CV-00502-OWW-SMS, 2009 WL 2447705, at *1 (E.D. Cal. August 7, 2009).

Here, permitting Defendants' Counsel to withdraw at the 11th hour will cause undue delay. The parties have agreed to settlement terms and are merely waiting to execute closing documents. Present counsel was heavily engaged in the settlement negotiations and has in-depth knowledge of the settlement agreement. A change in counsel will only cause unnecessary delays that can be avoided if the motion is denied because present counsel's knowledge of the settlement agreement will promote an expeditious resolution to this matter. Further, since

Defendants oppose the motion, it is likely that the time it will take for Defendants to find substitute counsel with cause additional delay. Also, due to the fact that the matter is essentially settled, the financial burden on Defendants' Counsel in the event the motion is denied will be minimal. Further, and most importantly, VocalSpace will be prejudiced if withdrawal is permitted. Since Defendant Lorenso is planning to leave the country on June 1, 2011, it is imperative that the closing documents be executed soon. The delay caused by withdrawal will jeopardize the execution of the settlement documents. Therefore, the motion for withdrawal should be denied.

## IV.   CONCLUSION

The Motion for Withdrawal of Counsel should be denied. There is no good cause for permitting withdrawal. Furthermore, even if good cause existed, the motion should still be denied. Additionally, the Court should order that Defendant Lorenso remain within the United States until the closing documents are executed.

Respectfully submitted,

/s/ Brian A. Colao
Brian A. Colao
Texas Bar No. 00793528
bcolao@dykema.com
Neal Massand
Texas Bar. No. 24039038
nmassand@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 2400
Dallas Texas 75201
(214) 462-6400 - Telephone
(214) 462-6401 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 24, 2011.

                                         /s/ Brian A. Colao
                                         Brian A. Colao