# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| VOCALSPACE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:09-cv-00350 |
| | § | |
| DANIEL D. LORENSO and | § | |
| LARKSPARK CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS

Plaintiff, VocalSpace LLC files this Emergency Motion for Sanctions, and, in support thereof, respectfully shows this Court as follows:

### I. INTRODUCTION AND SUMMARY OF FACTS

Defendants should be sanctioned for their dilatory and bad-faith conduct during the settlement process. The parties in this case entered into a Binding Settlement Memorandum ("Settlement Memo") on March 13, 2011. The Settlement Memo explicitly states, "This is a binding mediated settlement that will be replaced by a more substantive final settlement agreement complete with injunctions and other documents." Settlement Memo at 1.6. Accordingly, this Court entered an Order regarding closing documents setting a specific deadline for submitting closing documents necessary for removing this case from the docket. Well in advance of that deadline, VocalSpace sent Defendants draft closing documents.

VocalSpace repeatedly attempted to communicate with Defendants to obtain feedback regarding the draft documents, but these attempts were ignored. Therefore, VocalSpace filed its

Emergency Motion for Settlement Conference. The Court set the settlement conference for May 27, 2011, but it was later moved to May 21, 2011. After the Court's setting, VocalSpace, again, made repeated attempts to communicate with Defendants to obtain feedback. However, no feedback was provided until approximately two weeks later, on May 26, 2011.

On March 31, 2011, the Court conducted a settlement conference during which all of Defendants then identified issues with the draft documents were discussed. At the settlement conference, both in and out of the presence of the judge, the parties resolved their disputes. Prior to concluding the conference, the Court repeatedly asked the parties if they had any additional issues and they confirmed that they did not. The Court ordered that the closing documents be executed by noon on June 2nd or that the parties appear at 3:00 p.m. on that date.

VocalSpace's Counsel agreed to make the necessary changes to the documents and provide the documents to Defendants, which was done before 4:30 p.m. on March 31st. *See* March 31st Email, attached hereto as Exhibit A. Counsel for VocalSpace, again, called Counsel for Defendants several times follow up. Counsel for VocalSpace also sent a follow-up Email. *See*, June 1st Email, Attached hereto as Exhibit B. The calls and Email were not responded to until 11:30 p.m. on the night of June 1st. In that Email, Defendants raised entirely new issues with closing documents. The issues raised, in some cases, pertains to language that was provided to Defendants over one month ago and, in all cases, to language that was provided well in advance of the settlement conference. Furthermore, there is simply no logical basis for the issues now raised by Defendants. It appears that Defendants are simply refusing to execute the closing documents to create hardship for VocalSpace. Accordingly, Defendants should be sanctioned for their dilatory and bad-faith conduct during the settlement process.

## II.    DEFENDANTS' ISSUES ARE BELATED AND/OR HAVE NO BASIS

### A.    Defendants' Attempts To Remove Prohibitions Against Derivative Works

In their eleventh hour email, Defendants attempt to delete any prohibitions against the creation of derivative works from the closing documents. The provisions they propose to delete were in the closing documents sent to Defendants on May 1st and have not been altered since. When directly asked by the Court if they had additional issues with the closing documents at the settlement conference, Defendants made no mention of the prohibitions against the creation of derivative works. Defendants attempt to raise prohibitions against derivative works now is simply a bad-faith attempt to create hardship for VocalSpace.

Defendants' bad-faith is underscored by the fact that there is no logical basis for the proposed deletions. The Settlement Memo specifically stated that the final settlement agreement would be more substantive than the Memo itself. The specific prohibitions against derivative works add necessary substance to the more general prohibitions in the Settlement Memo. Further, defendants' counsel has stated to VocalSpace's counsel that he does not intend to create derivative works. Therefore, it seems likely that Defendants are simply being obstinate to create hardships for VocalSpace.

### B.    Defendants' Attempts to Remove Their Release Of The Pubclip.com Code

Defendants' also attempt to remove their release of the Pubclip.com Code from the Release and Disclaimer of Ownership contemplated by the settlement agreement. Defendants did not raise this issue before the Court. The proposed deletion, in fact, tracks the language of the settlement agreement and is merely intended to provide a stand alone, non-confidential document to perfect ownership. Such a document may be necessary for the purpose of corporate transactions. Defendants have provided no explanation for why they will not execute this release. In fact, the terms of the Release and Disclaimer of Ownership are identical to those in

the confidential settlement agreement. Therefore, it seems likely that Defendants are simply being headstrong to create hardships for VocalSpace.

**C.     Defendants' Attempts To Limit The Intellectual Property Assignment**

The binding settlement memorandum specifically defines "pubclip.com code" as "including, but not limited to" all of Lorenso or Larkspark's code and schema that was produced in this action and that was utilized by pubclip.com that exists on the date that the assignment is executed or any code or schema utilized by pubclip.com that existed prior to the date the assignment is executed. Without explanation, Defendants now attempt to remove the "including, but not limited to" language. This issue, like those described above, is simply an attempt to create hardship for VocalSpace.

## IV.     CONCLUSION

The Court should sanction Defendants in at least the amount of $2000.00 for their dilatory and bad-faith tactics during the settlement process. Further, in keeping with VocalSpace's recently filed Motion to Compel, Defendant Lorenso should be compelled to remain in the U.S. until the closing documents are executed.

Respectfully submitted,

/s/ Brian A. Colao
Brian A. Colao
Texas Bar No. 00793528
bcolao@dykema.com
Neal Massand
Texas Bar. No. 24039038
nmassand@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 2400
Dallas Texas 75201
(214) 462-6400 - Telephone
(214) 462-6401 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 2, 2011.

/s/ Brian A. Colao
Brian A. Colao

**CERTIFICATE OF CONFERENCE**

Counsel for VocalSpace, Neal G. Massand, conferred with counsel for Defendants, Ernest P. Nycz, regarding the foregoing on June 2, 2011. Counsel for Defendants informed counsel for VocalSpace that Defendants are opposed to the requested relief.

/s/ Brian A. Colao
Brian A. Colao